IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BLAINE SHAW, et al.,** ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 19-1343-KHV |
| ) | |
| **HERMAN JONES, in his official capacity** ) | |
| **as Superintendent of the Kansas** ) | |
| **Highway Patrol, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On January 30, 2020, Blaine Shaw, Samuel Shaw and Joshua Bosire, on behalf of themselves and others similarly situated, filed an amended complaint against Kansas Highway Patrol ("KHP") Superintendent Herman Jones, and KHP troopers Doug Schulte and Brandon McMillan,[1] alleging that based on their travel origins and destinations, defendants subjected them to prolonged detentions and vehicle searches. First Amended Complaint – Class Action (Doc. #7). Pursuant to 42 U.S.C. § 1983, plaintiffs sue defendants for violating their rights under Article IV and the Fourth and Fourteenth Amendments to the United States Constitution, and seek compensatory and punitive damages, and declaratory and injunctive relief. This matter is before the Court on plaintiffs' Motion To Strike Settlement Offer (Doc. #30) filed April 10, 2020. For reasons stated below, the Court overrules plaintiffs' motion.

---

[1] Plaintiffs sue Jones in his official capacity, and sue Schulte and McMillan in their individual capacities.

**Factual And Procedural Background[2]**

Pursuant to 42 U.S.C. § 1983, plaintiffs bring the following claims:

- Count 1: Class action claim that Jones violated their Fourth Amendment rights by maintaining a practice of detaining drivers using innocent indicia of travel, and training KHP troopers to do so.

- Count 2: Class action claim that Jones violated their rights to travel under the Privileges and Immunities Clauses of Article IV, Section 2 and the Fourteenth Amendment by creating and enforcing a policy to target vehicles with out-of-state license plates.[3]

- Count 3: Each plaintiff claims that Schulte violated his Fourth Amendment right to be free from unreasonable searches and seizures.

- Count 4: Bosire claims that McMillan violated his Fourth Amendment right to be free from unreasonable searches and seizures.

First Amended Complaint – Class Action (Doc. #7).

On March 27, 2020, pursuant to Rule 68, Fed. R. Civ. P., Schulte served offers of judgment on Blaine and Samuel Shaw ("the Shaws"). Memorandum In Support Of Motion To Strike Settlement Offer (Doc. #31) filed April 10, 2020. The Shaws rejected the offers. Id. at 3. On April 10, 2020, all three plaintiffs filed this motion requesting that the Court strike Schulte's offer as improper and not subject to Rule 68, Fed. R. Civ. P. Id.; see also Motion To Strike Settlement Offer (Doc. #30).

---

[2] The Court incorporates the factual background from its order on Jones' motion to dismiss. Memorandum And Order (Doc. #36) filed May 1, 2020.

[3] In the heading of Count 2, plaintiffs also purport to bring their privileges and immunities claims under the Fourth Amendment. The Court construes these claims as limited to Article IV and the Fourteenth Amendment.

**Legal Standard**

The Court has broad inherent power to manage the proceedings and affairs before it.  <u>Sally Beauty Co. v. Beautyco, Inc.</u>, 372 F.3d 1186, 1191 (10th Cir. 2004).  These inherent powers are those which are necessary to the exercise of all others.  <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43 (1991).  In addition to the Court's inherent powers, the Federal Rules of Civil Procedure specifically authorize the Court's power to manage proceedings.  <u>See, e.g.</u>, Fed. R. Civ. P. 12(f) (power to strike pleadings).  In the context of class actions, the Federal Rules also grant the Court broad oversight authority over parties, pleadings and proceedings.  Fed. R. Civ. P. 23.  When exercising these powers, the Court should construe the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

**Analysis**

As the Court noted, multiple causes of action relate to plaintiffs' motion.  The named plaintiffs are putative class representatives in their class action against Jones.  They also maintain individual claims against Schulte in his individual capacity.  Schulte served Rule 68 settlement offers on the Shaws—two of the three named plaintiffs in the claims against Schulte.  After the Shaws rejected Schulte's offers of judgment, all three named plaintiffs filed this motion to strike them, arguing that the offers are improper in the context of their class action.  This Court has not yet addressed whether motions to strike Rule 68 offers are appropriate in this context.  Because this is an issue of first impression for the Court, a background of Rule 68 and how it applies to class actions helps inform the Court's analysis.

**I.    Background Of Rule 68**

Under the Federal Rules, a party defending a claim may serve on an opposing party an offer to allow judgment on specific terms.  Fed. R. Civ P. 68.  If the offeree rejects a Rule 68 offer

and the amount awarded at trial is less than the offer, the offeree must pay the costs which the offeror incurred after the offer was made. Id.; see also Lucero v. Bureau of Collection Recovery, Inc., 639 F.3d 1239, 1243 (10th Cir. 2011). The "plain purpose of Rule 68 is to encourage settlement and avoid litigation." Marek v. Chesny, 473 U.S. 1, 5 (1985); see Warren Power & Mach., Inc. v. Bemis Constr., Inc., Nos. 02-14893, 03-5132, 2005 Bankr. LEXIS 961, at *30 (Bankr. D. Kan. May 13, 2005) ("The obvious purpose of the Rule is to facilitate settlement by forcing plaintiffs to carefully consider the substance of offers before they accept or reject them and by penalizing plaintiffs whose view of the value of their cases is later not shared by the finder of fact at trial.").

## II.     Class Actions And Rule 68

In the context of class actions, Rule 68 offers of judgment may create tension at the expense of named plaintiffs. Rule 68 gives class action defendants "two distinct means of exerting 'pick off' pressure on a putative class representative: trying to moot a plaintiff's individual claims by offering full recovery or threatening the plaintiff with Rule 68's cost-shifting provision." Jack Starcher, Addressing What Isn't There: How District Courts Manage the Threat of Rule 68's Cost-Shifting Provision in the Context of Class Actions, 114 Colum. L. Rev. 129, 139 (2014).

When a named plaintiff accepts a Rule 68 offer that provides full recovery, plaintiff's claim may become moot. See, e.g., Mavris v. RSI Enters., 303 F.R.D. 561, 563 (D. Ariz. 2014) (class action defendants use Rule 68 offers as strategy to pick off putative class representatives). Thus, when a putative class representative accepts a Rule 68 offer, courts must analyze whether the entire class action is moot and if not, whether plaintiff has standing to continue as class representative. See, e.g., Sosna v. Iowa, 419 U.S. 393 (1975) (addressing mootness of class action in relation to Rule 68 offers to named plaintiffs); Genesis HealthCare Corp. v. Symczyk, 569 U.S. 66 (2013)

(same).  Many courts, including the Tenth Circuit, have held that so long as the named plaintiff continues to diligently pursue class certification, a Rule 68 acceptance of full recovery does not automatically moot the class action.  See Lucero v. Bureau of Collection Recovery, Inc., 639 F.3d 1239 (10th Cir. 2011); Pitts v. Terrible Herbst, Inc., 653 F.3d 1081 (9th Cir. 2011); Sandoz v. Cingular Wireless LLC, 553 F.3d 913 (5th Cir. 2008).

Even if an acceptance of judgment does not render the class action moot, the offer may create a conflict of interest.  The cost-shifting provision of Rule 68 creates potential liability for the putative class representative who receives the offer.  Fed. R. Civ. P. 68(d).  If final judgment is less than an unaccepted offer, the class representative will be liable for all of defendant's costs, but she must share recovery with the rest of the class.  See, e.g., Gay v. Waiters' & Dairy Lunchmen's Union, 86 F.R.D. 500, 502-03 (N.D. Cal. 1980).  This Rule 68 offer of judgment forces the class representative "to weigh her own interest in avoiding personal liability for costs under Rule 68 against the potential recovery of the class."  Zeigenfuse v. Apex Asset Mgmt., L.L.C., 239 F.R.D. 400, 402 (E.D. Pa. 2006).

### III.    Addressing Tension Between Class Actions and Rule 68

Courts and commentators have debated various ways to address these tensions.  See Mavris, 303 F.R.D. 561 (collecting and analyzing cases); Starcher, supra (same); 13 Moore's Federal Practice § 68.04A (3d ed. 2020) (discussing various approaches courts use to address Rule 68 offers of judgment in class actions).  To some courts, Rule 68 offers are generally incompatible with class actions.  See e.g., Schaake v. Risk Mgmt. Alts., Inc., 203 F.R.D. 108, 112 (S.D.N.Y. 2001); Martin v. Mabus, 734 F. Supp. 1216, 1222 (S.D. Miss. 1990).  The United States Supreme Court and the Tenth Circuit Court of Appeals, however, have recognized that Rule 68 offers are generally applicable in class actions.  See Marek, 473 U.S. at 11 ("[W]e are convinced that

applying Rule 68 in the context of a § 1983 action is consistent with the policies and objectives of § 1988. Section 1988 encourages plaintiffs to bring meritorious civil rights suits; Rule 68 simply encourages settlements. There is nothing incompatible in these two objectives."); Lucero, 639 F.3d at 1244 (Federal Rules do not expressly limit application of Rule 68 in class actions).

In some cases, class action plaintiffs urge the court to address potential conflicts of interest by striking Rule 68 offers of judgment as improper. Some courts have granted these motions, thus removing the potential cost-shifting burden. See, e.g., Mavris 303 F.R.D. at 563-66; Jenkins v. Gen. Collection Co., 246 F.R.D. 600, 603 (D. Neb. 2007). Other courts have denied these motions because Rule 68 offers of judgment are not filed until defendant seeks to recover costs; thus, the record contains nothing to strike. See, e.g., McDowall v. Cogan, 216 F.R.D. 46, 51-52 (E.D.N.Y. 2003); Bryant v. Bonded Accounts Servs., No. 00-1072, 2000 U.S. Dist. LEXIS 22309, at *12 (D. Minn. Aug. 2, 2000); see also 13 Moore's Federal Practice § 68.04A (3d ed. 2020).

## IV.     Whether The Court Should Strike Schulte's Rule 68 Offers

Plaintiffs urge the Court to strike the offers of judgment because they are transparent attempts to pick off the class representatives in this action. Memorandum in Support of Motion to Strike (Doc. #31) at 2, 5-6. This argument lacks merit. First of all, Schulte is not a class action defendant. The Shaws only sue Schulte in Count 3, which seeks compensatory and punitive damages arising from a 2017 traffic stop. Schulte's offers of judgment only apply to these individual claims.

Plaintiffs also argue that Schulte's offers of judgment create a conflict of interest between them and other members of the putative class. Memorandum in Support of Motion to Strike (Doc. #31) at 6-7. This argument is also without merit. The type of conflict that plaintiffs address arises when a putative class action representative rejects a Rule 68 offer of judgment from a class

action defendant. Here, Schulte is not a class action defendant and the Shaws' potential cost-shifting liability would apply only to Count 3. The Court recognizes that a cost allocation issue may arise because Schulte only offered to settle with the Shaws, and Bosire also has claims against Schulte arising from a different traffic stop. This allocation issue is not related to the underlying tension, however, between class actions and Rule 68 offers.

In sum, Schulte's offers of judgment are not improper. Plaintiffs' motion rests solely on the potential impact that the offers would have on their class action claims. Schulte's offers of judgment do not apply to the class action claims, so plaintiffs' motion should be overruled.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Strike Settlement Offer (Doc. #30) filed April 10, 2020 is **OVERRULED**.

Dated this 7th day of May, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge