## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BLAINE SHAW, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-1343-KHV |
| | ) | |
| HERMAN JONES, in his official capacity | ) | |
| as Superintendent of the Kansas | ) | |
| Highway Patrol, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On January 30, 2020, Blaine Shaw, Samuel Shaw and Joshua Bosire, on behalf of themselves and others similarly situated, filed an amended complaint against Kansas Highway Patrol ("KHP") Superintendent Herman Jones, and KHP troopers Doug Schulte and Brandon McMillan,[1] alleging that based on their travel origins and destinations, defendants subjected them to prolonged detentions and vehicle searches.  First Amended Complaint – Class Action (Doc. #7). Pursuant to 42 U.S.C. § 1983, plaintiffs sue defendants for violating their rights under Article IV and the Fourth and Fourteenth Amendments to the United States Constitution, and they seek compensatory and punitive damages, and declaratory and injunctive relief.[2]  This matter is before the Court on the Motion To Dismiss Punitive Damage Claims (Doc. #22) which Schulte and McMillan filed on April 1, 2020.  For the reasons stated below, the Court overrules their motion.

---

[1] Plaintiffs sue Jones in his official capacity, and sue Schulte and McMillan in their individual capacities.

[2] The Court incorporates the factual background from its order on Jones' motion to dismiss.  Memorandum And Order (Doc. #36) filed May 1, 2020.

## Legal Standards

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face.  Id. at 679-80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To determine whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense.  Iqbal, 556 U.S. at 679.  Plaintiffs make a facially plausible claim when they plead factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged.  Id. at 678.  However, plaintiffs must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability.  Id. (quoting Twombly, 550 U.S. at 557).  Where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not "shown" – that the pleaders are entitled to relief.  Id. at 679.  The degree of specificity necessary to establish plausibility and fair notice depends on context; what constitutes fair notice under Fed. R. Civ. P. 8(a)(2) depends on the type of case.  Robbins v. Okla., 519 F.3d 1242, 1248 (10th Cir. 2008).

The Court need not accept as true those allegations which state only legal conclusions.  See Iqbal, 556 U.S. at 678; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Rather, plaintiffs bear the burden of framing their complaint with enough factual matter to suggest that they are entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements.  Twombly, 550 U.S. at 556.  A pleading that offers labels and conclusions,

a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand.  Iqbal, 556 U.S. at 678.

## Analysis

Plaintiffs sue Schulte and McMillan ("the Troopers") for violating their rights to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution.[3]  Plaintiffs seek compensatory and punitive damages, attorneys' fees and costs and any further relief that the Court deems just and equitable.  The Troopers assert that plaintiffs' allegations are insufficient to recover punitive damages.

Under 42 U.S.C. § 1983, plaintiffs can recover punitive damages when they show that defendants' conduct was "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  Eisenhour v. Cty., 897 F.3d 1272, 1280-81 (10th Cir. 2018) (citations omitted).  This does not mean that defendants must engage in "egregious misconduct" or even "any intentional misconduct beyond that required" for compensatory damages.  Id. at 1281.  Instead, it is defendants' mental states – not the scope of the harm – that triggers liability for punitive damages.  Id.  Accordingly, defendants can be liable for punitive damages if they acted in the face of a perceived risk that their actions will violate federal law.  Id.

Here, the Troopers assert that plaintiffs' allegations are insufficient to establish the mental state required for punitive damages.  Specifically, the Troopers argue that "[t]here is nothing alleged in the Complaint which distinguishes this case from any post-traffic stop detention a plaintiff alleg[es] is unconstitutional."  Memorandum In Support Of Motion To Dismiss Punitive

---

[3]      All three plaintiffs sue Schulte (Count 3), while only Bosire sues McMillan (Count 4).

Damage Claims (Doc. #23) filed April 1, 2020.  Framing it as the only allegation in the second amended complaint that relates to punitive damages, the Troopers cite a portion of the prayer for relief, which seeks punitive damages against the Troopers "*to the extent* their liability is based on reprehensible actions and/or inaction undertaken in their individual capacities."  First Amended Complaint – Class Action (Doc. #7) at ¶ 141 (emphasis added).  The Troopers assert that plaintiffs' "to the extent" language is far too conclusory to establish the mental state required for punitive damages.

This argument is frivolous.  The Troopers' selective focus on plaintiffs' prayer for relief ignores the long list of allegations which plausibly show that the Troopers acted "in the face of a perceived risk" that their conduct violated plaintiffs' constitutional rights.  Eisenhour, 897 F.3d at 1281.  Bosire specifically alleges that even though Schulte and McMillan knew that they lacked reasonable suspicion to do so, they conspired to further detain him and search his vehicle based on his travel plans.  First Amended Complaint – Class Action (Doc. #7) at ¶ 61 (defendants detained plaintiffs and searched their vehicles based on travel plans), ¶ 68 ("When Defendant Schulte arrived, Defendant McMillan conceded twice that he did not smell drugs in the car and did not believe he could hold Mr. Bosire for a canine search."), ¶ 69 ("Defendant Schulte encouraged Defendant McMillan to try to obtain consent from Mr. Bosire."), and ¶ 71 ("Defendant McMillan then asked Mr. Bosire for consent to search his car.  When Mr. Bosire refused, Defendant McMillan stated that he was calling a canine unit.").

In other words, plaintiffs do not allege merely that the Troopers acted "in the face of a perceived risk" that they were violating Bosire's constitutional rights; they *knew* they were doing so.  See United States v. Berg, No. 18-3250, 2020 WL 1870417, at *3 (10th Cir. Apr. 15, 2020) (officer may detain driver without consent once initial purpose of traffic stop has ended if during

stop, officer develops objectively reasonable and articulable suspicion that driver is engaged in some illegal activity); see also United States v. Guerrero, 472 F.3d 784, 787-88 (10th Cir. 2007) (that individual was travelling from drug-source state "does little to add to the overall calculus of suspicion," and is "so broad as to be indicative of almost nothing").  These claims plausibly allege the mental state required for punitive damages.

The same is true with respect to Blaine and Samuel Shaw.  First Amended Complaint – Class Action (Doc. #7) ¶ 61 (defendants detained plaintiffs and searched their vehicles based on travel plans).  They allege that during their initial stop, Schulte twice noted that they were Oklahoma residents.  After giving Blaine a ticket, Schulte executed the Kansas Two Step and asked Blaine about his travel plans.  When Blaine told him that he was traveling to Denver, Colorado, Schulte immediately inquired about weapons and drugs, and ultimately asked to search the vehicle.  When Blaine refused, Schulte told the Shaws that he was detaining them for a canine search "because he refused to consent to a search." Id. at ¶ 85.  These allegations plausibly show that despite knowing that he lacked reasonable suspicion to do so, Schulte prolonged the Shaws' detention and searched their vehicle.  See Berg, 2020 WL 1870417, at *3; see also Guerrero, 472 F.3d at 787-88.  Adding insult to injury, when Schulte failed to find any illicit drugs, he further prolonged the detention by ordering the Shaws to follow him to the station to "make copies of [Blaine's] medical paperwork." Id. at ¶ 88.  In other words, plaintiffs allege that Schulte continued to detain them long after he had already eliminated any possible basis to suspect illegal activity. At this stage, these allegations are more than enough to show the mental state required for punitive damages.

**IT IS THEREFORE ORDERED** that Schulte's and McMillan's Motion To Dismiss Punitive Damage Claims (Doc. #22) filed April 1, 2020 is **OVERRULED**.

Dated this 7th day of May, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge