IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BLAINE FRANKLIN SHAW, et al.,**  )<br>  )<br>     **Plaintiffs,**  )<br>  )<br>v.  )<br>  )<br>**HERMAN JONES, in his official capacity as**  )<br>**the Superintendent of the Kansas Highway**  )<br>**Patrol, et al.,**  )<br>     **Defendants.**  )<br>_____)<br>  )<br>**MARK ERICH, et al.,**  )<br>  )<br>     **Plaintiff,**  )<br>v.  )<br>  )<br>**HERMAN JONES, in his official capacity as**  )<br>**the Superintendent of the Kansas Highway**  )<br>**Patrol, et al.,**  )<br>  )<br>     **Defendants.**  )<br>_____) | CIVIL ACTION<br><br>No. 19-1343-KHV<br><br><br><br><br><br><br><br>CIVIL ACTION<br><br>No. 20-1067-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Douglas Schulte's Motion For Leave To File Certain Audio/Video Files Conventionally And Under Seal (Doc. #146) filed April 23, 2021. For reasons stated below, the Court sustains defendant's motion in part and overrules it in part.

Federal courts have long recognized a common-law right of access to judicial records. United States v. Bacon, 950 F.3d 1286, 1292–93 (10th Cir. 2020); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts

are run fairly and that judges are honest.  Crystal Grower's, 616 F.2d at 461–62.  In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties.  Id.; Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011).  The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents.  See Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting Mann, 477 F.3d at 1149).  To do so, the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  Id.; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

Defendant asks the Court for leave to file a copy of certain audio-video files conventionally and under seal in connection with his motion for summary judgment against plaintiffs.  Defendant shall be permitted to conventionally file a disk or disks that contain three data files, which are identified as Exhibits 2a, 2b and 4 for the purpose of defendant's motion for summary judgment.  The Court sustains defendant's motion to file a copy of certain audio-video files conventionally.

Defendant does not explain, however, how his interest in non-disclosure of the audio-video files outweighs the public interest in open courts.  See Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality outweighs presumption of public access).  Defendant states that the audio-video files produced in discovery were identified as "confidential" to receive protection under the parties' Agreed Protective Order and that "[p]laintiffs want the video and audio to remain

-3-

confidential and subject to the protective order."  Motion For Leave To File Certain Audio/Video Files Conventionally And Under Seal (Doc. #146) at 2–3; Agreed Protective Order (Doc. #51).  Defendant does not provide any other reason why the audio-visual files should be sealed.  The Agreed Protective Order states that when filing confidential information, "[n]othing in this Order will be construed as a prior directive to allow any document to be filed under seal."  Agreed Protective Order (Doc. #51) at 6.  Further, the "mere designation of information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets."  Id.  Because defendant does not articulate a real and substantial interest that justifies depriving the public of access to the records, the Court overrules defendant's motion to seal.

**IT IS THEREFORE ORDERED** that defendant's Motion For Leave To File Certain Audio/Video Files Conventionally And Under Seal (Doc. #146) filed April 23, 2021 is **SUSTAINED in part**.  Defendant shall be permitted to conventionally file a disk or disks that contain three data files, which are identified as Exhibits 2a, 2b and 4 for the purpose of defendant's motion for summary judgment.  Defendant's motion is otherwise **OVERRULED**.

Dated this 5th day of May, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge