IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BLAINE FRANKLIN SHAW, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION |
| HERMAN JONES, in his official capacity as ) | |
| the Superintendent of the Kansas Highway ) | No. 19-1343-KHV |
| Patrol, et al., ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| MARK ERICH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | CIVIL ACTION |
| ) | |
| HERMAN JONES, in his official capacity as ) | No. 20-1067-KHV |
| the Superintendent of the Kansas Highway ) | |
| Patrol, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion For Leave To File Under Seal And Conventionally By Plaintiffs Joshua Bosire, Blaine Franklin Shaw, Samuel James (Doc. #176) filed June 4, 2021. For reasons stated below, the Court sustains plaintiffs' motion in part and overrules it in part.

Federal courts have long recognized a common-law right of access to judicial records. United States v. Bacon, 950 F.3d 1286, 1292–93 (10th Cir. 2020); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461

(10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. Crystal Grower's, 616 F.2d at 461–62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Id.; Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. See Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting Mann v. Boatright, 477 F.3d at 1149). To do so, the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. Id.; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements"). The Court must rely on specific, rather than general, information when deciding to seal. See Bacon, 950 F.3d at 1294.

Plaintiffs ask the Court for leave to file a copy of certain audio-visual files conventionally and under seal in connection with their oppositions to motions for summary judgment. Plaintiffs shall be permitted to conventionally file a disk or disks that contain four data files, which are identified as (1) Exhibits 1 and 6 in connection with their Memorandum In Opposition By Plaintiffs Blaine Franklin Shaw, Samuel James Shaw Re: Motion for Summary Judgment Against The Shaws' Claims (Doc. #177) and (2) Exhibits 5 and 8 in connection with their Memorandum In Opposition By Plaintiff Joshua Bosire Re: Motion for Summary Judgment Against Bosire's Claim (Doc. #178). The Court sustains plaintiffs' motion to file a copy of certain audio-visual files conventionally.

Plaintiffs do not explain, however, how their interest in non-disclosure of the audio-visual

files outweighs the public interest in open courts. See Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality outweighs presumption of public access). Plaintiffs state that the audio-visual files produced in discovery were identified as "confidential" pursuant to the parties' Amended Protective Order because they "constitute personnel records or include 'law enforcement investigative techniques and procedures.'" Motion For Leave To File Under Seal And Conventionally By Plaintiffs Joshua Bosire, Blaine Franklin Shaw, Samuel James (Doc. #176) at 2–3; Amended Protective Order (Doc. #169) at 2–3. Plaintiffs do not provide any other reason why the audio-visual files should be sealed. The Amended Protective Order states that when filing confidential information, "[n]othing in this Order will be construed as a prior directive to allow any document to be filed under seal." Amended Protective Order (Doc. #169) at 6. Further, the "mere designation of information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets." Id. Because plaintiffs do not articulate a real and substantial interest that justifies depriving the public of access to the records, the Court overrules plaintiffs' motion to seal.

**IT IS THEREFORE ORDERED** that the Motion For Leave To File Under Seal And Conventionally By Plaintiffs Joshua Bosire, Blaine Franklin Shaw, Samuel James (Doc. #176) filed June 4, 2021 is **SUSTAINED in part**. Plaintiffs shall be permitted to conventionally file a disk or disks that contain four data files, which are identified as (1) Exhibits 1 and 6 in connection with their Memorandum In Opposition By Plaintiffs Blaine Franklin Shaw, Samuel James Shaw Re: Motion for Summary Judgment Against The Shaws' Claims (Doc. #177) and (2) Exhibits 5 and 8 in connection with their Memorandum In Opposition By Plaintiff Joshua Bosire Re: Motion for Summary Judgment Against Bosire's Claim (Doc. #178). Plaintiffs' motion is otherwise

**OVERRULED**.

Dated this 8th day of July, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
