## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BLAINE FRANKLIN SHAW, et al.,    )
    )
        Plaintiffs,    )
    )
v.    )    **Case No. 19-1343-KHV-GEB**
    )    **(LEAD CASE)**
DOUG SCHULTE, et al.,    )
    )
        Defendants.    )
_____  )
    )
    )
MARK ERICH, et al.,    )
    )
        Plaintiffs,    )
    )
v.    )    **Case No. 20-1067-KHV-GEB**
    )
    )
HERMAN JONES, *KHP Superintendent*,    )
    )
        Defendant.    )
_____  )

## NOTICE AND ORDER TO SHOW CAUSE

On December 19, 2019, Blaine Shaw, Samuel Shaw, and Joshua Bosire, on behalf

of themselves and others similarly situated, initiated their case pro se against Kansas

Highway Patrol ("KHP") Superintendent Herman Jones, and KHP troopers Doug Schulte

and Brandon McMillan, claiming based on their travel origins and destinations, Defendants

subjected them to prolonged detentions and vehicle searches. (No. 19-1343-KHV-GEB;

Compl., ECF No. 1.) The Shaw and Bosire Plaintiffs later engaged counsel and filed a First

Amended Complaint, claiming under 42 U.S.C. § 1983, Defendants violated their rights

under Article IV and the Fourth and Fourteenth Amendments to the United States Constitution. (No. 19-1343-KHV-GEB; ECF No. 7.)

On March 6, 2020, Mark Erich and Shawna Maloney filed a similar case individually and on behalf of the minor child, D.M., against Herman Jones in his official capacity as the Superintendent of the Kansas Highway Patrol as well as an individual Trooper, Justin Rohr. The Erich and Maloney plaintiffs made claims also under 42 U.S.C. §§ 1983 and 1988 against Trooper Rohr for compensatory and punitive damages arising from an alleged prolonged detention and vehicle search. (No. 20-1067-KHV-GEB; Compl., ECF No. 1.) The Erich and Maloney Plaintiffs bring claims against Defendant Jones, in his official capacity, seeking injunctive and declaratory relief to address alleged unconstitutional policies and customs of prolonged detentions and vehicle searches based on travel origins and destinations, which violate their Fourth Amendment rights. (*Id*.) Defendant Rohr was later dismissed from the action. (No. 20-1067-KHV-GEB; Order, ECF No. 26.)

After separate scheduling in each case and an unsuccessful mediation, the Erich/Maloney plaintiffs filed a motion to consolidate the two cases, noting their second claim "merely adopted the allegations in" the *Shaw* matter. (No. 20-1067-KHV-GEB, ECF No. 28.) On November 10, 2020, the cases were consolidated for all purposes, with the *Shaw* matter designated the lead case where all future filings should occur. (No. 19-1343-KHV-GEB, Order, ECF No. 84.)  A Phase II Scheduling Order—governing both cases—set deadlines for class and merits discovery together. (ECF No. 83.) However, following

the establishment of the joint schedule, multiple discovery conferences and modifications to the schedule have occurred to account for difficulties in discovery.

Since the inception of the Erich/Maloney action, No. 20-1067, attorney James T. McIntyre has acted as sole counsel for Mark Erich and Shawna Maloney. However, although Mr. McIntyre has been provided notice from the Court on every filing and notice of hearing held in these consolidated cases, neither Mr. McIntyre nor his clients have appeared for any conference or filed any documents since these matters were consolidated on November 10, 2020. Specifically, there have been no appearances by either Mr. McIntyre or his clients at the last five court hearings, including the January 12, 2021 discovery conference;[1] the April 9, 2021 discovery conference;[2] the May 17, 2021 discovery conference;[3] the motion hearing held July 14, 2021;[4] or the motion hearing held August 10, 2021.[5] During the April 9, 2021 status conference, the Shaw/Bosire Plaintiffs' counsel noted they had not received a response from Mr. McIntyre regarding suggested modifications to the schedule.[6]

The undersigned U.S. Magistrate Judge sent a letter to Mr. McIntyre's law office on

---

[1] *See* Order (No. 19-1343, ECF No. 104).
[2] *See* Order (No. 19-1343, ECF No. 135).
[3] *See* Order (No. 19-1343, ECF No. 162).
[4] *See* Order (No. 19-1343, ECF No. 202).
[5] *See* Order (No. 19-1343, ECF No. 227).
[6] The April 9, 2021 conference was not recorded; however, the Court's own handwritten notes are maintained in the Chambers' file.

July 21, 2021, inquiring as to his and his clients' intentions in this matter.[7]  Said letter was sent by both email and U.S. Mail, and instructed Mr. McIntyre to contact the Court by August 6, 2021. No such contact was received. During the August 10, 2021 conference, counsel for the Shaw/Bosier Plaintiffs and counsel for Defendants confirmed none has received any communication from Mr. McIntyre for many months.[8]

As set forth above, Plaintiffs Mark Erich and Shawna Maloney, through their counsel James T. McIntyre, have failed to appear for significant portions of the life of these consolidated actions. In light of Plaintiffs' complete failure to participate in these most important portions of the case, the Court hereby **ORDERS Plaintiffs Mark Erich and Shawna Maloney**, **through their counsel James T. McIntyre**, to **show cause in writing** to the undersigned U.S. Magistrate Judge on or before **September 10, 2021**, why she should not recommend to the District Judge that the claims by Mark Erich and Shawna Maloney, individually and as the mother and natural guardian of minor D. M. and minor M. M., against defendant Herman Jones in his official capacity as the Superintendent of the Kansas Highway Patrol be dismissed with prejudice for lack of prosecution under Fed. R. Civ. P. 41(b).

This Order shall be sent to James T. McIntyre through electronic noticing and also by certified mail to 6235 West Kellogg Drive, Wichita, KS 67209. This Order shall also

---

[7] Letter to James T. McIntyre from U.S. Magistrate Judge Gwynne E. Birzer, dated July 21, 2021 (maintained in Chambers' file) (copy emailed to Joshua M. Pierson, Sharon Brett, Leslie A. Greathouse, Madison A. Perry, Patrick A. McInerney, and Arthur S. Chalmers).

[8] The August 10, 2021 motion hearing was recorded but a transcript was neither requested nor filed as of the date of this order. (AT&T recording, maintained in Chambers' file.).

be mailed by certified mail to the last known address of Plaintiff Mark Erich, 2605 Logan

Dr., Loveland, Colorado, 80538.[9]

**IT IS SO ORDERED.**

Dated this 11th day of August, 2021.

s/ Gwynne E. Birzer

GWYNNE E. BIRZER
United States Magistrate Judge

---

[9] Neither the Complaint (No. 20-1067, ECF No. 1, *sealed*) nor the Civil Cover Sheet (No. 20-1067, ECF No. 2, *sealed*) contain addresses of either named Plaintiff. Likewise, neither the Planning Report prepared by Mr. McIntyre nor the Plaintiffs' Initial Disclosures contain mailing addresses for either Mark Erich or Shawna Maloney. (Maintained in Chambers file.) The only address evident in the case file is contained in a sealed document attached to the Complaint, which contains the March 2018 address of Mark Erich. (No. 20-1067, ECF No. 1-1, *sealed*.)