# Exhibit 15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BLAINE FRANKLIN SHAW, et al.,

*Plaintiffs*,

v.

HERMAN JONES, et al.

*Defendants*.

**6:19-cv-01343-KHV-GEB**

### SUPPLEMENTAL DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUEST FOR DOCUMENTS TO DEFENDANTS SCHULTE, MCMILLIAN, AND JONES

Pursuant to Fed. R. Civ. P. 34, the Defendants state:

• The following answers employ the definitions expressed in the Plaintiffs' request for production.

• These defendants' responses have complied with the requirements of Fed. R. Civ. P. 26 and 34. They will be supplemented pursuant to the federal rules where appropriate. These Defendants object to Plaintiffs' efforts to expand those requirements by their instructions.

• A copy of requested a document will be produced in pdf format. The copy produced with this response will be delivered or mailed to counsel for plaintiffs at 6701 W. 64th St., Suite 210, Overland Park, KS 66202.

## Responses to Requests

1.      All documents related to the December 20, 2017 stop of Blaine
Franklin Shaw and Samuel Shaw.

Response:

Objection: This request is facially overly broad, and unduly burdensome
because of the use of the omnibus phrase "related to." The request is so broad as
to potentially require production of attorney/client and work product privileged
documents. But even if the confidential documents are removed, there is no
boundary in the request for defendants to know whether they have produced all
responsive documents. Moreover, defendants should not be required to disclose
their or their counsel's mental impressions on what is "related."

Revised Request for Production No. 1:

All documents created during the December 20, 2017 stop of Blaine
Franklin Shaw and Samuel Shaw, including CAD data, CAD indcident reports,
police service dog reports, dispatch transcripts, audio recordings of the detention,
and dash camera footage.

All documents created by Kansas Highway Patrol employees as a result of
the December 20, 2017 stop of Blaine Franklin Shaw and Samuel Shaw that were
created prior to the filing of this lawsuit including any reports entered into the
KLER system, supervisor incident review documents, and evaluation paperwork.

Response:

To the best of the defendants' reasonable inquiry, a copy of all document responsive to the first sentence in the revised request have been produced. But see additionally OAG0010434-441 which are a collect of these records.

To the best of the defendants' inquiry, a copy of all documents responsive to the second sentence in the revised request have been produced, with the exceptions of documents pertaining to a telephone call received by PSU from Mrs. Shaw, see OAG0014982-85.

2.     All documents related to the February 10, 2019 stop of Joshua Bosire, including but not limited to any investigations of the stop.

Response:

Objection: This request is facially overly broad, and unduly burdensome because of the use of the omnibus phrase "related to." The request is so broad as to potentially require production of attorney/client and work product privileged documents. But even if the confidential documents are removed, there is no boundary in the request for defendants to know whether they have produced all responsive documents. Moreover, defendants should not be required to disclose their or their counsel's mental impressions on what is "related."

Revised Request for Production No. 2:

All documents created during the February 10, 2019 stop of Joshua Bosire including CAD data, dispatch transcripts, CAD indcident reports, police service dog reports, and dash camera footage.

All documents created by Kansas Highway Patrol employees as a result of the February 10, 2019 stop of Joshua Bosire that were created prior to the filing of this lawsuit including any reports entered into the KLER system, supervisor incident review documents, and evaluation paperwork.

Response:

To the best of the defendants' reasonable inquiry, a copy of all document responsive to the first sentence in the revised request have been produced. But see additionally OAG0010428-433 which are a collect of these records.

To the best of the defendants' reasonable inquiry, a copy of all documents responsive to the second sentence in the revised request have been produced, with the exceptions some the KHP PSU's file documents pertaining to Bosire's complaints. They are produced, with some redactions and some documents withheld as privileged, *see* OAG008097-738, excluding items shown in the attached amended privilege log that describes documents not being produced or which are being produced only in part.

3.    All documents related to PSU Case #2019-0130.

Response:

Defendants interpret this request to demand production of documents created or collected in the referenced PSU case. Otherwise, is facially overly broad and unduly burdensome as explained in the responses to requests 1 and 2. With that understanding, portions of documents or documents not otherwise already produced that recite "facts" collected in the PSU investigation will be

produced. See the attached amended privilege log for the documents withheld and the applicable privileges.

4.    Defendant Doug Schulte's personnel file.

Response:

Objection: The request is overbroad. Information concerning finances, confidential data and identification (eg social security number), insurance, medical conditions, family, and personal addresses will be withheld or redacted, otherwise a copy of the documents in the personnel file is produced subject to the protective order on file. *See* OAG010600-985.

5.    Defendant Brandon McMillian's personnel file.

Response:

Objection: The request is overbroad. Information concerning finances, confidential data and identification (eg social security number), insurance, medical conditions, family, and personal addresses will be withheld or redacted, otherwise a copy of the documents in the personnel file is produced subject to the protective order on file. *See* OAG010442-599.

6.    All complaints KHP has received alleging an employee improperly targeted a driver for a stop, detention, or search.

Response:

A document providing a list of PSU complaints is produced and bate stamped OAG008766.

7.    All documents used to train, guide, or instruct KHP troopers and employees on what conduct constitutes reasonable suspicion to justify a stop from December 1, 2010 through present.

Response:

Objection: the request is unduly burdensome and not proportional to the extent that if seeks documents from nearly ten years ago. As a practical matter, the request is directed Defendant Jones. He agrees to respond to the request for the time period of June 1, 2016 to present.

See documents produced and bate stamped OAG000031-001864.

A copy of any additional responsive documents has been produced and are bate stamped OAG001871-2386, OAG0010986-14981.

8.    All documents used to train, guide, or instruct KHP troopers and employees on detentions for drug dog sniffs from December 1, 2010 through present.

Amended Response:

Objection: the request is unduly burdensome and not proportional to the extent that if seeks documents from nearly ten years ago. As a practical matter, the request is directed Defendant Jones. He agrees to a partial response to the request for the time period of June 1, 2016 to present.

See documents produced and bate stamped OAG000031-001864. See also response to request number 17.

9. All documents used to train, guide, or instruct KHP troopers and employees on drug interdiction from December 1, 2010 through present.

Amended Response:

Objection: the request is unduly burdensome and not proportional to the extent that if seeks documents from nearly ten years ago. As a practical matter, the request is directed Defendant Jones. He agrees to respond to the request for the time period of June 1, 2016 to present.

See documents produced and bate stamped OAG000031-001864.

A copy of any additional responsive documents has been produced and are bate stamped OAG001871-2386, OAG0010986-14981.

10. All documents referring to the Tenth Circuit's decision in *Vasquez v. Lewis*, including but not limited to training materials, policies, or guidance.

Response:

Objection: The request is unduly burdensome and overbroad in that the documents demanded "referring to" the *Vasquez* decision is not limited to any potential issue concerning the parties' claims or defenses because of the "but not limited to" language in the request. The Tenth Circuit Court of Appeal's opinion in *Vasquez v. Lewis*, 834 F.3d 1132 (10th Cir. 2016), *cert. denied Lewis v. Vasquez*, 137 S. Ct. 1580 (2017), was issued August 23, 2016. Review by the Supreme Court was sought, but was denied on April 17, 2017. Obviously, there are irrelevant attorney client and work product privileged documents covered by the "not limited to language." Moreover, the *Vasquez* decision was listed in the

Amended Complaint in this case. Plaintiffs should not be allowed to probe the communications involving counsel or counsel's mental impressions about the *Vasquez* decision.

These defendants will answer the request by producing documents in KHP training materials, policies, or guidance which refer to *Vasquez*. See documents produced bate stamped OAG000223-26; OAG000350-59. This should not imply that the rules from *Vasquez* or similar decisions are not referenced in other training documents. Moreover, it is believed that an email was circulated informing troopers of the *Vasquez* holdings. The email, however, cannot be recovered because emails during the time period it was sent were deleted under former KHP retention policies, which predate this litigation.

Revised Request for Production No. 10:

All documents referring to the Tenth Circuit's decision in *Vasquez v. Lewis*, created after July 27, 2017, including emails, training materials, policies, trooper reports, professional standards investigation files, memoranda, affidavits, supervisor incident review documents, evaluation paperwork, and guidance.

Response:

The objections previously raised are incorporated. However, see documents produced bate stamped OAG000223-26; OAG000350-59. An email search will be completed and any responsive unprivileged documents located by the search will be produced. *See* attached amended privilege log.

11.     All documents referring to the "Kansas Two-Step," including but not limited to training materials, policies, or guidance.

Response:

The origin of the "Kansas Two-Step" phrase is not clear. To our knowledge, it is not a KHP phrase. These defendants object to plaintiffs' attempt to mischaracterize KHP's policies and practices concerning an attempt, after a traffic stop has concluded, to engage in a consensual interview or, in some instances, to request for consent for a motor vehicle search, either or both, without violating constitutional rights.

Further, the request is unduly burdensome and overbroad in that the documents demand is not limited to any potential issue concerning the parties' claims or defenses because of the "but not limited to" language in the request. When expanded by this language, any case involving an issue about consent provided would include documents "referring" to the "Kansas Two Step" procedures under that labeling. Therefore, there are irrelevant attorney client and work product privileged documents covered by the "not limited to language." Plaintiffs should not be allowed to probe the communications involving counsel or counsel's mental impressions concerning consent to additional questioning or a search. Moreover, just as with the *Vasqusez* decision, the so called two-step is referenced in the Amended Complaint [although plaintiffs' further distort the policy and practice in their allegations there]. Plaintiffs should not be allowed to

probe the communications involving counsel or counsel's mental impressions about the policy and practice as it pertains to this case.

These defendants will answer the request by producing documents in KHP training materials, policies, or guidance which refer to consensual interview/searches. See documents produced bate stamped bate stamped OAG000096-001864.

Revised Request for Production No. 11:

All documents referring to the "Kansas Two-Step," including training materials, policies, guidance, emails, trooper reports, affidavits, supervisor incident review documents, evaluation paperwork, and professional standards investigation files.

Response:

The objections previously raised are and response above is incorporated. However, an email search will be completed and any responsive unprivileged documents located by the search will be produced. *See* amended privilege log.

12.    All communications between and among any KHP employee and the Police Service Dog Unit (PSDU) in which a drug dog was requested.

Amended Response:

Objection: the request is overly broad, unduly burdensome and not proportional. First, the request is not limited to traffic stops. Second, the definition of "communications," among other things, seeks emails and dispatch recordings. An electronic search of email would be very time consuming. A major

hurdle is that the search would produce countless false positives because images in or attached to an email are listed in a search result as "positive" even when none of the search terms are present. Further, the documents demand would reach back to June 1, 2016 [albeit some emails were deleted under document retention policy in place before this litigation]. And, to present knowledge, dispatch recording are not searchable. If k-9 deployment reports can be matched with the date and time of the dispatch recording, they might be identified. But the information on such recordings is either wholly irrelevant to this case or the time and effort to locate and produce the records is not proportional.

Subject to these objections, these defendants have produced k-9 deployment reports, with reports associated with the deployments from June 15, 2015 to present. See OAG002387-8097.

13.     All communications between and among any KHP employee and local law enforcement agency in which a drug dog was requested.

Response:

See response to request number 12, incorporated here by reference.

14.     All documents recording any stop initiated by a KHP trooper where the driver was detained for a drug dog search.

Response:

Objection: the request is overly broad, unduly burdensome and not proportional. First, the request is not limited to traffic stops. Second, the dash records are generally kept at the involved troopers' office so that their collection

and copying would be time consuming and costly. Third, the records may or may not articulate some or all of the trooper's reasonable suspicions. Accordingly, their production will not reasonably lead to evidence or constitute evidence pertaining to the demand for prospective equitable relief.

15.    All documents recording any detention where a driver's license plate was used as a factor to justify reasonable suspicion.

These defendants do not know of any such documents because the license plate alone is not a factor justifying reasonable suspicion. However, while is it possible that the plate could be shown as stolen, it would be extremely time consuming to attempt to search for this possibility and the result would not be relevant to any issue in the case. Moreover, as explained in other responses, identification of the factors showing reasonable suspicion is too case specific and frequently undocumented to allow these defendants to locate the applicable recordings.

16.    All documents recording any detention where a driver's travel origin or destination was used as a factor to justify reasonable suspicion.

These defendants do not know of any such documents because travel origin or destination alone is not a factor justifying reasonable suspicion. Moreover, as explained in other responses, identification of the factors showing reasonable suspicion is too case specific and frequently undocumented to allow these defendants to locate the applicable recordings.

17.     All documents used and relied upon to train and certify canines and handlers in the Police Service Dog Unit.

Objection: the request is overly broad, unduly burdensome, irrelevant and not proportional.

Revised Request for Production No. 17:

All documents used and relied upon to train and certify the canines and handlers that responded to the December 20, 2017 stop of Blaine Franklin Shaw and Samuel Shaw and to the February 9, 2019 stop of Joshua Bosire.

Response:

Objection: the request is overly broad, unduly burdensome, irrelevant and not proportional. However, subject to these objections, these defendants do not have any responsive documents regarding the Bosire stop and regarding the Shaw stop defendants will produce a copy of the training and certification information pertaining to PSD Jaxx and the dog's handler, IW Gray.

18.     All documents entered into Kansas Law Enforcement Reports (KLER) and all reports in the Records Management System (RMS) that reference a drug dog sniff search.

Amended Response:

Objection: on its face the request appears overly broad, unduly burdensome, irrelevant and not proportional. This particularly the case because a copy of the k-9 deployment reports, with other associated reports, from June 15,

2015 to present are produced and bate stamped OAG002387-8097. On present

information KLER and RMS cannot be electronically searched for "dog sniff

searches." And an electronic search for "dog" -OR- "canine" -OR- "k-9" -OR- "k9"

-OR- "k 9" in the KHP employees' emails, just from January 1, 2019 to present,

even when narrowed to only searchable terms, produced 534,892 results and a

document size of 865.04 GB.

19.    All reports submitted to the Kansas Asset Forfeiture Repository.

Amended Response:

All such reports are publically available at

https://kasfr.kbi.ks.gov/res/p/download/.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT
s/ Arthur S. Chalmers
Arthur S. Chalmers, KS S. Ct. #11088
Assistant Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612
Ph: (785) 368-8426
Fax: (785) 291-3707
Email:  art.chalmers@ag.ks.gov
Attorneys for Defendants Schulte and
McMillan

CERTIFICATE OF SERVICE

This is to certify that on this 1st day of September, 2020, I electronically

sent a copy of RESPONSES TO PLAINTIFFS' FIRST SET OF

INTERROGATORIES TO DEFENDANTS SCHULTE, MCMILLIAN, AND JONES

to all counsel of record:

Lauren Bonds
Zal Kotval Shroff
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF KANSAS
Overland Park, KS 66202
Phone: (913) 490-4110
Fax: (913) 490-4119
lbonds@aclukansas.org
zshroff@aclukansas.org

Leslie A. Greathouse
Patrick McInerney
Madison Perry
SPENCER FANE LLP
1000 Walnut, Suite 1400
Kansas City, MO 64106
Office: 816-474-8100
Fax: 816-474-3216
lgreathouse@spencerfane.com
pmcinenry@spencerfane.com
mperry@spencerfane.com

s/ Arthur S. Chalmers