# Exhibit 21

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Blaine Franklin Shaw, *et al.*, | |
| *Plaintiffs*, | **Case No. 19-1343-KHV-GEB** |
| v. | |
| Herman Jones in his official capacity as the Superintendent of the Kansas Highway Patrol, *et al.*, | |
| *Defendants*. | |

| | |
|---|---|
| MARK ERICH, *et al.*, | |
| *Plaintiffs,* | **Case No. 20-1067-KHV-GEB** |
| v. | |
| HERMAN JONES, *KHP Superintendent,* | |
| *Defendants.* | |

### Plaintiff's Notice of Rule 30(b)(6) Video Deposition

Plaintiffs hereby give notice of the deposition of the Kansas Highway Patrol (KHP) to be taken on January 4, 2022 starting at 9:00 a.m. and January 5, 2022 starting at 9:00 a.m., at the office of Defendant's counsel, located at 120 SW 10th Avenue, 3rd Floor, Topeka, Kansas 66612. The deposition will be taken by Alaris Court Reporting. The deposition shall be recorded by stenographic and videographic means before a certified court reporter. The court reporter is authorized by law to administer oaths and to take such deposition.

1


DEPOSITION
EXHIBIT
118
Clark

Pursuant to rule 30(b)(6), KHP should designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf regarding the following topics. Unless otherwise noted, all topics are limited in time from Jan. 1, 2016 through the present:

1.  Any investigations into internal KHP employee complaints regarding improper detentions, searches, or arrests made by any KHP trooper, including the steps taken to investigate and the results of those investigations. This topic is limited in time for the years 2016 through the present and includes, but is not limited to, those listed on OAG008766.

2.  KHP policies, standard procedures, or customs regarding the making, receiving, or investigating of employee complaints of trooper misconduct.

3.  Any litigation or complaints initiated by motorists alleging an unlawful stop, detention, or search by a KHP trooper for the years 2016 through the present.

4.  Formal policies governing or addressing KHP Troopers' use of drivers' state of origin or destination in forming reasonable suspicion to prolong traffic stops or detain motorists. This topic includes, but is not limited to, the drafting, editing, promulgating, and enforcement of the following policies:

    a.  Policy No. ENF-07, Criminal Interdiction Traffic Enforcement (CITE) (OAG000031-OAG000033 and OAG000068-OAG000070)

    b.  Policy No. OPS-39, Criminal Procedures, Arrest, Search, and Seizure (OAG000042-OAG000049 and OAG000087-OAG000094)

    c.  Policy No. ENF-01, Enforcement Guidelines (OAG000050-OAG000058; OAG008210-OAG008218)

2

5.   Informal policies, practices, or customs governing or addressing KHP Troopers' use of drivers' state of origin or destination in forming reasonable suspicion to prolong traffic stops or detain motorists.

6.   For the period 2016 through the present, formal policies governing or addressing KHP Troopers' efforts to obtain consent to search motorist vehicles. This topic includes, but is not limited to, the drafting, editing, promulgating, and enforcement of the following policies:

       a.   Policy No. FOR-52, Consent to Search (OAG000034-OAG000036 and OAG000071-OAG000073 and OAG008247-OAG008249

7.   Any change in formal or informal policies or instructions to officers as a result of *Vasquez v. Lewis*, 834 F.3d 1132 (10th Cir. 2016) or *United States v. Wood*, 106 F.3d 942 (10th Cir. 1997).

8.   Training, instruction, or guidance provided troopers or other KHP employees on the following cases:

       a.   *Vasquez v. Lewis*, 834 F.3d 1132 (10th Cir. 2016).

       b.   *Rodriguez v. United States*, 575 U.S. 348 (2015)

       c.   *Illinois v. Caballes*, 543 U.S. 405 (2004).

       d.   *State v. Schooler*, 308 Kan. 333 (2018)

       e.   *State v. Jimenez*, 308 Kan. 315 (2018)

       f.   *State v. Lowery*, 308 Kan. 359 (2018)

9.   Training, instruction, or guidance provided troopers or other KHP employees on specific factors troopers may consider when evaluating reasonable suspicion to prolong traffic

stops. This topic includes any supervisory personnel's authority or duty to evaluate troopers on this subject.

10. Training, instruction, or guidance provided troopers or other KHP employees on when drug dog sniffs are appropriate. This topic includes any supervisory personnel's authority or duty to evaluate troopers on this subject.

11. Training, instruction, or guidance provided troopers or other KHP employees on the Fourth Amendment. This topic includes any supervisory personnel's authority or duty to evaluate troopers on this subject.

12. Training, instruction, or guidance provided troopers or other KHP employees on what constitutes reasonable suspicion under the Fourth Amendment. This topic includes any supervisory personnel's authority or duty to evaluate troopers on this subject.

13. Training, instruction, or guidance provided troopers or other KHP employees on what constitutes probable cause under the Fourth Amendment. This topic includes any supervisory personnel's authority or duty to evaluate troopers on this subject.

14. Any formal process for the drafting, approval, and review of training materials offered KHP troopers.

15. Drug interdiction training, instruction, or guidance as it relates to traffic stops.

16. Professional Standards Unit (PSU) investigations into KHP troopers as a result of complaints about unlawful traffic stops or prolonged detentions. This topic includes, but is not limited to, the drafting, editing, promulgating, and of the following:

       a. Policy No. ADM-07, Complaint Reporting and Administrative Investigations (OAG008187-OAG008199)

4

      b.  Policy No. FOR-23, Employee Conduct Complaint Investigation File

          Checklist (OAG008233-OAG008234)

      c.  Policy No. FOR-40, Employee Conduct Complaint (HP-161)

          (OAG008242-OAG008246)

17. PSU standards and policies when reviewing allegations of unlawful traffic stops or prolonged detentions.

18. KHP's disciplinary policies and procedures.

19. KHP policies regarding report writing following traffic stops and canine searches.

20. KHP policies regarding data retention and reporting.

21. Regarding the policy Sarah Washburn referenced in her deposition, beginning on page 100, line 15, and which she continued to testify about through page 105, line 4:

      a.  The content of the policy;

      b.  Who was involved in drafting, editing, or reviewing the policy;

      c.  The date the policy was first proposed, and by whom;

      d.  The reason the policy was proposed;

      e.  When the policy will go into effect;

      f.  How it will be disseminated to troopers; and,

      g.  What, specifically, the policy will require or, in its current iteration, requires.

22. KHP budgeting and the impact of roadside seizures on KHP's budget.

23. The drafting, review, and approval process for any given training, including who (by name and title) is involved. This topic includes, but is not limited to, the following policies:

a.  Policy No. ADM-29, Kansas Law Enforcement Reporting (KLER) and Case Number Identification (OAG008204-OAG008207)

b.  Policy No. FOR-27, Electronic citations with digiTICKET (OAG008235-OAG008241)

24.  Regarding the email chains produced as OAG019337-OAG019339; OAG019547-OAG019548; and OAG020078-OAG020079:

a.  The reason Collin Wood was asked to conduct additional training and collaborate with Luther Ganieany;

b.  When Collin Wood was asked to do so;

c.  Who asked him, and if that person received instructions from anyone else, identify that person or persons;

d.  Herman Jones's involvement in scheduling, requesting, or ensuring the additional training referenced in the documents occurred.

e.  If produced, the identity of the training materials themselves by OAG number.

25.  Regarding the email chain produced as OAG020083-OAG020084, what "later issues in litigation" the author of the email was referring to.

26.  Regarding the document produced as OAG020150, who prepared it, why, and for what purpose is it kept? What is the meaning of "Reg State" in three of the column headers, and where did the information contained in the document come from?

27.  The meaning and source of information for each column in the spread sheets produced as OAG026497 through OAG026499.

Respectfully submitted by,

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF KANSAS

s/ Joshua M. Pierson
Sharon Brett                 KS # 28696
Joshua M. Pierson            KS # 29095
Dayla DeLoach                D. Kan # 79000
6701 W. 64th St., Suite 210
Overland Park, KS 66202
Phone: (913) 490-4110
Fax: (913) 490-4119
sbrett@aclukansas.org
jpierson@aclukansas.org
kdeloach@aclukansas.org

and

SPENCER FANE LLP

s/ Madison A. Perry
Leslie A. Greathouse         KS # 18656
Patrick McInerney            KS # 22561
Madison A. Perry             KS # 27144
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Phone: (816) 474-8100
Fax: (816) 474-3216
lgreathouse@spencerfane.com
pmcinerney@spencerfane.com
mperry@spencerfane.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December, 2021, a copy of the foregoing was filed

and served via the Court's electronic filing system on all counsel of record.

s/ Joshua M. Pierson

7