Exhibit 22



DEPOSITION
EXHIBIT
138
Mark 1-22-22
PENDING KS-003-6669

| | SUBJECT | POLICY NUMBER |
|---|---|---|
| | | **ROC-05** |
| | **DISCIPLINE AND/OR CORRECTIVE ACTIONS** | EFFECTIVE DATE |
| | | 01/14/20 |
| | APPLICABLE CALEA STANDARDS | RESCINDS |
| | 12.1.3, 26.1.1, 26.1.4, 26.1.6, A 4.6.3, A 4.6.4, A | **ROC-05** |
| | 4.6.5, A 4.6.6, C 2.1.3, C 3.6.1, C 3.6.4, C 3.6.5, C | DATE |
| | 3.6.6, C 3.6.7, C 3.6.8 | 03/03/17 |

## I.  PURPOSE

To provide disciplinary measures and/or corrective actions as a means to address conduct unbecoming of employees of this agency.

## II.  POLICY

Unbecoming conduct by employees either on or off duty shall not be tolerated.

## III.  GENERAL PROVISIONS (26.1.1)

A.  Employees shall obey all orders, commands, policies, and procedures. They shall not willfully disobey any lawful policy, procedure, command, or order, either written or verbal, from anyone vested with authority by the Superintendent. This includes orders relayed from a superior to the employee by an employee of the same or lesser rank. The senior ranking member present shall be in command, when two or more officers of the same rank are assigned to a special assignment, unless specific instructions have been issued to the contrary.

B.  Employees who receive conflicting orders shall immediately contact their direct supervisor, or in their absence an agency supervisor, for clarification and/or guidance. If the employee believes they have been issued an unlawful order, they shall immediately report their concerns to the next higher ranking officer, in their chain of command. (12.1.3)(C 2.1.3)

C.  No employee shall interfere with the operation or discipline of the agency. They shall not, on any pretense, strike any officer of the agency, draw or lift up any weapon, or offer violence against any employee of the agency if they are executing their official duties.

D.  Gripes and criticism shall be kept strictly within the agency. No officer shall directly criticize or ridicule any official action of any officer of the agency to any person(s) outside the agency. Neither shall they criticize either directly or indirectly the action or orders of any public official, judge, or magistrate. Agency business, and the affairs and conduct of agency officers is confidential and must not be discussed in the presence of non-members, in such a manner or place that it can be overheard by any non-member. Officers must learn to accept constructive criticism and to ignore insults from those with whom they have dealings.

## IV.  SUPERVISOR'S AUTHORITY TO ISSUE CORRECTIVE ACTIONS

A.  Supervisory officers are charged with the responsibility of securing compliance with all rules, regulations, policies, and orders, and have authority to take action for any violation, including but not limited to any of the following ways. (26.1.1)

1.  Counsel (26.1.4 b)

2.  Deny personal requests

3.  Document information for evaluation purposes

4.  Change duty hours or extra duty assignments (does not include shift changes or extra duty for normal administrative or enforcement needs)

5.  Verbal reprimand

Effective: 01/14/20

POLICY ROC-05

6. Written reprimand (Pursuant to KAR 1-13-1a (2), the supervisor should place any letter of rebuttal in the employee's official personnel file, if such rebuttal is submitted within 14 business days of the date of the issued written reprimand).

7. Administrative leave with pay.

8. Recommend suspension or dismissal.

9. Demand repayment for any state property damaged or lost as a result of careless, negligent, or improper use of that state property.

B. Remedial Training and Counseling.

1. As a function of the corrective and disciplinary systems, remedial training and/or counseling may be employed by itself or in conjunction with one or more of the other elements of the corrective action/disciplinary system.

2. Remedial training should be the first option when addressing minor rule violations, inadequate job performance, or deficient work habits.

3. Prior to implementing remedial training or counseling as a function of the corrective/disciplinary system:

   a. A supervisor or commander must believe that the member has an existing problem or is experiencing difficulty understanding or adjusting to matters which apply to one or more of the following:

      1) Job tasks or performance standards;

      2) Policy and procedure;

      3) Interpersonal relationships with the general public or other members;

      4) Personal issues that are negatively affecting the member's work performance;

      5) Any other indication that the member's problem is impairing the member's work performance or the ability of others to perform.

4. Any such training must be approved by the affected employee's Troop Commander and/or section head.

5. Any course related information and/or documents shall be attached to the employee's performance evaluation that covers the period in which the training or counseling occurs. The information shall include whether or not the employee successfully completed the training or counseling.

6. Any course related information and/or documents shall be forwarded to the Professional Standards Unit, to be included in the investigative file, if applicable. (26.1.4 a)

C. Criteria for Consideration

1. Members may only be subject to corrective action or disciplinary action once for a single incident, but may be subject to corrective action or disciplinary action for each additional act or omission of the same nature; corrective action and disciplinary action may be issued concurrently.

2. Supervisors and commanders should consider the following variables when determining which action to take within the disciplinary system, however, they should not rely exclusively on any one variable:

   a. The nature, extent, seriousness, and effect of the violation;

   b. The type and frequency of previous unsatisfactory behavior or violation(s);

   c. Prior corrective or disciplinary actions and period of time since a prior offense;

   d. Previous performance evaluations;

   e. Information presented by the member;

   f. Circumstances surrounding the incident that are either mitigating (arguing for lesser disciplinary action), or aggravating (arguing for more severe disciplinary actions). (26.1.4 b, c)

KHP POLICY MANUAL

POLICY ROC-05

## V.  DISMISSAL PROCEDURES (A 4.6.6)

A.  If an employee's misconduct results in a dismissal, the dismissed employees will be provided written notification explaining their dismissal, the effective date (as required by K.S.A. 75-2949), and the status of fringe and retirement benefits.

## VI.  SPECIFIC ACTS FOR WHICH DISCIPLINARY ACTION MAY BE ASSESED

A.  Kansas Civil Service Act

1.  K.S.A. 75-2949 provides in pertinent part: (a) An appointing authority may dismiss or demote any permanent employee in the classified service when the appointing authority considers that the good of the service will be served thereby. For disciplinary purposes, an appointing authority may suspend without pay a permanent classified employee for a period not to exceed 30 calendar days. (26.1.4c)

2.  K.S.A. 75-2949d provides: (a) A permanent employee in the classified service under the Kansas civil service act may be dismissed, demoted or suspended because of deficiencies in work performance as provided in K.S.A. 75-2949e, or because of personal conduct detrimental to the state service as provided in K.S.A. 75-2949f, or because of both such reasons. In all cases, the provisions of K.S.A. 75-2949, and amendments thereto, shall apply.

3.  K.S.A. 75-2949e provides a non-exclusive list of grounds for dismissal, demotion or suspension based upon an employee's deficiencies in work performance. Examples of specific conduct of those grounds include, but are not limited to, the following:

   a.  Employees who are absent from duty without permission of a supervisor.

   b.  Employees who do not wear the prescribed uniform while on duty.

   c.  Employees who do not maintain sufficient competency to properly perform their duties and assume the responsibility of their position.

   d.  Employees who do not perform their duties in a manner which will maintain the highest standards of efficiency in carrying out the functions and objectives of the agency.

   e.  Employees who lack knowledge of the application of laws required to be enforced.

   f.  Employees who are unwilling, unable, or refuse to perform assigned tasks.

   g.  Employees who fail to conform to work standards established for the member's rank, grade, or position.

   h.  Employees who fail to take appropriate action on the occasion of a crime, disorder, or other condition requiring or deserving enforcement action.

   i.  Employees who have repeated sub-standard evaluations or documented instances of repeated infractions of policies, procedures, directives, or orders of the agency.

   j.  Employees who disregard agency policies, procedures, or directives.

   k.  Employees who manifest cowardice, illness, or otherwise attempt to avoid or neglect their official duty.

   l.  Officers who use firearms in a careless, reckless, or unauthorized manner.

   m.  Employees who operate a state vehicle in an improper or reckless manner and who convert a state vehicle to their personal use for any reason.

   n.  Employees who do not maintain all issued equipment in a proper manner and constantly ready for use. (26.1.1)

   o.  Employees who fail to maintain satisfactory harmonious relationships with the public and fellow employees.

   p.  Officers who do not maintain all licenses and certificates required and dictated by their position.

   q.  Officers who do not hold a valid driver's license to operate a motor vehicle.

Effective: 01/14/20

Page 3 of 6

r.  Employees who use tobacco products while conducting official business such as interviews, writing citations, etc.

s.  Employees who engage in any form of gambling while in on-duty status

t.  Employees who solicit subscriptions or donations for any purpose while on duty without the expressed permission of the Superintendent.

u.  Employees who solicit or accept any compensation, reward, or other consideration without the written permission of the Superintendent. (26.1.1)

v.  Employees, regardless of duty status, who present badge of office or credentials for the purpose of gaining any personal advantages or for warding off the consequences of an illegal act. (26.1.1)

w.  Employees who accept gifts, favors, gratuities, or discounted meals.

    1)  Discounted meals do not include food such as soft drinks, coffee or snack foods not offered as part of a meal. (26.1.1)

x.  Employees who habitually and/or flagrantly improperly use leave privileges

    1)  Employees shall strictly adhere to the leave policy outlined in the Manual.

    2)  Employees shall report for duty at the assigned time and place and remain on duty until expiration of the work shift or they are properly relieved by a supervisor in an excusable situation.

4.  K.S.A. 75-2949f provides a non-exclusive list of grounds for dismissal, demotion, or suspension of a permanent employee for personal conduct detrimental to state service. Examples of conduct of those specific grounds include but are not limited to the following:

    a.  Officers who are not scrupulously discreet in their personal conduct while acting in either an official or unofficial capacity.

    b.  Officers whose private life becomes the focus of rumors, when it has an adverse effect on his or her fellow workers and when it results in complaints to his or her employer, government intervention is warranted.

    c.  Employees who do not obey all applicable laws regardless of the jurisdiction involved.

    d.  Employees who commit a felony or a serious misdemeanor crime.

    e.  Officers who are arrested on criminal charges

        1)  Those officers must notify their supervisor as soon as possible, setting forth the circumstances of the arrest. The informed supervisor will be responsible for informing the troop commander immediately, and the troop commander will immediately inform the regional commander.

    f.  Officers who participate in any incident involving moral impropriety which would impair their ability to function as law enforcement officers or bring discredit to the agency. (26.1.1)

    g.  Officers who engage in infidelity.

    h.  Employees who cause money expenditures or incur liabilities in the name of the agency unless previously authorized in a manner prescribed by regulations.

    i.  Employees who convert any state funds, materials, property, or equipment to their personal use.

    j.  Employees who improperly use and/or maintain materials, properties, and equipment issued to them or for which they are responsible.

        1)  Employees shall be held strictly accountable for all state property issued to them, used by them, placed in their care, or occupied by them.

    k.  Employees who make a false statement of material fact in the employee's application for employment or position description.

    l.  Participation in any action that would in any way seriously disrupt or disturb the normal operation of the agency, institution, department, or any other segment of state government.

m.  Officers who attempt to create, originate, excite, cause or join any mutinous, rebellious or reactionary movement within the agency. Officers having knowledge of these types of movements shall attempt to suppress the same and shall report the activity to their supervisor immediately.

n.  Employees who trespass on the property of any state official or employee for the purpose of harassing or forcing dialogue or discussion from the occupants or owners of such property.

1)  Officers are also restricted in this instance on public property occupied by the state official or employee.

o.  Employees who willfully endanger the lives or property of any other person in any manner.

p.  Officers who, while on duty, possess or use or transport in a Patrol vehicle any non-issued firearm or other lethal weapon unless previously authorized by the troop commander in accordance with established policy.

q.  Officers who use excessive force in any situation or mistreat in any manner persons taken into custody for an offense or being controlled for any reason. Applicable laws and Patrol policy will be adhered to in every instance. (K.S.A. 21-5227). (26.1.1)

r.  Employees who disobey or refuse to obey a lawful command issued by a supervisor or officer in charge.

s.  Employees who are impaired or have the odor of intoxicants on their breath while on duty.

t.  Employees who consume any alcoholic beverage while on duty or in uniform.

u.  Employees who possess or keep any alcoholic beverage in any building, vehicle, or any other place that could be construed to be under the direction or control of the agency unless the alcoholic beverage is being stored or transported as evidence in a criminal matter.

v.  Employees who take, possess, or keep at any time any controlled substance, as defined in K.S.A. 65-4105, 65-4107, 65-4109, 65-4113, unless prescribed or administered by a physician or unless such controlled substance is being stored or transported as evidence or in the furtherance of a criminal investigation as authorized by the Agency in a criminal matter, or authorized for narcotic canine training purposes. Drug screening of officers will be consistent with K.S.A. 75-4362 and KAR 1-9-19A.

w.  Employees who take or possess any prescription drugs or narcotics unless such substances are lawfully prescribed for the employee.

x.  Employees who ingest any prescribed drug(s) in amounts above the prescribed dosage.

y.  Employees who knowingly use performance enhancing drugs (Anabolic-Androgenic Steroids, Testosterone, and Human Growth Hormone) or any other substance that may metabolize into a steroid, unless lawfully prescribed.

z.  Employees who report for duty under the influence of any prescribed drug or over the counter drug that impairs the employee's ability to perform their duties.

aa. Employees who release confidential information from official records.

1)  Employees shall treat all Patrol records as confidential unless statutes or policy allow for their general release. If in doubt, officers shall consult with their supervisor prior to releasing any official record.

bb. Use of the employee's state position, use of the employee's time on the state job, or use of state property or facilities by the employee in connection with a political campaign.

cc. Employees who engage in personal business or other activities while on duty which would cause them to neglect or be inattentive to their duties.

## VII. APPEAL RIGHTS/PROCEDURES

A.  Permanent employees in the classified service who are suspended, demoted or dismissed from their employment have the right to appeal such decision to the state civil service board, in accordance with K.S.A. 75-2949. (26.1.6)

KHP POLICY MANUAL

POLICY ROC-05

B.   In accordance with K.S.A. 75-2949(d), the final notice of decision by the appointing authority or the designee of the appointing authority, to suspend, demote or dismiss the employee shall inform the employee of the employee's right to appeal the decision to the state civil service board within 30 calendar days after the effective date of the action.