IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BLAINE FRANKLIN SHAW, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-1343-KHV |
| | ) | |
| HERMAN JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion For Leave [To File Under Seal] Certain Exhibits In Support Of Their Summary Judgment Motion (Doc. #312) filed September 9, 2022 and Plaintiffs' Motion For Leave [To File Under Seal] Certain Exhibits In Opposition To Defendant Herman Jones' Summary Judgment Motion (Doc. #317) filed September 14, 2022. For reasons stated below, the Court sustains plaintiffs' motions in part.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. Crystal Grower's, 616 F.2d at 461–62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public

interest in access to court proceedings and documents. See Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). The parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. Id.; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

In support of their motions for summary judgment and in opposition to a defendant's motion for summary judgment, plaintiffs seek leave to file under seal (1) slides from Kansas Highway Patrol (KHP) trainings; (2) KHP reports of traffic stops of non-parties; (3) documents and findings from the KHP's Professional Standards Unit's investigation into Mr. Bosire's complaint regarding the stop at issue in this case; (4) third-party documents; and (5) "other confidential documents." Plaintiffs' Motion For Leave [To File Under Seal] Certain Exhibits In Support Of Their Summary Judgment Motion (Doc. #312) at 2; Plaintiffs' Motion For Leave [To File Under Seal] Certain Exhibits In Opposition To Defendant Herman Jones' Summary Judgment Motion (Doc. #317) at 2.

In support of their motions to seal, plaintiffs first note that the parties marked a number of these documents "confidential" under the Amended Protective Order (Doc. #169) filed May 20, 2021. The fact that a party designated the documents "confidential" under the protective order does not in itself provide sufficient reason to seal. Carfusion 213, LLC v. Prof'l Disposables, Inc., No. 09-2616-KHV, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010). The protective order states that "[n]othing in this Order will be construed as a prior directive to allow any document to be filed under seal." Amended Protective Order (Doc. #169) at 6. Further, the mere designation of information as confidential "is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets." Id.; see id. at 2 (order "will

be strictly construed in favor of public disclosure and open proceedings wherever possible"); see also Helm, 656 F.3d at 1292 (parties cannot overcome presumption against sealing simply by showing records subject to protective order).

Defendants concede that the "confidential" designation for purposes of the protective order by itself does not warrant the sealing of documents. Even so, defendants argue that Exhibits 25 to 33, 40 and 41 should be filed under seal because they "contain personal identifying information of non-parties, non-witnesses regarding traffic stops and detentions" and such individuals have a privacy right which protects such information from public disclosure. Defendants' Response To Plaintiffs' Motion For Leave To File Certain Exhibits Under Seal (Doc. #321) filed September 20, 2022 at 1. Initially, the Court notes that plaintiffs have not explained why they have submitted redacted, sealed copies of various documents. See, e.g., Exhibit 26 (Doc. #317-8) at 7; Exhibit 28 (Doc. #317-10) at 7–8. Absent unredacted copies of the documents, the Court cannot conduct the nuanced balancing to determine whether the information should be sealed. From the unredacted information in the exhibits, the Court finds that some information about the vehicle occupants who are not plaintiffs in this matter may be redacted.[1] As to this limited information, the privacy

---

[1] Pursuant to the District of Kansas Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means, the parties may redact personal data as follows:

> In accordance with Fed. R. Civ. P. 5.2 and to address the privacy concerns created by Internet access to court documents, litigants shall modify or partially redact the following personal data identifiers appearing in documents filed with the court:
>
> 1.  Social Security numbers: Use only the last four numbers; and
>
> 2.  Minors' names:  Use the minors' initials;
>
> 3.  Dates of birth: Use only the year; and

(continued . . .)

interests of these non-parties outweigh the public interest in access to court proceedings and documents. The parties do not assert the basis of any "privacy right" to protect the identity of non-party, non-witnesses who have filed complaints with KHP about the legality of a traffic stop and detention or the identity of others associated with such complainants. See generally Gilbert v. Citigroup, Inc., No. C 08-0385 SC (JL), 2009 WL 10692463, at *4 (N.D. Cal. Apr. 2, 2009) (anyone who has filed "public claim or demand has necessarily waived privacy rights in the information in the public record, including the identity of the complainant"). The Court's constitutional duties do not include asserting arguments for sealing records or ferreting out authorities and identifying factors which are necessary for it to conduct the nuanced balancing of the public's right of access against any interests in non-disclosure. On this record, the parties have not demonstrated that the purported privacy rights of complainants and the individuals associated with the complainants identified in Exhibits 25 to 33, 40 and 41 justify redaction of their names.

For the remaining information, plaintiffs have not met the heavy burden to articulate a real and substantial interest which justifies depriving the public of access to records which inform the

---

[1](. . . continued)

4. Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number.

In addition, parties may modify or partially redact other confidential information as permitted by the court (*e.g.*, driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information.).

District of Kansas Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, § II(I).

Court's decision-making process.  See Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access).  Plaintiffs have not explained why disclosure of such information would be harmful or how limited redaction would be insufficient to protect any real and substantial privacy interests.  For these reasons, the Court sustains in limited part plaintiffs' motions to seal.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Leave [To File Under Seal] Certain Exhibits In Support Of Their Summary Judgment Motion (Doc. #312) filed September 9, 2022 is **SUSTAINED in part**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion For Leave [To File Under Seal] Certain Exhibits In Opposition To Defendant Herman Jones' Summary Judgment Motion (Doc. #317) filed September 14, 2022 is **SUSTAINED in part**.

Dated this 13th day of October, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
