# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Blaine Franklin Shaw, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> Herman Jones, in his official capacity as the Superintendent of the Kansas Highway Patrol, *et al.,* <br><br> Defendants. | Case No. 6:19-CV-01343 |
| Mark Erich, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> Herman Jones, in his official capacity as the Superintendent of the Kansas Highway Patrol, *et al.,* <br><br> Defendants. | Case No. 20-CV-01067 |

## DEFENDANT MCMILLAN'S FINAL WITNESS AND EXHIBIT DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(3)(A), Defendant Brandon McMillan submits the following:

1

## Witnesses

|   | *Name and Contact Information* | *Subject matter and Synopsis of facts* |
|---|---|---|
| 1 | Joshua Bosire<br>[may call if the need arises] | Historical facts pertaining to reasonable suspicion analysis and his claimed damages.<br><br>Bosire stopped his rented vehicle at Loves in Ellis, went into the store, he saw some troopers, he was at gas pump with another and left traveling East on I 70. He was pulled over by Trooper McMillan for speeding. He felt he was being profiled, but admits he was speeding. He made a video of his conversations with McMillan on his cell phone and will identify and discuss the video's contents. The dialog between McMillan and Bosire will be discussed, including Bosire's untruthful and evasive responses to some of McMillan's questions. Bosire's claims regarding alleged damages will be discussed and his conduct showing lack of fear and distain of the troopers will be subjects of cross examination. |
| 2 | Brandon McMillan, KHP<br>[expect to call] | His employment as a KHP trooper, the historical facts pertaining to reasonable suspicion analysis, his suspicions, the involved traffic stop and detentions, and his subjective intent and understanding and his background and circumstances as they may the concern punitive damages claim. |

|   |   |   |
|---|---|---|
|   |   | The synopsis of facts that McMillan will testify to is contained in his factual contentions in the pretrial order, pp. 31-30. That synopsis is incorporated here. In this connection, McMillian will testify to and explain that he had, and why he had, reasonable suspicion, particularly in light of his experience and specialized training, to detain Plaintiff for additional questioning after the traffic stop had concluded, and then for a canine sniff. McMillian will also testify to his background and modest income. He will testify that his conduct was not motivated by an evil motive or intent or reckless or callous indifference to the Bosire's constitutional rights, including he did not "profile" Bosire, and the processes he engaged in to decide whether to detain Bosire, including his documentation on the dash cam video that he employed the required reasonable suspicion calculus to detain Bosire. |
| 3 | Doug Schulte, KHP [expect to call] [may cross-designate deposition testimony] | His employment as a KHP trooper and some of the historical facts and his specialized training and experience pertaining these facts.<br><br>At Love's, Schulte and McMillan were looking for the source of the marijuana odor inside the store. They singled out two rental vehicles based on special training and experience that Schulte will explain. The vehicles left Love's around the same time, shortly after |

3

|   |   |   | Schulte and McMillan left Love's. Schulte and McMillan were suspicious that the two vehicles were caravanning to transport drugs, as Schulte will explain.

Schulte saw the second rental on I 70, but had no basis to stop it for a traffic infraction. Schulte requested assistance from other law enforcement to stop it in order for an investigation of the suspicion that it was transporting drugs and/or caravanning as part of the transportation of drugs.

Schulte was at the scene of Bosire's stop to provide backup if McMillan determined a canine sniff or possible search of Bosire's vehicle was permissible and warranted. Schulte called for a canine at McMillan's request. Schulte may identify and explain his discussions with McMillan before the traffic stop ended relating to McMillan's suspicions. Schulte did not try to evaluate whether McMillan had reasonable suspicion as he had no direct contact with Bosire.

Schulte will testify to Bosire's conduct he observed during the canine sniff and thereafter. |
|---|---|---|---|
| 4 | Deputy Brian Shannon, Ellis County Sheriff's Office, 105 W. 12th St., Hays, KS 67601 [may call if the need arises] |   | He may testify to the canine sniff that he had his dog perform, he was contacted while off-duty and asked to come to the location of the Bosire stop for the sniff, and Bosire's conduct he observed |

|   |   |   |
|---|---|---|
|   |   | during the canine sniff and thereafter. |
| 5 | Witnesses needed, if any, to establish foundation for exhibits listed below [may call if the need arises] |   |

## Exhibits

|   | *Description* |
|---|---|
| 831 | 831_DigiTicket Citation.pdf [OAG000014] |
| 832 | 832_CAD Incident report, call 3415613.pdf [OAG 000015-17] |
| 833 | 833_CAD Incident report, call 345610.pdf [OAG 000018] |
| 834 | 834_In-Car video, B. Millan.mp4 |
| 835 | 835_Dispatch audio.wav |
| 836 | 836_Love's Video L1-190044-Hallway Bathroom.mp4 |
| 837 | 837_Love's Video at 10.20.27.11.pdf |
| 838 | 838_Love's Video at 10.20.27.43.pdf |
| 839 | 839_Love's Video at 10.20.27.49.pdf |
| 840 | 840_Love's Video at 10.20.27.52.pdf |
| 841 | 841_Photo of Love's North Side.pdf [OAG032170] |
| 842 | 842_Photo Love's to NE.pdf [OAG032168] |
| 843 | 843_Bosire's phone audio-video first part.mp4 |
| 844 | 844_Bosire's phone audio-video second part.mp4 |
| 845 | 845_Millan's May 17 letter.pdf [OAG000020-22] [may offer entire letter if portions are referenced or admitted] |

Respectfully Submitted,

OFFICE OF KANSAS ATTORNEY
GENERAL KRIS KOBACH

/s/ Arthur S. Chalmers
Arthur S. Chalmers #11088
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Telephone: 785-368-6244
FAX: 785-291-3767
Email: art.chalmers@ag.ks.gov

*Attorneys for the Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on this 23rd day of January, 2023, I electronically sent a copy of DEFENDANT MCMILLAN'S FINAL WITNESS AND EXHIBIT DISCLOSURES to all counsel of record.

                                        s/Arthur S. Chalmers
                                        Arthur S. Chalmers