# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Blaine Franklin Shaw, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> Herman Jones, in his official capacity as the Superintendent of the Kansas Highway Patrol, *et al.*, <br><br> Defendants. | Case No. 6:19-CV-01343 |
| Mark Erich, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> Herman Jones, in his official capacity as the Superintendent of the Kansas Highway Patrol, *et al.*, <br><br> Defendants. | Case No. 20-CV-01067 |

## DEFENDANT MCMILLAN'S TRIAL BRIEF

The Plaintiff Joshua Bosire brings his claim under the federal statute, 42 U.S.C. § 1983. Plaintiff Bosire alleges Defendant McMillan deprived him of his rights under the Fourth Amendment to the Constitution by detaining him after the traffic stop of February 10, 2019 had concluded for a canine sniff. Plaintiff had been stopped for speeding. He admits to the speeding.

1

The central issue is whether Plaintiff will prove that McMillan lacked reasonable suspicion for the detention. An outline of the facts and the legal issues is contained in the Tenth Circuit's decision that affirmed there were genuine issues of fact for trial. *See Shaw v. Schulte*, 36 F.4th 1006 (10th Cir. 2022).

This brief does not repeat what the Tenth Circuit has summarized, both as to some of the facts and the law. Rather, it discusses matters that are likely to come before the Court during the trial.

**Motion for Judgment**

We expect to request judgment as a matter of law under Fed. R. Civ. P. 50(a) in two respects: 1. Defendant McMillan is entitled to qualified immunity against all or part of Plaintiff's claim; and 2. No jury can find Schulte's conduct was malicious or in reckless disregard of Plaintiff's rights in order to award punitive damages.

> The standard for granting a Rule 50(a) motion is well established. A moving party is entitled to judgment if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position. [ ] The question is not whether there is literally no evidence supporting the nonmoving party but whether there is evidence upon which a jury could properly find for that party. [ ]
>
> In considering a motion for judgment as a matter of law, the Court reviews all of the evidence in the record and construes it in the light most favorable to the nonmoving party. In doing so, the Court must refrain from making credibility determinations and weighing the evidence: the jury has the exclusive function of appraising credibility, determining the weight to be given to the testimony,

> drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact.

*Pipeline Prods., Inc. v. Madison Companies*, LLC, 446 F. Supp. 3d 733, 737 (D. Kan. 2020).

    1.    *Qualified Immunity applies.*

After the Court has heard the evidence, we think the issues of historical fact pertaining to the detention, which precluded entry of summary judgment will prove illusory. We anticipate moving for judgment that McMillan did not violate Plaintiff's constitutional right that was clearly established at the time of the challenged conduct. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).

The premise is that in our circuit, "the plaintiff must point to a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Callahan v. Unified Gov't of Wyandotte Cty.*, 806 F.3d 1022, 1027 (10th Cir. 2015) (internal quotation marks omitted). The jurisprudence upon which plaintiff relies must be "particularized to the facts of the case." *White v. Pauly*, 137 S.Ct. 548, 552 (2017); *Frasier v. Evans*, 992 F.3d 1003, 1021 (10th Cir. 2021). The Supreme Court "has repeatedly told courts … not to define clearly established law at a high level of generality." *City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 503 (2019).

3

Defendant anticipates making motion for judgment because of his qualified immunity from the fact there is no jurisprudence "particularized" to the historical and material facts in this case. And such facts will be presented which will provide sufficient clarity at trial to dispel a claim that there is a triable issue for the jury.

The wrinkle in this case is that initial detention for questioning, after the traffic stop was complete, and the continued detention for a canine sniff were supported by overlapping, but different facts, producing McMillan's suspicions.

In *Shaw v. Schulte*, 36 F.4th 1006 (10th Cir. 2022), in this case, the court entered summary judgment against the portion of the Shaws'[1] action seeking damages for their detention subsequent to the dog alert. *Id.* at 1017-18. The court reasoned that the exclusionary rule and fruit-of-the-poisonous-tree doctrines, applicable to criminal prosecutions, do not apply in the § 1983 context. *Id.* at 1017. The result was there is no actionable civil claim for the detention supported by, in that case, probable cause.

The holding illustrates Bosire's initial post-traffic stop detention could have violated his Fourth Amendment right (seizure without reasonable suspicion), but his continued detention based on additional information obtained

---

[1] Samuel Shaw and Schulte later settled.

before the detention for the canine sniff was not a Fourth Amendment violation if supported by reasonable suspicion.

Accordingly, the anticipated Rule 50 Motion may seek, as an alternative to complete judgment, a judgment against the portion of the Bosire's action seeking damages for his detention subsequent to the second conversation between Bosire and McMillan.

    2.    *Judgment against the Punitive Damage Claim is proper.*

Plaintiff Bosire must prove by a preponderance of the evidence that punitive damages can be assessed against Defendant McMillan. He must prove McMillan's conduct was malicious or in reckless disregard of Plaintiff's rights. *Smith v. Wade*, 461 U.S. 30, 56 (1983).

This is assessment of Schulte's subjective state of mind, in contrast to the objective "reasonable suspicion" under the totality of circumstances analysis. *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535-36 (1999); *Wulf v. City of Wichita*, 883 F.2d 842, 867 (10th Cir. 1989). Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff Bosire with Defendant Schulte knowingly believing that he lacked reasonable suspicion to detain Plaintiff after the traffic stop had concluded. Conduct was in reckless disregard of Plaintiff's rights if Defendant Schulte was consciously aware that he did not know whether or not reasonable suspicion existed to detain Plaintiff Shaw after the traffic stop had concluded, but detained Plaintiff anyway simply not caring about

5

Plaintiff's rights. *Smith,* 461 U.S. at 42-46 & 41 n.8 (discussing malice and reckless indifference tests).

The salient point here is that punitive damages may not be awarded if Defendant McMillan personally believed that he had objective "reasonable suspicion" to detain Plaintiff Shaw for a canine sniff, even if mistaken. *See Wulf v. City of Wichita*, 883 F.2d 842, 867 (10th Cir. 1989) (reversing punitive damage award, stating "There was evidence that LaMunyon may have thought it was legitimate for him to terminate Wulf because of concerns that Wulf was undermining the efficiency of the police department's operations. It does not matter that we have concluded that his perception of disruption was objectively unreasonable, because an award of punitive damages requires an assessment of his subjective state of mind.").

The testimony will show McMillan considered and evaluated whether he had reasonable suspicion. This was contemporaneously recorded on the dash cam video. There is no evidence upon which the jury can properly find McMillan ignored or intentionally violated Plaintiff's rights.

**Jury Instructions**

1.  *The jury must be instructed that whether initial detention for questioning was unreasonable and whether the continued detention for a canine sniff was unreasonable if the Court overrules the anticipated motions for judgment.*

6

If not resolved by Defendant's motion for judgment, Defendant suggests the following instructions:

> In this case, you must separately find whether Plaintiff Bosire has proved by preponderance of evidence that his seizure when Defendant McMillan returned to Plaintiff's vehicle the second time and questioned Plaintiff was unreasonable and whether Plaintiff has proved by preponderance of evidence that his continued seizure after this questioning ended was unreasonable.
>
> and
>
> If you find Plaintiff Bosire failed to prove by preponderance of evidence that, his continued seizure was unreasonable, you must not include any sum in your actual damage determination for the seizure that went on after the second conversation between Plaintiff and Defendant ended.

Defendant's Proposed Instruction 2 and Proposed Instruction 3.

The instruction is proper under the holding in *Shaw v. Schulte*, 36 F.4th 1006 (10th Cir. 2022) as explained above.

> 2. *Special interrogatories are required for the Court to resolve Defendant's qualified immunity defense.*

If the Court finds genuine issues of historical fact are present pertaining to the detention, overruling a motion for judgment, Defendant then proposes the Court ask the jury to answer special interrogatories making findings regarding these facts. The Court then can resolve the qualified immunity defense based on the jury's answers.

7

This procedure is favored by the Tenth Circuit. *Gonzales v. Duran*, 590 F.3d 855, 859-60 (10th Cir. 2009). The *Gonzales* court, in a §1983 action, explained:

> Qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009) (internal quotation marks omitted). Therefore, qualified immunity requires four determinations: (1) what actually happened, (2) whether the plaintiff asserted a violation of a constitutional or statutory right, (3) whether the law had clearly established that right, and (4) whether an objectively reasonable defendant would have understood his conduct to violate that clearly established right. *See Maestas*, 351 F.3d at 1006-07.
>
> Qualified immunity is "almost always" a question of law. *Keylon v. City of Albuquerque*, 535 F.3d 1210, 1217 (10th Cir.2008). Like many other questions of law raised in pre-trial motions, the trial court often decides the issue before trial. *Id*. A trial court may submit a question of qualified immunity to the jury only " 'in exceptional circumstances' [where] historical facts [are] so intertwined with the law that a jury question is appropriate as to whether a reasonable person in the defendant's position would have known that his conduct violated [the] right [at issue]." *Id*. at 1217-18 (quoting *Maestas*, 351 F.3d at 1007). Thus, the predicate for submitting a qualified immunity question to the jury is the existence of disputed issues of material fact—that is, the question of what actually happened.
>
> Where such factual disputes are present, there are three possible ways for a trial court to submit the qualified immunity question to the jury. First, the court could submit special interrogatories to the jury to establish the facts. Based on the jury's findings, the court could then determine whether the defendant's conduct was objectively reasonable in light of the clearly established law. Second, the judge could define the clearly established law for the jury. Then, the court could instruct the jury to determine what the defendant

8

> actually did and whether it was reasonable in light of the clearly established law defined by the judge. This second approach is the one apparently taken by the district court in this case. Third, the court could simply allow the jury to determine what the clearly established law is, what the defendant actually did, and whether the defendant's conduct was objectively reasonable in light of the clearly established law found by the jury. This last approach, of course, is clearly inappropriate.
>
> Although our cases have allowed the second approach, they have done so only when narrow issues of disputed material fact are dispositive of the qualified immunity inquiry. *Keylon*, 535 F.3d at 1219. Consideration of the proper division of labor between courts and juries in civil actions suggests that the second approach should be used rarely for several reasons. First, an "essential characteristic" of the federal court system is that it "assigns the decisions of disputed questions of fact to the jury." *Byrd v. Blue Ridge Coop.*, 356 U.S. 525, 537, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958). Legal questions are reserved to the courts.
>
> Second, in deciding whether a right is clearly established, an essential part of the qualified immunity inquiry, a court must assess whether the right was clearly established against a backdrop of the objective legal reasonableness of the actor's conduct. *Keylon*, 535 F.3d at 1218. Letting the jury determine whether the officer's actions were reasonable in light of the clearly established law has the potential of asking the jury to resolve a legal question.
>
> Third, allowing the jury to decide qualified immunity almost always generates an issue on appeal as to whether the circumstances were exceptional enough to warrant such a procedure. In those few cases where qualified immunity may turn on a jury's resolution of discrete factual questions, we think that the better approach is for the court to submit special interrogatories to the jury to establish the facts. We think that such a procedure is fully consistent with, and indeed better supported by, our past cases.

590 F.3d at 859-60 (parentheses and brackets in original).

Respectfully submitted,

OFFICE OF KANSAS ATTORNEY
GENERAL KRIS KOBACH

/s/ Arthur S. Chalmers
Arthur S. Chalmers #11088
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Telephone: 785-368-6244
FAX: 785-291-3767
Email: art.chalmers@ag.ks.gov
*Attorneys for the Defendants*

## **CERTIFICATE OF SERVICE**

This is to certify that on this 23rd day of January, 2023, I electronically sent a copy of DEFENDANT MCMILLAN'S TRIAL BRIEF to all counsel of record.

s/Arthur S. Chalmers
Arthur S. Chalmers