IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BLAINE FRANKLIN SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-01343-KHV |
| | ) | |
| DOUG SCHULTE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on <u>Defendant Schulte's Motions In Limine And Supporting Memorandum</u> (Doc. #364) filed January 13, 2023.  Schulte requests an order prohibiting plaintiff Blaine Shaw from introducing into evidence the following matters and directing counsel not to refer to these matters and to advise its witnesses not to mention these subjects.  For reasons briefly stated below, defendant's motion is sustained in part and overruled in part, as follows.[1]

**I.    "Golden Rule, "Conscience of the Community" and "Send A Message" Arguments.**

Plaintiffs do not oppose defendants' motion with regard to the following matters: "Golden Rule" arguments; "Conscience of the Community" arguments; and "send a message" arguments. As to such matters, defendants' motion is overruled as moot.

---

[1] To expedite a ruling on this motion, because this case is set for trial commencing February 6, 2023, the Court is communicating the reasons for its decision without attempting to draft a legal treatise or cite relevant case law.  The law in this area is clear and the Court has taken into account the authorities which are cited in the parties' briefs, along with other authorities.  If necessary for future proceedings, the Court may supplement this order with additional findings of fact or legal citations.

## II. Evidence and Arguments Regarding KHP's Alleged Practices, Policies or Customs and Other KHP Traffic Stops and Post-Stop Detentions.

Defendants seek to exclude evidence and arguments regarding traffic stops and post-stop detentions other than the stop/detention involved in this case, including (a) statistical evidence about traffic stops/detentions on I-70 that is not specific to Schulte and (b) evidence regarding stops/detentions and complaints about stops/detentions that did not involve Schulte. Specifically, defendants argue that the mere mention of unrelated stops or detentions is likely to cause unfair prejudice, confuse the issues, or mislead the jury and unduly interrupt and delay the trial, and that any probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay or wasting time. Rule 403, Fed. R. Civ. P.

Plaintiff objects, focusing entirely on Vasquez v. Lewis, 834 F.3d 1132 (10th Cir. 2016). Specifically, plaintiff argues that (a) evidence and argument regarding Vasquez (including the KHP's alleged practice of violating Vasquez) is admissible to support plaintiff's request for punitive damages; and (b) evidence and argument that the KHP targets out-of-state motorists in violation of Vasquez is admissible to impeach defendant's credibility regarding the post hoc justifications given for plaintiff's detention.

From the inception of this case, defendant has acknowledged that plaintiff's out-of-state travel plans played a role in the decision to detain him.[2] Schulte was admittedly "targeting" plaintiff as an out-of-state driver, so the issue at trial will be whether Schulte violated Vasquez in doing so and if so, whether he reasonably understood Fourth Amendment law on that subject and

---

[2]    Schulte testified in deposition to his belief that driving from Oklahoma to Colorado contributes to reasonable suspicion because Colorado is a drug source state. Exhibit 8 (Doc. #308-8) at 53–54; see also Declaration of Douglas Schulte Concerning the Shaw Traffic Stop (Doc. #370-2) at 8 ("[Shaw's] minivan . . . was traveling on I70 to Denver Colorado, a known drug corridor. The Denver destination was relevant because, based upon my experience and knowledge, I70 is a corridor to Colorado, a source state for marijuana. I believed this added to my suspicion of drug trafficking . . . .").

acted with reckless or callous indifference to plaintiff's rights to be free from unlawful detention. Evidence that the KHP targets out-of-state drivers (whether statistical or anecdotal in nature) does not make it more or less likely that Schulte considered plaintiff's travel plans in deciding to detain him, and because that issue is not genuinely disputed, any slight probative value would be outweighed by considerations of prejudice under Rule 403.  Accordingly, the Court generally sustains defendant's motion in limine to preclude evidence that troopers other than Schulte may have engaged in unlawful detentions.[3] Such evidence is not relevant to whether he engaged in unlawful conduct and conduct by other troopers is not probative of Schulte's scienter for purposes of punitive damages.

Defendant's motion does not expressly seek to exclude evidence about <u>Vasquez</u>, and the Court agrees that Schulte's understanding of <u>Vasquez</u> is highly relevant to his liability, qualified immunity and punitive damages.  Because defendant does not argue to the contrary, this matter is outside the scope of the pending motion.

### III.   Alleged Departure From KHP Policy, Schulte's Training and/or Standard Police Procedures.

Defendant asks the Court to preclude any evidence that he violated state law and standard operating procedures because "settled law . . . does not permit a plaintiff to establish a constitutional violation with evidence that the officers violated SOPs and their training." <u>Defendant Schulte's Motions In Limine And Supporting Memorandum</u> (Doc. #364) at 7–8. Plaintiff represents that he does not intend to introduce evidence concerning departures from KHP

---

[3]   Plaintiff apparently does not intend to offer evidence that Schulte himself engaged in other wrongful stops.

policy or training, but will introduce opinion evidence through his expert witness, Chief Hassan Aden, concerning whether plaintiff's detention violated nationally accepted policing practices.

"Courts generally allow experts in [police training, tactics, and the use of deadly force] to state an opinion on whether the conduct at issue fell below accepted standards in the field of law enforcement." Zuchel v. City & Cnty. of Denver, Colo., 997 F.2d 730, 742 (10th Cir. 1993) (citing cases). This type of opinion testimony based on the expert's understanding of generally accepted police custom and practice is entirely appropriate when accompanied by a proper limiting instruction. Id. at 742–43. Standing alone, violation of a policy is insufficient to establish a violation of Section 1983, but evidence of generally accepted policing standards is not inherently inadmissible in civil rights cases. Hovatar v. Robinson, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation."); Est. of Smart v. City of Wichita, 2020 WL 3618850 at *4–5 (D. Kan. July 2, 2020) (permitting expert testimony on accepted police standards because such testimony "could be useful to the jury in determining whether, under the facts presented, the officers acted in accordance with how a reasonable officer on the scene would have acted").

Defendant's motion is overruled as moot with regard to KHP policy and training and overruled on the merits with regard to standard police procedures.

**IV.    SafeGraph Hearsay and Professor Mummolo's Opinions That Present Third-Party Summaries of Data.**

Defendant seeks to bar evidence of SafeGraph data used by plaintiff's expert Professor Jonathan Mummolo, on the ground that it is inadmissible hearsay. For reasons already stated, Professor Mummolo's statistical evidence that the KHP targets out-of-state drivers will not be

4

admitted in the upcoming trial of the Fourth Amendment claims against Schulte. As a result, this issue is moot and is hereby overruled.

V.      **Alleged Damages or Injury Through Denial or Impairment of the Intrinsic Value or Importance of the Fourth Amendment Constitutional Right.**

Defendant seeks to exclude argument or evidence about the intrinsic value or importance of a Fourth Amendment constitutional right. Specifically, defendant argues that the jury cannot decide the case based on the importance of constitutional rights and contrary to jury instructions about elements of liability and recoverable damages. Plaintiff concedes that in Memphis v. Cmty. Sch. Dist. v. Stachura, 477 U.S. 299 (1986), the Supreme Court held that a district court committed reversible error when it permitted a jury to award compensatory damages based on the jurors' "own unguided estimation of the value of [constitutional] rights," id. at 304, because "damages based on the abstract 'value' or 'importance' of constitutional rights are not a permissible element of compensatory damages in [Section 1983] cases." Id. at 310. Plaintiff argues that such considerations are irrelevant to a jury's determination of liability, however, and to his request for punitive damages.

Plaintiff does not explain how argument about the intrinsic value or importance of Fourth Amendment rights has any bearing on liability, and defendant's motion on this theory is sustained. Stachura applies exclusively, however, to the question of compensatory damages in Section 1983 cases. Bellotte v. Edwards, 2011 WL 13186237, at *2 (N. D. W. Va. Feb. 3, 2011) ("In [Stachura], the Supreme Court of the United States held that damages based on the abstract value or importance of constitutional rights are not a permissible element of compensatory damages in such cases. In a footnote, the Court appears to imply, however, that this rule does not apply when arguing for punitive damages.") (internal citations and quotation marks omitted). Damages based

5

on the abstract value or importance of constitutional rights are not a permissible element of compensatory damages but may be relevant in this case to determine punitive damages. Slappy v. City of Detroit, 2021 WL 2986284, at *7 (E. D. Mich. July 15, 2021).  Defendant's motion on this issue is overruled.

**IT IS THEREFORE ORDERED** that Defendant Schulte's Motions In Limine And Supporting Memorandum (Doc. #364) filed January 13, 2023 is **SUSTAINED IN PART and OVERRULED IN PART**, as set forth above.

Dated this 25th day of January, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL

United States District Judge