IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Blaine Franklin Shaw, *et al.*<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Herman Jones, in his official capacity as the Superintendent of the Kansas Highway Patrol, *et al.*,<br><br>　　　　　　Defendants. | Case No. 6:19-CV-01343 |
| Mark Erich, *et al.*<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Herman Jones, in his official capacity as the Superintendent of the Kansas Highway Patrol, *et al.*,<br><br>　　　　　　Defendants. | Case No. 20-CV-01067 |

**DEFENDANT'S OPPOSTION TO PLAINTIFF BLAINE SHAW'S MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING HIS SOCIAL SECURITY DISABILITY CLAIM AND DECISION** (Doc. 408)

Plaintiff seeks to exclude evidence and argument about "his Social Security disability claim and decision." Doc. 408 at 1. The motion addresses more than the July 13, 2017 administrative judge's order, Doc. 411, that Defendant has listed as

1

an exhibit in his final witness and exhibit list, filed January 23, 2023.[1] It appears to also request exclusion of testimony from Plaintiff about his employment history and past decisions not to work.

However, testimony regarding Plaintiff's Social Security disability claim and decision, and regarding his employment history and choice not to work in the past are relevant (1) regarding causation to Plaintiff's damage claim he could not UBER in Oklahoma for approximately one year after the Kansas December 20, 2017 stop from the anxiety he claims to have experienced from the involved detention, canine alert for illegal drugs, and the resulting search of his father's van[2]; and (2) to challenge Plaintiff's credibility regarding his claims of economic and non-economic damage. *See* Fed. R. Evid. 401 (relevant evidence has "any tendency" to make a "fact … of consequence in determining the action" "more or less probable"); *see also United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007) (the relevancy requirement sets a "very low" bar). *Accord*, *United States v. Piette*, 45 F.4th 1142, 1156 (10th Cir. 2022).

The Social Security disability claim and decision reports that Plaintiff Shaw did not work after a June 27, 2009 car accident. On December 4, 2014, he

---

[1] Marked as Exhibit 817.

[2] Plaintiff claims $9,435.44 in past wage loss. Doc. 290, at 46. In his answers to interrogatories, he states "the anxiety I have experienced as a result of my unlawful detention has caused me to cease my work as an Uber driver for over a year from December of 2017 to late February of 2019." [B. Shaw Interrogatory Answer No. 11, July 20, 2020]

claimed social security disability benefits, asserting he was unable to engage in any substantial gainful activities principally because of the injuries he suffered in the car accident. The disability claim worked its way to an evidentiary hearing on December 15, 2016. On July 13, 2017, the administrative law judge released her decision that denied Plaintiff's claim for disability benefits.[3] The judge detailed her findings, but they included: "The claimant has not engaged in substantial gainful activity since June 29, 2009"; "Claimant was working as a waiter in 2009, but quit his job after his motor vehicle accident in June of that year"; "the claimant's [Shaw's] statements concerning the intensity, persistence and limiting effects of these symptoms is not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in the decision;" "The claimant's assertion that he has not been able to work at any time since the alleged disability onset date is not supported by objective medical evidence;" and "The claimant's description of daily activities in [sic] inconsistent with his complaints of disabling symptoms and limitation." Doc. 411. She held Shaw was not and had not been disabled, *i.e.*, unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment expected to last for a continuous period of not less than 12 months.

---

[3] The opinion is a "public record" under Fed. R. Evid. 803(8).

While his disability claim was still pended, Plaintiff began work as an UBER driver in April of 2017. He did not report this to Social Security, notwithstanding he had been instructed to do so in his applications for disability benefits.

The Social Security disability claim and decision evidences two alternative reasons that dispute Plaintiff's choice not to UBER in Oklahoma was connected to the involved stop, detention and search. First, Plaintiff did not want to UBER because of the alleged lingering injuries that he suffered in the June 2009 accident. Second, Plaintiff chose not to work—perhaps because he does not care to—for the same reasons that he elected not to find a job from 2009 through 2017 and because he did not need to work to support himself or his family. The social security judge's determination that Plaintiff was not disabled supports that Plaintiff simply chooses not to work. It is evidence of his intent.

Plaintiff's credibility is also challenged by the Social Security evidence. The administrative judge found Plaintiff's statement about the nature and extent of his alleged disability were not creditable. This supports that Plaintiff has an intent and plan to exaggerate injuries to assert claims for money. *See* Fed. R. Evid. 404(b)(2). Moreover, Plaintiff's failure to disclose he was working is a proper subject for cross-examination. *See* Fed. R. Evid. 608(b).

Exclusion under Rule 403 is "an extraordinary remedy [that] should be used sparingly." *United States v. Murry*, 31 F.4th 1274, 1291 (10th Cir. 2022),

4

*cert. denied sub nom. Ramcharan v. United States*, 214 L. Ed. 2d 101 (2022), and *cert. denied sub nom. Ramcharan v. United States*, 214 L. Ed. 2d 102 (2022).

Plaintiff's rhetoric provides no reasonable basis to conclude that the jury ***will*** decide this case against Shaw because he applied for social security benefits. The argument that relevant evidence must be excluded because Plaintiff will be compelled to introduce evidence in an attempt to rebut the administrative judge's opinion is make-weight. The findings and discussion of evidence contained in Doc. 411 show that Plaintiff's alleged disability is not one that can heal itself between July 2017 and December 2017 or anytime soon thereafter. Plaintiff's supposed rebuttal evidence would establish Plaintiff's choice not to UBER in 2018 and until February 2019 was a product of alleged preexisting disability, not anxiety arising from the involved stop, detention and search.

Finally, Plaintiff does not supply a grounded basis that Doc. 411, marked as Exhibit 817, should be kept under seal.

Defendant requests that the Court deny Plaintiff's motion.

Respectfully submitted,

OFFICE OF KANSAS ATTORNEY
GENERAL KRIS KOBACH

/s/ Arthur S. Chalmers
Arthur S. Chalmers #11088
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Telephone: 785-368-6244

FAX: 785-291-3767  
Email: art.chalmers@ag.ks.gov  
*Attorneys for the Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on this 26th day of January, 2023, I electronically sent a copy of DEFENDANT'S OPPOSTION TO PLAINTIFF BLAINE SHAW'S MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING HIS SOCIAL SECURITY DISABILITY CLAIM AND DECISION (Doc. 408) to all counsel of record.

s/Arthur S. Chalmers  
Arthur S. Chalmers