IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BLAINE FRANKLIN SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-01343-KHV |
| | ) | |
| DOUG SCHULTE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion In Limine To Exclude Evidence Of Awards, Commendations, And Honors (Doc. #367), Plaintiff Blaine Shaw's Motion In Limine To Exclude Testimony And Exhibits Regarding Items Found In The Search Of His Vehicle (Doc. #370), Plaintiffs' Blaine Shaw And Joshua Bosire's Motion In Limine To Limit The Testimony Of Sarah Washburn (Doc. #371) and Plaintiff Blaine Shaw's Motion In Limine To Exclude Evidence Of His Prior Arrests And Criminal Charges (Doc. #373), all filed January 17, 2023. In these motions, plaintiff Blaine Shaw requests orders prohibiting defendant Douglas Schulte from introducing into evidence the following matters. For reasons briefly stated below, plaintiff's motions are sustained in part and overruled in part, as follows.[1]

---

[1] To expedite a ruling on this motion, because this case is set for trial commencing February 6, 2023, the Court is communicating the reasons for its decision without attempting to draft a legal treatise or cite relevant case law. The law in this area is clear, and the Court has taken into account the authorities which are cited in the parties' briefs, along with other authorities. If necessary for future proceedings, the Court may supplement this order with additional findings of fact or legal citations.

The rulings in this order apply only to the trial of Blaine Shaw v. Douglas Schulte, commencing February 6, 2023. Joshua Bosire has joined in certain motions, but the Court will address his arguments separately in a future order.

I. **Awards, Commendations and Honors.**

Plaintiff moves to exclude evidence of awards, commendations and honors that defendant and other non-party Kansas Highway Patrol ("KHP") trooper witnesses received during their years of law enforcement training and service, arguing that it is inappropriate under Federal Rules of Evidence 403 and 404, and because it is hearsay. Defendant does not intend to offer evidence or make argument regarding awards, commendations and honors that defendant or other KHP troopers have received. Plaintiff's motion is therefore overruled as moot.

II. **Items Found in the Search of Plaintiff's Vehicle.**

After the canine alerted on plaintiff's minivan, Schulte and other KHP troopers searched the vehicle and found empty scent proof bags ("smelly bags"), prescription medication and medical marijuana cards. Plaintiff moves to exclude evidence, testimony, documents and arguments regarding those items, as well as testimony relating to his advocacy and usage of marijuana, on the grounds that it is irrelevant and unduly prejudicial. Rules 402 and 403, Fed. R. Evid. Defendant does not intend to offer such evidence to support the existence of reasonable suspicion for the detention, but claims that the items are relevant to plaintiff's damages, causation to these alleged damages and plaintiff's credibility.

As to damages, plaintiff alleges that the sight of police officers triggers fear and anxiety which has impacted his ability to work as an Uber driver. Defendant seeks to introduce evidence that plaintiff possessed marijuana, which is illegal in Kansas, that he lied about his residency to get a license to purchase medical marijuana in Colorado and that any "continued anxiety and fear to drive" resulted from fear that he would be caught with the marijuana that he was purchasing under false pretenses in Colorado—not from the detention by Schulte before the canine alert. Such reasoning is incomprehensible. Defendant did not cite or charge Shaw for possession of marijuana

2

and has produced no evidence that he recovered any marijuana from plaintiff's vehicle, let alone marijuana purchased under false pretenses in Colorado, so defendant's damage theory is purely speculative.  Transcript of Schulte Deposition (Doc. #370-6) at 5–6 (testifying that Schulte found "just a little bit of remnants in one of those smelly-proof bags," which amounted to "less than a tenth of a gram" of marijuana, but confirming that he did not actually recover marijuana or other narcotics from Shaw's vehicle).[2]  If the items in plaintiff's vehicle have any relevance to his damage claim, it is too remote to justify the possibility of prejudice under Rule 403. Fed. R. Evid.  On this record, defendant's strategy appears to be nothing more than an effort to unfairly smear plaintiff and his character.  See Therrien v. Target Corp., 617 F.3d 1242, 1257 (10th Cir. 2010) (excluding evidence that "could be unfairly prejudicial by causing the jury to reject [plaintiff's] claim on the ground that he was a bad person").

Defendant argues that plaintiff's "misrepresentations to Colorado authorities are established in the items found during the search" and are a proper subject to challenge plaintiff's credibility.  Again, however, defendant cites no factual support for his insinuation that the 'smelly bags," prescription medication or medical marijuana cards cast doubt on plaintiff's credibility, or that plaintiff secured the medical marijuana card under false pretenses.  Even if the record provided clear evidence that plaintiff secured a medical marijuana card under false pretenses, any relevance to plaintiff's claim is substantially outweighed by the risk of confusing the jury and injecting improper issues into the jury deliberations.  See Wolfgang v. Mid-Am. Motorsports, Inc., 111 F.3d

---

[2]  Trooper Ian Gray, the police service dog handler who performed the canine sniff on Shaw's vehicle, also stated in his Police Service Dog Report following the Shaw stop that he and Schulte merely found "multiple empty scent proof bags with the odor of marijuana."  Kansas Highway Patrol Police Service Dog Report (Doc. #370-3) at 3.

3

1515, 1527 (10th Cir. 1997) (excluding evidence under Rule 403 because it would improperly inject issue into jury's deliberations).

Finally, defendant argues that even though "[t]he troopers did not cite the Shaws for possession of anything unlawful," he should be allowed to show that the KHP found evidence that "might" have subjected plaintiff to criminal liability in Colorado. Speculative evidence of this sort is totally irrelevant and improper and cannot pass muster. See Stump v. Gates, 211 F.3d 527, 534 (10th Cir. 2000) (Rule 403 limits use of relevant evidence that has "undue tendency to suggest the jury make a decision on an improper basis, commonly . . . an emotional one"). The Court sustains plaintiff's motion to exclude items found in the search of plaintiff's vehicle.

Defendant does not respond to plaintiff's motion to exclude evidence relating to his advocacy and use of marijuana. Plaintiff's motion as to this evidence is therefore sustained.

### III.     Testimony of Sarah Washburn.

Plaintiff seeks to exclude any testimony from Sarah Washburn concerning legal conclusions and opinions which she developed and provided while training KHP troopers. Plaintiff argues that her testimony is highly prejudicial and misleading under Federal Rule 403 because it positions Washburn as a legal expert when she has not been designated or qualified as such, and her opinion testimony would be unhelpful to the jury under Rules 701, 702 and 704 and threaten to usurp the Court's role in determining and instructing the jury on the applicable law. Defendant has not listed Washburn to testify at this trial, and claims that the training which she provided KHP troopers is not relevant. Plaintiff's motion to exclude Washburn's testimony is therefore moot and overruled.

**IV.     Prior Arrests and Criminal Charges Against Plaintiff.**

Pursuant to Rules 401, 402, 403, 404, 608 and 609, plaintiff asks the Court to exclude evidence regarding his prior arrests and charges, except for his 2009 charge for possession of marijuana with intent to distribute (which defendant learned about prior to detaining him).  Plaintiff argues that the probative value of any other prior arrests and charges is substantially outweighed by the risk of serious prejudicial risk.  Defendant objects, arguing that plaintiff has three arrests which are relevant to his damage claims of fear and anxiety, particularly as it relates to his decision not to "Uber" for a time after the involved detention, and that a jury can properly evaluate whether he had substantial issues with law enforcement which predated the events in this case.

Plaintiff was arrested three times before the detention at issue in this case: (1) in 2001, for driving under the influence/reckless driving; (2) in 2006, for possession of marijuana (records of which have since been expunged); and (3) in 2009, for possession of  marijuana with intent to distribute and possession of drug paraphernalia and cocaine (charges which were dismissed with prejudice after plaintiff successfully completed a diversion program).

Defendant seeks to offer evidence of these three arrests not to prove plaintiff's character, but insofar as it purportedly bears on the issue of damages.  Evidence of the prior arrests might have some relevance to his damage claims, but the events in this case occurred in December of 2017 and the three arrests in question are remote in time.  Moreover, none of them appear to have impacted plaintiff's ability to work as an Uber driver before December of 2017.  Accordingly, because the evidence has only slight relevance, which is substantially outweighed by its potential prejudicial impact, the Court sustains plaintiff's motion in limine. Fed. R. Evid. 403; United States v. Beltran-Garcia, 338 F. App'x 765 (10th Cir. 2009) (remoteness in time affects probative value of evidence).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion In Limine To Exclude Evidence Of Awards, Commendations, And Honors (Doc. #367) filed January 17, 2023, is hereby **OVERRULED as moot** as to plaintiff Shaw.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff Blaine Shaw's Motion In Limine To Exclude Testimony And Exhibits Regarding Items Found In The Search Of His Vehicle (Doc. #370) filed January 17, 2023, is **SUSTAINED.**

**IT IS HEREBY FURTHER ORDERED** that Plaintiffs' Blaine Shaw And Joshua Bosire's Motion In Limine To Limit The Testimony Of Sarah Washburn (Doc. #371) filed January 17, 2023, is **OVERRULED as moot** as to plaintiff Shaw.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff Blaine Shaw's Motion In Limine To Exclude Evidence Of His Prior Arrests And Criminal Charges (Doc. #373) filed January 17, 2023, is **SUSTAINED.**

Dated this 25th day of January, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge