IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BLAINE FRANKLIN SHAW, *et al.*,

    *Plaintiffs*,

v.

HERMAN JONES in his official capacity as the Superintendent of the Kansas Highway Patrol, *et al.*,

    *Defendants*.

**Case No. 19-1343-KHV-GEB**

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SEQUESTER WITNESSES

Plaintiffs Blaine Shaw and Joshua Bosire submit this Memorandum in Opposition to Defendants Douglas Schulte and Brandon McMillan's Motion to Sequester Witnesses under Federal Rule of Evidence 615 (Doc. #423). Plaintiffs do not oppose and also request sequestration for witnesses who are not parties or expert witnesses.

### ARGUMENT

Defendants seek to prevent Plaintiffs' expert witness, Chief Hassan Aden, from hearing any other witnesses' testimony under Federal Rule of Evidence 615. (Doc. #423 at 2–3). They argue that Chief Aden should not be allowed "to shape or fit his opinions on the basis of interpretations he wants to give to the defendant's and other trial witnesses' testimony." *Id.* at 3. But there is no prejudice in allowing an expert witness like Chief Aden, who does not claim personal knowledge of the facts in dispute, to tailor their opinion testimony to the trial testimony elicited from other witnesses. To the contrary, courts routinely allow expert witnesses to observe trial proceedings precisely because it facilitates informed expert opinion. Preventing expert witnesses from observing

other witnesses merely results in less accurate and less efficient expert testimony—as Defendants themselves acknowledge in suggesting Chief Aden respond to "hypotheticals" instead of the actual testimony elicited at trial. The Court should therefore overrule Defendants' motion to sequester Chief Aden. *Id.* at 3 n.2.

Under Rule 615, "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. The rule goes on to list four[1] exceptions, including "a person whose presence a party shows to be essential to presenting the party's claim or defense." Fed. R. Evid. 615(c). This exception "contemplates such persons as . . . an expert needed to advise counsel in the management of the litigation." Fed. R. Evid. 615 advisory committee's note.

Defendants' motion fails to distinguish between fact and opinion witnesses and ignores the unique role of expert witnesses. Basing an expert opinion on facts elicited through trial testimony is a well-established practice. *See* Fed. R. Evid. 703 advisory committee's note ("Facts or data upon which expert opinions are based may, under the rule, be derived from three possible sources. . . . The second source, presentation at the trial, also reflects existing practice. The technique may be the familiar hypothetical question or having the expert attend the trial and hear the testimony establishing the facts."). Moreover, "cases commonly approve the designation of experts as essential under Rule 615(c)." 29 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Evid. § 6245 (2d ed.). As Wright & Miller have explained:

> Determining when an expert witness is "essential" may be influenced by the extent to which the purpose of Rule 615 will be undermined by exempting from an exclusion order the expert witness in question. For example, *where the expert does*

---

[1] Defendants quote an outdated version of Rule 615 from before 1998, when the numbered list of three exceptions was amended to a lettered list of four exceptions. Doc. #423 at 1 ("The rule provides three exceptions . . ."); Fed. R. Evid. 615 advisory committee's note to 1998 amendment (describing amendment to add exception for presence of persons authorized by statute).

> *not claim to have firsthand knowledge of the facts and intends to base an opinion on the testimony of others, the expert obviously needs to be exposed to that testimony. Moreover, the dangers exclusion seeks to prevent are not pertinent in such a case; since such expert will not testify to matters within his personal knowledge, there is no danger that the expert will falsify testimony to fit the fact-based testimony of other witnesses.* In such a case, it usually makes sense to broadly interpret the "essential" person exception in Rule 615 to permit such an expert to remain in the courtroom.

*Id.* (emphasis added). Chief Aden's opinions in his expert report were based in significant part on the facts elicited from Defendants during their depositions. (*See generally* Doc. #304-1 at 7, 9). Likewise, Defendants' recitation of the facts at trial will bear on Chief Aden's offered testimony regarding whether the Defendants' actions were consistent with nationally accepted police practices. Chief Aden does not claim to have firsthand knowledge about what occurred between Plaintiffs and Defendants; he has at all times based his evaluation of the stops at issue on Defendants' own accounts of why they found Plaintiffs suspicious. Defendants' protestations regarding Chief Aden "shaping" or "fitting" his testimony to the testimony at trial are therefore inapt.

While Defendants cite cases, they do not cite any cases where a court has sequestered an expert witness for the reasons Defendants propose. (Doc. #423 at 1–3 (citing *United States v. Johnston*, 578 F.2d 1352, 1355 (10th Cir. 1978); *Lewis v. Owen*, 395 F.2d 537, 541 (10th Cir. 1968); *United States v. Baca*, 447 F. Supp. 3d 1232, 1237 (D.N.M. 2020); *Hamel v. Gen. Motors Corp.*, No. 86-4388-R, 1990 WL 7490 at 8–10 (D. Kan. 1990))). The few cases Defendants rely on either do not address expert witnesses at all or conclude that permitting the expert witness to remain in the courtroom is appropriate. *Johnston*, 578 F.2d 1352 (discussing exclusion of testimony by eyewitness to bank robbery); *Lewis*, 395 F.2d at 541 (no error or prejudice in permitting defendant's rebuttal expert witness to observe plaintiffs' expert witness's testimony); *Baca*, 447 F. Supp. 3d 1232 (discussing exclusion of FBI agent during voir dire); *Hamel*, 1990

WL 7490 (no error in permitting plaintiff's rebuttal expert to remain for defense expert's testimony).

In contrast, courts across the country have long recognized the propriety of allowing an expert witness to remain in the courtroom during testimony. *See, e.g.*, *Opus 3 Ltd. v. Heritage Park, Inc.*, 91 F.3d 625, 629 (4th Cir. 1996) ("[A]n expert who is not expected to testify to facts, but only assumes facts for purposes of rendering opinions, might just as well hear all of the trial testimony so as to be able to base his opinion on more accurate factual assumptions."); *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1013 (5th Cir. 1986) (trial court did not err in admitting testimony of defense experts and exempting defense experts from exclusion order under what later became Rule 615(c) because "[a]s experts they would be testifying solely as to their opinion based on the facts or data in the case, and, accordingly, were properly exempted from the exclusion of witness order" ruling that "[b]ecause the experts were not witnesses whose recollections might have been colored by accounts of prior witnesses, there was no prejudice."); *Morvant v. Constr. Aggregates Corp.*, 570 F.2d 626, 629–30 (6th Cir. 1978) ("We perceive little, if any, reason for sequestering a witness who is to testify in an expert capacity only and not to the facts of the case. . . . Theoretically at least, the presence in the courtroom of an expert witness who does not testify to the facts of the case but rather gives his opinion based upon the testimony of others hardly seems suspect and will in most cases be beneficial, for he will be more likely to base his expert opinion on a more accurate understanding of the testimony as it evolves before the jury.").

The Court should not depart from this custom here. Preventing Chief Aden from hearing Defendants' trial testimony will make it significantly more difficult for him to provide properly informed opinions. There is no legitimate reason Chief Aden should be required to respond to Defendants' suggested "hypotheticals" instead of the actual testimony elicited at trial. And

Defendants offer no explanation about why it would be prejudicial for Chief Aden to comment on their trial testimony, given that he does not claim to possess any firsthand knowledge about the events at issue. Sequestering Chief Aden would only deprive the jury of the most informed opinion evidence available.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court overrule Defendants' motion to sequester.

Respectfully submitted by,

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS**
s/ Sharon Brett
| | |
|---|---|
| Sharon Brett | KS # 28696 |
| Kunyu Ching | *Pro hac vice* |

6701 W. 64th St., Suite 210
Overland Park, KS 66202
Phone: (913) 490-4110
Fax: (913) 490-4119
sbrett@aclukansas.org
kching@aclukansas.org

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
| | |
|---|---|
| Brian Hauss | *Pro Hac Vice* |

125 Broad Street, Floor 18
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2654
bhauss@aclu.org

and

**SPENCER FANE LLP**
s/ Madison A. Perry
| | |
|---|---|
| Leslie A. Greathouse | KS # 18656 |
| Patrick McInerney | KS # 22561 |
| Madison A. Perry | KS # 27144 |
| Olawale O. Akinmoladun | KS # 25151 |

5

1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Phone: (816) 474-8100
Fax: (816) 474-3216
lgreathouse@spencerfane.com
pmcinerney@spencerfane.com
mperry@spencerfane.com
wakinmoladun@spencerfane.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of February 2023, a copy of the foregoing was filed and served via the Court's electronic filing system on all counsel of record.

s/ Madison A. Perry
Attorney for Plaintiffs
