IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BLAINE FRANKLIN SHAW, *et al.*,

    *Plaintiffs*,

v.

HERMAN JONES in his official capacity as the Superintendent of the Kansas Highway Patrol, *et al.*,

    *Defendants*.

**Case No. 19-1343-KHV-GEB**

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST OF LIMITING INSTRUCTION**

Plaintiffs Blaine Shaw and Joshua Bosire submit this memorandum in opposition to Defendants Douglas Schulte and Brandon McMillan's request for a limiting instruction (Doc. #424).

**ARGUMENT**

Defendant Douglas Schulte has requested the following limiting instruction regarding the expert testimony to be provided by Chief Hassan Aden:

> It is your job to weigh the evidence. Mr. Aden's testimony about the facts is not evidence. You are to ignore Mr. Aden's testimony about a fact or facts, if you determine that the plaintiff has failed to show Mr. Aden's description of the fact or facts are not the actual fact or facts. Furthermore, while you can but need not find that Mr. Aden's opinions about national police practices are helpful for you to understand the facts, violation of national police practice is not a violation of the Fourth Amendment to the United State Constitution. Such a violation of police practice is not the absence of reasonable suspicion to detain a motorist. I will instruct you at the close of this case on what constitutes reasonable suspicion.

Doc. #424 at 2.

Defendants' proposed limiting instruction is unnecessary. The Court's standard instructions already inform the jury that it must apply the law as instructed by the Court, and that it should give expert opinion such weight as it deems appropriate. *See* Hon. Kathryn H. Vratil's Stock Jury Instructions at 2, 8. If defense counsel wishes to emphasize that Chief Aden's expert opinion about national police practices is distinct from the law the jury must apply, he may address that point during closing arguments.

Furthermore, Defendants' proposed instruction is likely to confuse the jury. For example, it is hardly clear how the jury should apply the following instruction: "Mr. Aden's testimony about the facts is not evidence." An expert witness's opinion is evidence, and any suggestion to the contrary misleads the jury. *See* Fed. R. Evid. 702, advisory committee's note to 2000 amendment ("Consistently with *Kumho*, the Rule as amended provides that all types of expert testimony present questions of admissibility for the trial court in deciding whether *the evidence* is reliable and helpful.") (emphasis added); *see also, e.g.*, *McGee v. Lawmaster*, No. 03-CV-0704-CVE-PJC, 2006 WL 561882, at *1 (N.D. Okla. Mar. 7, 2006) ("Expert testimony is evidence offered by a witness with scientific, technical or other specialized knowledge."). Defendants' proposed instruction threatens even more confusion to a jury—as well as prejudice to Plaintiffs—when viewed in conjunction with Defendants' attempt to prevent Chief Aden from even hearing what the "actual fact or facts" may be. (*See* Defendants' Motion to Sequester Witnesses, Doc. #423).

Other portions of Defendants' proposed instruction are nonsensical and confusing. (*See* Doc. #424 at 2) ("You are to ignore Mr. Aden's testimony about a fact or facts, if you determine that the plaintiff has failed to show Mr. Aden's description of the fact or facts are not the actual fact or facts."). Chief Aden does not intend to testify "about a fact or facts" – he intends to analyze

the facts *as offered by the Defendants and other witnesses*, and offer his opinions on the basis of those facts.

If the Court concludes that a limiting instruction is necessary, Plaintiffs respectfully propose the following instruction:

> You may consider Chief Aden's opinions regarding nationally accepted police practices insofar as they help you understand the facts and evidence in this case. However, the ultimate issue for you to determine is not whether Trooper Schulte violated nationally accepted police practices, but whether he had reasonable suspicion to detain Mr. Shaw. I will instruct you at the close of this case on what constitutes reasonable suspicion.

This proposed instruction informs the jury about the distinction between Chief Aden's expert opinions and the appropriate legal standards, without introducing unnecessary confusion. *See Zuchel v. City & Cnty. of Denver*, 997 F.2d 730, 743 (10th Cir. 1993) (approving the admission of police practices expert testimony where "the court instructed the jury that '[w]hat the law is with regard to the use of force will be contained in the instructions I give you'").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court overrule Defendants' request for a limiting instruction. Alternatively, Plaintiffs respectfully request that the Court issue the limiting instruction Plaintiffs propose in this opposition.

Respectfully submitted by,

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS**
s/ Sharon Brett
Sharon Brett                KS # 28696
Kunyu Ching                 *Pro hac vice*
6701 W. 64th St., Suite 210
Overland Park, KS 66202
Phone: (913) 490-4110
Fax: (913) 490-4119
sbrett@aclukansas.org
kching@aclukansas.org

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
Brian Hauss                     *Pro Hac Vice*
125 Broad Street, Floor 18
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2654
bhauss@aclu.org

and

**SPENCER FANE LLP**
s/ Madison A. Perry
Leslie A. Greathouse          KS # 18656
Patrick McInerney             KS # 22561
Madison A. Perry              KS # 27144
Olawale O. Akinmoladun        KS # 25151
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Phone: (816) 474-8100
Fax: (816) 474-3216
lgreathouse@spencerfane.com
pmcinerney@spencerfane.com
mperry@spencerfane.com
wakinmoladun@spencerfane.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 3rd day of February 2023, a copy of the foregoing was filed and served via the Court's electronic filing system on all counsel of record.

      s/ Madison A. Perry
      Attorney for Plaintiffs

KC 19794828.1