# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSHUA BOSIRE, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 19-01343-KHV |
| ) | |
| BRANDON MCMILLAN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Joshua Bosire's Motion In Limine To Limit Evidence And Argument Regarding Defendant McMillan's Wife's Cancer (Doc. #368), Plaintiff Joshua Bosire's Motion In Limine To Exclude Evidence Of His Deposition Conduct (Doc. #369), Plaintiffs Blaine Shaw And Joshua Bosire's Motion In Limine To Limit The Testimony Of Sarah Washburn (Doc. #371) and Plaintiff Joshua Bosire's Motion In Limine To Exclude YouTube Video (Doc. #372), all filed January 17, 2023.  In these motions, plaintiff Joshua Bosire requests orders prohibiting defendant Brandon McMillan from introducing into evidence the following matters.  For reasons briefly stated below, plaintiff's motions are sustained in part and overruled in part, as follows.[1]

---

[1] To expedite a ruling on this motion, because this case is set for trial commencing February 13, 2023, the Court is communicating the reasons for its decision without attempting to draft a legal treatise or cite relevant case law.  The law in this area is clear and the Court has taken into account the authorities which are cited in the parties' briefs, along with other authorities.  If necessary for future proceedings, the Court may supplement this order with additional findings of fact or legal citations.

**I.     McMillan's Wife's Cancer.**

Plaintiff asks the Court to exclude this evidence because it is irrelevant and any probative value it might have is substantially outweighed by the risk of unfair prejudice.  Defendant responds that he does not intend to elicit such evidence unless plaintiff makes it an issue, which plaintiff obviously does not intend to do.  Plaintiff's motion is therefore overruled as moot.

**II.    Deposition Conduct of Plaintiff.**

On February 25, 2021, Douglas Schulte was deposed by Zoom.  Plaintiff was not present but appeared by Zoom videoconference.  He could thus see and hear Schulte.  Schulte could see plaintiff's computer screen, on which plaintiff had posted an image of Schulte as Pinocchio—apparently with the intent of harassing Schulte during his deposition.  Plaintiff moves to exclude evidence of his conduct because it would introduce factual questions that have no bearing on the issues to be tried; the images on the Zoom screen were not preserved, so it is unclear what Schulte observed or evaluate whether it was intended to harass Schulte; and plaintiff's conduct during the deposition would almost certainly prejudice the jury against him.  Defendant responds that plaintiff's conduct is relevant to his damage claim, i.e., whether after a lifetime of trusting law enforcement he now fears them and on that account, suffers anxiety manifested by heart racing, panic and fear.

Defendant has advanced a convincing argument why this evidence is relevant, and if the evidence is prejudicial, it is not unfairly so.  Plaintiff opened the door to such evidence through his damage claim and his apparent effort to harass an opposing party and tamper with witness testimony.  His motion in limine is therefore overruled.

**III.     Testimony of Sarah Washburn.**

Plaintiff seeks to exclude any testimony from Sarah Washburn concerning legal conclusions and opinions which she developed and provided while training KHP troopers. Specifically, plaintiff argues that her testimony is highly prejudicial and misleading under Federal Rule of Evidence 403 because it positions Washburn as a legal expert when she has not been designated or qualified as such, and her opinion testimony would be unhelpful to the jury under Rules 701, 702 and 704 and threaten to usurp the Court's role in determining and instructing the jury on the applicable law.

Defendant has not listed Washburn to testify at this trial, and claims that the training which she provided KHP troopers is not relevant. Plaintiff's motion to exclude Washburn's testimony is moot and it is therefore overruled.

**IV.     YouTube Video.**

Prior to filing this case, plaintiff used KHP videos obtained through a Kansas records request, along with video from his cell phone, to create and post a video on his personal YouTube account. The video, entitled "Driving While Black," embeds lines of text that scroll over defendant's dash cam footage. On it, plaintiff apparently provides running commentary on his objections to illegal drug use, his travel from Colorado to Kansas, his stop at a Love's gas station, his interactions with and observations of KHP troopers involved in the stop, including McMillan and Schulte, and his disagreement with the troopers' actions.

Plaintiff argues that the Court should not permit defendant to introduce the YouTube video or ask any questions about it, because the video is not relevant and would inflame the jury. Defendant responds that he does not intend to introduce the video but intends to question plaintiff about posting videos to social media, in order to prove his anger and prejudice against law enforcement, and a lack of fear and anxiety to support his damage claims.

The Court agrees that "Driving While Black" video is potentially relevant, although it is difficult to understand how it would disprove plaintiff's damage claim. Defendant refers to multiple postings of "videos" but does not give further information or identify them. Consequently, the Court cannot undertake the balancing of relevance and undue prejudice which Rule 403 requires. See Rule 403, Fed. R. Evid. At a minimum, however, prior inconsistent video statements by plaintiff could be used to impeach his testimony at trial. To this extent, plaintiff's motion in limine is overruled. The Court sustains the motion as to any other use of the "Driving While Black" video and any other video postings. Counsel shall not reference such evidence without eliciting a further ruling from the Court.

**IT IS THEREFORE ORDERED** that Plaintiff Joshua Bosire's Motion In Limine To Limit And Argument Regarding Defendant McMillan's Wife's Cancer (Doc. #368), filed January 17, 2023, is **OVERRULED AS MOOT.**

**IT IS HEREBY FURTHER ORDERED** that Plaintiff Joshua Bosire's Motion In Limine To Exclude Evidence Of His Deposition Conduct (Doc. #369), filed January 17, 2023, is **OVERRULED**.

**IT IS HEREBY FURTHER ORDERED** that Plaintiffs' Blaine Shaw And Joshua Bosire's Motion In Limine To Limit The Testimony Of Sarah Washburn (Doc. #371) filed January 17, 2023, is **OVERRULED AS MOOT.**

**IT IS HEREBY FURTHER ORDERED** that Plaintiff Joshua Bosire's Motion In Limine To Exclude YouTube Video (Doc. #372), filed January 17, 2023, is **OVERRULED IN PART AND SUSTAINED IN PART**, as set forth above.

Dated this 9th day of February, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge