IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOSHUA BOSIRE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-01343-KHV |
| | ) | |
| BRANDON MCMILLAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant McMillan's Motions In Limine And Supporting Memorandum (Doc. #365) filed January 13, 2023. McMillan requests an order prohibiting plaintiff Joshua Bosire from introducing into evidence the following matters and directing counsel not to refer to these matters and to advise its witnesses not to mention these subjects. For reasons briefly stated below, said defendant's motion is sustained in part and overruled in part, as follows.[1]

**I.        "Golden Rule, "Conscience of the Community" and "Send A Message" Arguments.**

Plaintiff does not oppose defendant's motion with regard to the following matters: "Golden Rule" arguments; "Conscience of the Community" arguments; and "send a message" arguments. As to such matters, defendant's motion is overruled as moot.

---

[1] To expedite a ruling on this motion, because this case is set for trial commencing February 13, 2023, the Court is communicating the reasons for its decision without attempting to draft a legal treatise or cite relevant case law. The law in this area is clear and the Court has taken into account the authorities which are cited in the parties' briefs, along with other authorities. If necessary for future proceedings, the Court may supplement this order with additional findings of fact or legal citations.

II.  **Evidence and Arguments Regarding KHP's Alleged Practices, Policies or Customs and Other KHP Traffic Stops and Post-Stop Detentions.**

Defendant seeks to exclude evidence and arguments regarding traffic stops and post-stop detentions other than the stop/detention involved in this case, including (a) statistical evidence about traffic stops/detentions on I-70 that are not specific to McMillan and (b) evidence regarding stops/detentions and complaints about stops/detentions that did not involve McMillan. Specifically, defendants argue that the mere mention of unrelated stops or detentions is likely to cause unfair prejudice, confuse the issues, or mislead the jury and unduly interrupt and delay the trial, and that any probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay or wasting time.  Rule 403, Fed. R. Civ. P.

Plaintiff objects, focusing entirely on Vasquez v. Lewis, 834 F.3d 1132 (10th Cir. 2016). Specifically, plaintiff argues that (a) evidence and argument regarding Vasquez (including the KHP's alleged practice of violating Vasquez) is admissible to support plaintiff's request for punitive damages; and (b) evidence and argument that the KHP targets out-of-state motorists in violation of Vasquez is admissible to impeach defendant's credibility regarding the stated post hoc justifications for plaintiff's detention.

When McMillan detained plaintiff, he repeatedly solicited information about his out-of-state travel plans, which apparently played a role in the decision to detain him for a canine sniff.[2]

---

[2]   See Declaration of Brandon McMillan (Doc. #144-2) filed April 23, 2021, as follows:

[McMillan]:   Ok, where are you coming from tonight?
[Bosire]:     West.
[McMillan]:   Where at?
[Bosire]:     West.
[McMillan]:   You were coming from west?
[Bosire]:     Yes, I am heading east.
[McMillan]:   Is that in Kansas; is that in Colorado; where is west?

(continued . . .)

McMillan was seemingly targeting plaintiff as a Kansas driver arriving from the adjacent western State of Colorado, so an issue at trial will be whether McMillan violated Vasquez in doing so and if so, whether he reasonably understood Fourth Amendment law on that subject and acted with reckless or callous indifference to plaintiff's rights to be free from unlawful detention.  Evidence that the KHP targets out-of-state drivers (whether statistical or anecdotal in nature) does not make it more or less likely that McMillan considered plaintiff's travel plans in deciding to detain him, and because that issue is not genuinely disputed, any slight probative value would be outweighed by considerations of prejudice under Rule 403.  Accordingly, the Court generally sustains defendant's motion in limine to preclude evidence that troopers other than McMillan may have engaged in unlawful detentions.[3]  Such evidence is not relevant to whether he engaged in unlawful conduct and conduct by other troopers is not probative of McMillan's scienter for purposes of punitive damages.

Defendant's motion does not expressly seek to exclude evidence about Vasquez, and the Court agrees that McMillan's understanding of Vasquez is highly relevant to his liability, qualified

---

[Bosire]: Do I have to answer that question?
[McMillan]: I am asking what your travel plans are.
[Bosire]: I am coming from the west. I'm heading east.
[McMillan]: What is that?
[Bosire]: I am coming from the west. I am heading east.
[McMillan]: You are coming from the west, heading east?
[Bosire]: Yes.
[McMillan]: OK, What is the purpose of your trip, sir?
[Bosire]: Do I have to have . . .
[McMillan]: I am asking what you travel plans are; I have the right to ask you these questions.
[Bosire]: And I have the right to remain silent.
[McMillan]: OK, you are telling me you are not going to answer the questions? Is that what you are saying?
[Bosire]: No.

[3]     Plaintiff apparently does not intend to offer evidence that McMillan himself engaged in other wrongful stops.

immunity and punitive damages. Because defendant does not argue to the contrary, this matter is outside the scope of the pending motion.

### III. Alleged Departure From KHP Policy, McMillan's Training and/or Standard Police Procedures.

Defendant asks the Court to preclude any evidence that he violated state law and standard operating procedures on the grounds that plaintiff cannot establish a constitutional violation with evidence that the officers violated SOPs and their training. Plaintiff represents that he does not intend to introduce evidence concerning departures from KHP policy or training, but will introduce opinion evidence through his expert witness, Chief Hassan Aden, concerning whether plaintiff's detention violated nationally accepted policing practices.

"Courts generally allow experts in [police training, tactics, and the use of deadly force] to state an opinion on whether the conduct at issue fell below accepted standards in the field of law enforcement." Zuchel v. City & Cnty. of Denver, 997 F.2d 730, 742 (10th Cir. 1993) (citing cases). This type of opinion testimony based on the expert's understanding of generally accepted police custom and practice is entirely appropriate when accompanied by a proper limiting instruction. Id. at 742–43. Standing alone, violation of a policy is insufficient to establish a violation of Section 1983, but evidence of generally accepted policing standards is not inherently inadmissible in civil rights cases. Hovatar v. Robinson, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation."); Est. of Smart v. City of Wichita, No. 14-2111-JPO, 2020 WL 3618850, at *4–5 (D. Kan. July 2, 2020) (permitting expert testimony on accepted police standards because such testimony "could be useful to the jury in determining whether, under the facts presented, the officers acted in accordance with how a reasonable officer on the scene would have acted").

Defendant's motion is overruled as moot with regard to KHP policy and training and overruled on the merits with regard to standard police procedures.

## IV. SafeGraph Hearsay and Professor Mummolo's Opinions That Present Third-Party Summaries of Data.

Defendant seeks to bar evidence of SafeGraph data used by plaintiff's expert Professor Jonathan Mummolo, on the ground that it is inadmissible hearsay. For reasons already stated, Professor Mummolo's statistical evidence that the KHP targets out-of-state drivers will not be admitted in the upcoming trial of the Fourth Amendment claims against McMillan. As a result, this issue is moot and is hereby overruled.

## V. Alleged Damages or Injury Through Denial or Impairment of the Intrinsic Value or Importance of the Fourth Amendment Constitutional Right.

Defendant seeks to exclude argument or evidence about the intrinsic value or importance of a Fourth Amendment constitutional right. Specifically, defendant argues that the jury cannot decide the case based on the importance of constitutional rights and contrary to jury instructions about elements of liability and recoverable damages. Plaintiff concedes that in Memphis v. Cmty. Sch. Dist. v. Stachura, 477 U.S. 299 (1986), the Supreme Court held that a district court committed reversible error when it permitted a jury to award compensatory damages based on the jurors' "own unguided estimation of the value of [constitutional] rights," id. at 304, because "damages based on the abstract 'value' or 'importance' of constitutional rights are not a permissible element of compensatory damages in [Section 1983] cases." Id. at 310. Plaintiff argues that such considerations are relevant to a jury's determination of liability, however, and to his request for punitive damages.

Plaintiff does not explain how argument about the intrinsic value or importance of Fourth Amendment rights has any bearing on liability, and defendant's motion on this theory is sustained. Stachura applies exclusively, however, to the question of compensatory damages in Section 1983

5

cases.  Bellotte v. Edwards, 2011 WL 13186237, at *2 (N. D. W. Va. Feb. 3, 2011) ("In [Stachura], the Supreme Court of the United States held that damages based on the abstract value or importance of constitutional rights are not a permissible element of compensatory damages in such cases. In a footnote, the Court appears to imply, however, that this rule does not apply when arguing for punitive damages.") (internal citations and quotation marks omitted).  In this case, mention of constitutional rights may be relevant to a punitive damage assessment, and defendant's motion on this issue is overruled.  Slappy v. City of Detroit, No. 19-101071, 2021 WL 2986284, at *7 (E. D. Mich. July 15, 2021).

### VI. Kansas Highway Patrol Findings and Conclusions Regarding Bosire's Complaints and Jones' Directives to McMillan For Additional Training and Ride-Along.

The KHP investigated Bosire's detention and concluded that "under accepted protocols for criminal interdiction investigation, and burdens of proof needed therein, there was not [sic] reason to detain Mr. Bosire further for a K-9 unit to respond to the scene for a drug sniff."  Letter From Herman Jones And Professional Standards Unit To Brandon McMillan (Doc. #387-2) at 2.  As a result, McMillan received one-on-one training from KHP in-house counsel regarding Terry stops, detentions and consent issues, and had a ride-along with a KHP Lieutenant for practical instruction.

Defendant concedes that statements by Bosire, McMillan and Douglas Schulte to KHP investigators may be admissible as prior inconsistent statements or statements against interest under Rule 801(d)(1) and (2), Fed. R. Evid.  However, he seeks to exclude evidence or argument regarding the KHP findings, conclusions and the ensuing discipline, which required remedial training and instruction for McMillan.  He argues that such evidence is immaterial and unduly prejudicial for three reasons: (1) evidence of subsequent remedial conduct is inadmissible; (2) violations of KHP policies or standards are not relevant to prove constitutional violations and as mere opinions that McMillan violated Bosire's Fourth Amendment rights, are not relevant or

helpful to the jury; and (3) the unfair prejudice from such evidence substantially outweighs its probative value.

As to defendant's first argument, under Fed. R. Evid. 407, "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: . . . culpable conduct." Plaintiff seeks to introduce evidence of the KHP investigation to establish that the KHP took ineffective remedial measures, not to show a constitutional violation, but to show a culpable state of mind for purposes of punitive damages. Plaintiff's theory is not persuasive because (1) the fact that the KHP's remedial measures may have been ineffective does not shed any light on defendant's state of mind at the time of the Bosire stop and (2) such evidence is in fact tendered to show culpability—not for purposes of impeachment or as evidence of control or the feasibility of precautionary measures, which would constitute exceptions under Fed. R. Evid. 407.

The parties disagree whether the findings and conclusions in the KHP investigation are subsequent remedial measures in and of themselves, or whether only the disciplinary findings fall under Rule 407. For purposes of defendant's motion, the distinction is immaterial. Even assuming that implementation of ineffective remedial measures might show a culpable state of mind, such evidence would only relate to Superintendent Herman Jones or the KHP, which conducted the investigation, rendered the findings and imposed the discipline. Such evidence would not shed light on scienter as to McMillan. To this extent, plaintiff has failed to articulate legitimate reasons why such evidence should be received.

Plaintiff correctly notes that if McMillan testifies that his conduct complied with KHP training and policy, or suggests that because of KHP training and policy, he understood his constitutional duties and acted in compliance with them, evidence about the investigation and

7

discipline may be relevant for purposes of impeachment.  Presumably, defendant could also open the door in ways that the Court is not anticipating at this time.  If that should occur, counsel shall elicit a further ruling before presenting evidence or argument to the jury.  In that regard, plaintiff should be prepared to elaborate on the "various tools" which he insists are at the Court's disposal "to ensure the jury perceives and uses the evidence in a proper manner," and tender "appropriate limiting instructions" and selective redaction related to the remedial measures imposed.  <u>Plaintiff Bosire's Opposition To Defendant McMillan's Motions In Limine</u> (Doc. #387) filed January 23, 2023 at 11–12.

Subject to these comments, to the extent that the KHP investigation, conclusions and discipline are construed as subsequent remedial measures, defendant's motion is sustained.  <u>See</u> Specht v. Jensen, 863 F.2d 700, 701–02 (10th Cir. 1988) (citing <u>Maddox v. City of Los Angeles,</u> 792 F.2d 1408, 1417 (9th Cir.1986)) (disciplinary proceeding constituted inadmissible remedial measure under Rule 407).

Defendant next argues that Jones' conclusions and discipline cannot be property placed before the jury because they are opinions and legal conclusions that impermissibly invade the jury's role and thus are inadmissible.  Plaintiff responds that such evidence is admissible "primarily in support of punitive damages and potentially for impeachment."  <u>Id.</u> at 3.  For reasons already stated, however, such evidence is not probative of defendant's state of mind.

Finally, defendant argues that any probative value in Jones' conclusions are outweighed by the danger of unfair prejudice and should be excluded under Rule 403, Fed. R. Evid.  Under Fed. R. Evid. 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Plaintiff insists that any prejudice can be attenuated through appropriate limiting instructions and that even if such evidence is prejudicial, it is not unfairly so. Plaintiff does not tender any such instructions and on this record, the Court cannot conduct the careful balancing of relevance versus undue prejudice which Rule 403 requires. Defendant's motion in limine is preliminarily sustained, except that depending on the course of events at trial, such evidence may ultimately be used for purposes of impeachment or as prior statements of a party opponent under Rule 801(d)(1) or (2).

**IT IS THEREFORE ORDERED** that Defendant McMillan's Motions In Limine And Supporting Memorandum (Doc. #365) filed January 13, 2023 is **SUSTAINED IN PART and OVERRULED IN PART**, as set forth above.

Dated this 9th day of February, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge