IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **BLAINE FRANKLIN SHAW et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-01343-KHV |
| | ) | |
| **HERMAN JONES, in his official capacity as** | ) | |
| **The Superintendent of the Kansas Highway** | ) | |
| **Patrol,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| **MARK ERICH et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 20-1067-KHV |
| | ) | |
| **HERMAN JONES, in his official capacity as** | ) | |
| **The Superintendent of the Kansas Highway** | ) | |
| **Patrol,** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Renewed Motions In Limine (Doc. #458) filed March 10, 2023 in D. Kan. No. 19-1343, which incorporates Plaintiffs Blaine Shaw And Joshua Bosire's Motion In Limine To Limit The Testimony Of Sarah Washburn (Doc. #371), filed January 17, 2023 in D. Kan. No. 19-1343. For reasons briefly stated below, plaintiffs' motion is sustained.[1]

---

[1] To expedite a ruling on this motion, because this case is set for trial commencing April 24, 2023, the Court is communicating the reasons for its decision without attempting to draft a legal treatise or cite relevant case law. The law in this area is clear, and the Court has taken into account the authorities which are cited in the parties' briefs, along with other authorities. If necessary for future proceedings, the Court may supplement this order with additional findings of fact or legal citations.

(continued . . .)

Plaintiffs ask the Court to exclude any testimony from Sarah Washburn in the trial of their injunctive relief claims against Herman Jones.  Specifically, they seek to exclude legal conclusions and opinions which she developed and provided while training Kansas Highway Patrol ("KHP") troopers.  Plaintiffs argue that this testimony is highly prejudicial and misleading under Federal Rule of Evidence 403 because it positions Washburn as a legal expert when she has not been designated or qualified as such and, moreover, such opinion testimony would not be helpful to the jury under Rules 701, 702 and 704, Fed. R. Evid., and would threaten to usurp the Court's role in determining and instructing the jury on the applicable law.

Defendant Jones responds that Washburn's testimony is admissible "for the reasons stated in Doc(s). 322, 390 & 391"—which, oddly enough, either do not address Washburn's testimony or argue that her testimony is *not* admissible.  <u>Defendant Jones' Response In Opposition To Renewed Motions In Limine</u> (Doc. #462) filed March 22, 2023 in D. Kan. No. 19-1343 at 2. Defendant has not listed Washburn to testify at trial and he argues that training which she provided KHP troopers is not relevant, that her testimony is potentially inadmissible under Rule 404(b), Fed. R. Evid., and that plaintiffs' motion in limine is moot.  Defendant continues, however, as follows: if plaintiffs are permitted to introduce KHP training on "reasonable suspicion," relevant case law pertaining to Terry stops, the so called "two-step" or the like, plaintiffs "should not be allowed to excise evidence of the training when it is formulated, in part or whole, on description of the law as Washburn understands it."  Plaintiffs do not respond to this argument, so the Court assumes that they do not intend to pursue this litigation strategy.

---

(. . . continued)

The rulings in this order apply to the consolidated trial of all plaintiffs' claims against Herman Jones.  The Court has previously resolved all motions in limine addressed to the trial of the damages claims of Joshua Bosire against Trooper Brandon McMillan.

As noted, plaintiffs seek to enjoin the KHP's continued practice of relying on out-of-state plates or travel plans and KHP's use of a maneuver called the Two-Step to unlawfully prolong roadside detentions. Their suit is against Herman Jones, a state official in his official capacity, for prospective relief only. It thus constitutes an exception to the general principle that states are immune from suit pursuant to the Eleventh Amendment. See Ex Parte Young, 209 U.S. 123 (1908). The standard for municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694–95 (1978), "has no applicability" to lawsuits brought pursuant to Ex Parte Young. See Rounds v. Clements, 495 F. App'x 938, 941 (10th. Cir. 2012) (citing Monell, 436 U.S. at 694–95); see also Spann v. Hannah, No. 20-3027, 2020 WL 8020457, at *3 (6th Cir. Sept. 10, 2020) (citing Rounds, 495 F. App'x at 941); Cain v. City of New Orleans, No. CV 15-4479, 2017 WL 467685, at *17, (E.D. La. Feb. 3, 2017) (same). Instead, to prevail against Jones under Ex parte Young, plaintiffs must (1) show an ongoing violation of federal law and (2) seek prospective relief only, e.g., "not a declaration that a state officer has violated plaintiff's rights in the past." Turner v. Nat'l Council of State Boards of Nursing, Inc., No. 11-2059-KHV, 2012 WL 1435295, at *15 (D. Kan. Apr. 24, 2012), aff'd, 561 F. App'x 661 (10th Cir. 2014). Because Monell standards of liability such as "deliberate indifference" are inapplicable here, plaintiffs only need to show that a causal nexus between Jones' conduct—specifically his failure, as the head of the KHP, to ensure his troopers are complying with the Constitution—and the continuing constitutional violations occurring in the field under his watch.

Because Washburn has not been designated or proffered as an expert, her testimony would be limited to facts—not opinions. Even so, her training, instruction and understanding of the law are not relevant to plaintiffs' claim that KHP troopers continue to rely on out-of-state plates or travel plans and use a maneuver called the Two-Step to unlawfully prolong roadside detentions.

3

Washburn's testimony is therefore subject to exclusion under Rule 403, Fed. R. Evid. (unduly prejudicial, waste of time, confusing to jury).

Lacking any argument that Washburn's testimony is relevant and non-prejudicial, the Court sees no reason why plaintiffs' motion in limine should not be sustained.

**IT IS THEREFORE ORDERED** that <u>Plaintiffs' Renewed Motions In Limine</u> (Doc. #458) filed March 10, 2023 in D. Kan. No. 19-1343, which incorporates <u>Plaintiffs Blaine Shaw And Joshua Bosire's Motion In Limine To Limit The Testimony Of Sarah Washburn</u> (Doc. #371), filed January 17, 2023 in D. Kan. No. 19-1343, be and hereby is **SUSTAINED AS TO SARAH WASHBURN.**

Dated this 3rd day of April, 2023 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge