IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **BLAINE FRANKLIN SHAW et al.,** ) | | |
| ) | | |
| Plaintiffs, ) | **CIVIL ACTION** | |
| ) | | |
| v. ) | **No. 19-01343-KHV** | |
| ) | | |
| **HERMAN JONES, in his official capacity as** ) | | |
| **The Superintendent of the Kansas Highway** ) | | |
| **Patrol,** ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |
| **MARK ERICH et al.,** ) | | |
| ) | | |
| Plaintiffs, ) | **CIVIL ACTION** | |
| ) | | |
| v. ) | **No. 20-1067-KHV** | |
| ) | | |
| **HERMAN JONES, in his official capacity as** ) | | |
| **The Superintendent of the Kansas Highway** ) | | |
| **Patrol,** ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Renewed Motions In Limine (Doc. #458) filed March 10, 2023 in D. Kan. No. 19-1343, which incorporates Plaintiffs' Motion To Exclude Or Limit The Testimony Of Christi Asbe (Doc. #305), filed September 8, 2022 in D. Kan. No. 19-1343. For reasons briefly stated below, plaintiffs' motion is sustained.[1]

---

[1] To expedite a ruling on this motion, because this case is set for trial commencing April 24, 2023, the Court is communicating the reasons for its decision without attempting to draft a legal treatise or cite relevant case law. The law in this area is clear, and the Court has taken into account the authorities which are cited in the parties' briefs, along with other authorities. If necessary for future proceedings, the Court may supplement this order with additional findings of fact or legal citations.

(continued . . .)

Plaintiffs seek to exclude testimony by Christi S. Asbe, Accreditation Manager for the Kansas Highway Patrol, a so-called "non-retained expert" under Fed. R. Civ. P. 26(a)(2)(C), in the trial of their injunctive relief claims against Herman Jones.  See Defendant Jones' Amended Rule 26(a)(2)(C) Disclosures (Doc. #371-4) filed January 17, 2023 in D. Kan. No. 19-1343 at 2.  As KHP's Accreditation Manager, Asbe oversees the Kansas Highway Patrol's accreditation process with the Commission on Accreditation for Law Enforcement Agencies ("CALEA"), a credentialing organization for law enforcement agencies.  Asbe plans to testify about "KHP's accreditations, CALEA Standards, and KHP's compliance to national standards for best law enforcement practices (including training)."  Id. at 3.

Plaintiffs argue that Asbe's proposed testimony is neither relevant nor reliable, and will not assist the trier of fact in resolving any material issue before the Court.  Plaintiffs also argue that Asbe does not have the necessary qualifications or expertise to render expert opinions, and that her testimony should be limited to facts, not opinions.  Defendant Jones opposes the motion, arguing that as the manager of KHP's national accreditation process, Asbe is qualified to testify about compliance and training, and that her testimony is necessary to establish a lack of deliberate indifference to plaintiffs' constitutional rights.

In this case, plaintiffs seek to enjoin the KHP's continued practice of relying on out-of-state plates or travel plans and KHP's use of a maneuver called the Two-Step to unlawfully prolong roadside detentions.  Their suit is against Herman Jones, a state official in his official capacity, for prospective relief only.  It thus constitutes an exception to the general principle that states are

---

(. . . continued)
The rulings in this order apply to the consolidated trial of all plaintiffs' claims against Herman Jones.  The Court has previously resolved all motions in limine addressed to the trial of the damages claims of Joshua Bosire against Brandon McMillan.

2

immune from suit pursuant to the Eleventh Amendment.  See Ex Parte Young, 209 U.S. 123 (1908).  The standard for municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694–95 (1978), "has no applicability" to lawsuits brought pursuant to Ex Parte Young.  See Rounds v. Clements, 495 F. App'x 938, 941 (10th. Cir. 2012) (citing Monell, 436 U.S. at 694–95); see also Spann v. Hannah, No. 20-3027, 2020 WL 8020457, at *3 (6th Cir. Sept. 10, 2020) (citing Rounds, 495 F. App'x at 941); Cain v. City of New Orleans, No. CV 15-4479, 2017 WL 467685, at *17, (E.D. La. Feb. 3, 2017) (same).  Instead, to prevail against Jones under Ex parte Young, plaintiffs must (1) show an ongoing violation of federal law and (2) seek prospective relief only, e.g., "not a declaration that a state officer has violated plaintiff's rights in the past."  Turner v. Nat'l Council of State Boards of Nursing, Inc., No. 11-2059-KHV, 2012 WL 1435295, at *15 (D. Kan. Apr. 24, 2012), aff'd, 561 F. App'x 661 (10th Cir. 2014).  Because Monell standards of liability such as "deliberate indifference" are inapplicable here, plaintiffs only need to show that a causal nexus between Jones' conduct—specifically his failure, as the head of the agency, to ensure his troopers are complying with the Constitution—and the continuing constitutional violations occurring in the field under his watch.

Because Asbe has not been designated or proffered as an expert, her testimony would be limited to facts—not opinions.  Even so, CALEA accreditations are not relevant to plaintiffs' claim that KHP troopers continue to rely on out-of-state plates or travel plans and use a maneuver called the Two-Step to unlawfully prolong roadside detentions.  Furthermore, lack of deliberate indifference is not a defense to plaintiffs' claims.  Asbe's testimony is therefore subject to exclusion under Rule 403, Fed. R. Evid. (unduly prejudicial, waste of time, confusing to jury).  Her testimony would essentially result in mini-trials on CALEA's accreditation process—which really represents nothing more than third-person hearsay opinion evidence that KHP has adopted

Case 6:19-cv-01343-KHV   Document 466   Filed 04/03/23   Page 4 of 4

CALEA-compliant standards (which, significantly, are not constitutional standards).

In short, whether CALEA believes that the KHP subscribes to best practices for law enforcement, has gone so far as to adopt some policies that even CALEA does not require, or that the KHP complies with national CALEA standards for best law enforcement practices is not relevant. For the same reason, the KHP's efforts to qualify for certification by CALEA are not relevant. Proof of certification and compliance with CALEA standards lacks sufficient relevance to justify the time and expense of litigation, and the risk of confusing the jury. Rule 403, Fed. R. Evid.

**IT IS THEREFORE ORDERED** that Plaintiffs' Renewed Motions In Limine (Doc. #458) filed March 10, 2023 in D. Kan. No. 19-1343, which incorporates Plaintiffs' Motion To Exclude Or Limit The Testimony Of Christi Asbe (Doc. #305), filed September 8, 2022 in D. Kan. No. 19-1343, be and hereby is **SUSTAINED AS TO CHRISTI ALBE.**

Dated this 3rd day of April, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge