IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOSHUA BOSIRE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-01343-KHV |
| | ) | |
| BRANDON MCMILLAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on <u>Defendant McMillan' [sic] Motion And Memorandum In Support Of Judgment Pursuant To Rule 50</u> (Doc. #497) filed April 27, 2023. Pursuant to Rule 50, Fed. R. Civ. P., defendant seeks qualified immunity on Joshua Bosire's Fourth Amendment claim.

On April 27, 2023, the jury returned a verdict against McMillan, awarding plaintiff $20,163.70 in actual damages and $20,000.00 in punitive damages. Plaintiff has established that defendant violated his Fourth Amendment right to be free from unreasonable seizures, and defendant does not claim otherwise.

Defendant's sole argument is that plaintiff cannot prove that the right which he violated was clearly established at the time of the challenged conduct. Defendant argues that to meet his burden, plaintiff "must come forward with controlling authority (one case or a combination of cases) that informed Schulte [sic] that the totality of all the circumstances he relied upon did not amount to reasonable suspicion." <u>Id.</u> at 11. By "all the circumstances," McMillan apparently refers to nine pages of facts, set forth in the light most favorable to him, and insists that to overcome his qualified immunity defense, plaintiff must show specific cases which reject each of these facts, separately and

together, as permissible grounds for establishing reasonable suspicion.  Id. at 1–9.  In so arguing, McMillan misstates the governing law.

Plaintiff does not have to show cases directly on point for every one of the facts which he cites.  And this case involved no novel Fourth Amendment issues.  McMillan does not identify any tenets of Fourth Amendment law of which a reasonable officer would have been unaware.

To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent.  The rule must be "settled law," Hunter v. Bryant, 502 U.S. 224, 228 (1991) (per curiam), which means it is dictated by "controlling authority" or "a robust 'consensus of cases of persuasive authority,'" Ashcroft v. al-Kidd, 563 U.S. 731, 741–42 (2011) (quoting Wilson v. Layne, 526 U.S. 603, 617 (1999)).  The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule that plaintiff seeks to apply.  See Reichle v. Howards, 566 U.S. 658, 664 (2012).  In other words, existing law must have placed the constitutionality of the officer's conduct "beyond debate."  Al-Kidd, 563 U.S. at 741.  This demanding standard protects "all but the plainly incompetent or those who knowingly violate the law."  Malley v. Briggs, 475 U.S. 335, 341 (1986).

Based on the evidence presented at trial, and considering the jury verdict—with which the Court whole-heartedly concurs—the record establishes that no matter how competent McMillan may have been in other technical areas, he was plainly incompetent to conduct roadside interdiction in compliance with the Fourth Amendment and/or that he knowingly violated the law which was clearly established at the time of his encounter with Bosire.

**IT IS THEREFORE ORDERED** that Defendant McMillan' [sic] Motion and Memorandum In Support Of Judgment Pursuant To Rule 50 (Doc. #497) filed April 27, 2023, be and hereby is **OVERRULED**.

Dated this 5th day of May, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge