## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BLAINE FRANKLIN SHAW, *et al*., | |
| *Plaintiffs*, | |
| | **Case No. 19-1343-KHV-GEB** |
| v. | |
| HERMAN JONES in his official capacity as the Superintendent of the Kansas Highway Patrol, *et al*., | |
| *Defendants*. | |

| | |
|---|---|
| MARK ERICH, *et al*., | |
| *Plaintiffs*, | |
| | |
| v. | **Case No. 20-1067-KHV-GEB** |
| HERMAN JONES, *KHP Superintendent*, | |
| *Defendant*. | |

## PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

Plaintiffs provide the following response to the Court's Order to Show Cause on Plaintiffs' Motion to Strike Defendant Jones' Untimely Objections and Counter Designations (Doc. #537 in Case No. 19-1343 and Doc. #84 in Case No. 20-1067) filed June 20, 2023.

1.     Prior to trial, Plaintiffs filed objections to Defendant Jones' counter deposition designations and moved to strike Defendant Jones' untimely objections and counter-designations. (Doc. #488 in Case No. 19-1343 and Doc. #57 in Case No. 20-1067).

2.     Plaintiffs argued that the Court should strike Defendant Jones' objections and counter-designations because they were untimely filed. (Doc. #488 p. 2, Doc. #57 p. 2.) In the

event the Court was not inclined to strike Defendant Jones' counter-designations, Plaintiffs objected to certain counter-designations. (Doc. #488 pp. 3-4, Doc. #57 p. 3-4.) The Court took Plaintiffs' motion to strike under advisement.

3.      In the interest of efficiency at trial, counsel for Plaintiffs and Defendant Jones agreed that the Court would receive both parties' designations for review and that the Court would take each party's written objections under advisement without a need to restate objections. Similarly, Plaintiffs' counsel agreed that Defendant Jones could submit his counter-designations on transcripts rather than read them into the record but reiterated that Plaintiffs' motion to strike was still pending.

4.      Plaintiffs maintain that the Court should strike Defendant Jones' objections and counter-designations because they were untimely. Pretrial deadlines exist for good reason: to give both parties the opportunity the same amount of time to review submissions and respond and object as necessary. Defendant Jones did not timely file his objections and counter-designations, resulting in limited time for Plaintiffs to review and respond. Although Plaintiffs ultimately were able to submit their objections, their motion to strike Defendant's counter designations and objections was still proper and fully supported. If the designations are stricken, the Court should not consider them as evidence in this case, and they should not become part of the formal record in the event of any appeal.

5.      Likewise, although full deposition transcripts were submitted at the Court's request, Plaintiffs contend that only the portions that were *designated* as trial testimony are appropriate for the Court's consideration. *See* Local Rule 16.2(b)("With respect to any witness who will appear by deposition, the disclosure **must designate** by page and line (or other appropriate designation in the case of a videotaped deposition) ***those portions*** of the deposition the offering party intends to

*offer into evidence.*) (emphasis added); Doc. 338 Order Setting Pretrial Filing Deadlines at § I.d. ("consistent with Fed. R Civ. P. 26(a)(3)(A)(ii), any deposition testimony which a party seeks to offer . . . *shall be designated* by page and line in a pleading and filed . . . counter-designations in accordance with Fed. R. Civ. P. 32(a)(6), together with any objections to designations made by the offering party, *shall be filed* . . . any objections to the counter-designations *shall be filed*.) (emphasis added).

6.     Consistent with that position, Doc. #521 attaches deposition designations and objections of all parties for Justin Rohr, Chandler Rule, Greg Jirak, and Ryan Wolting. *See also* Video Deposition Designations at Tr. Exs. 130, 131, 132, 133, 134. Only the pages of the depositions that contain designations were filed, and pages without designations were removed before filing. (Doc. ##521-1, 521-2, 521-3, 521-4.) The red highlighting indicates Plaintiffs' designations; the blue highlighting indicates Defendant's designations; and green highlighting indicates objections. The parties maintained their objections filed at Doc. ##487 and 488.

7.     Considering only the *designated* portions of the depositions is necessary for two reasons: (1) the parties were not on notice of a need to and did not have an opportunity to object to deposition testimony except that which was designated; and (2) similarly, the parties were not on notice of a need to and therefore did not have an opportunity to otherwise rebut non-designated testimony otherwise included in the full transcripts. Consideration of evidence that Plaintiffs were not afforded an opportunity to either object to or rebut would be highly prejudicial and unjust.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court strike Defendant Jones' untimely objections and counter designations.

3

Respectfully submitted by,

**AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF KANSAS**

Sharon Brett                    KS # 28696
Kunyu Ching                     *Pro hac vice*
15601 Barkley St., Suite 500
Overland Park, KS 66212
Phone: (913) 490-4110
Fax: (913) 490-4119
sbrett@aclukansas.org
kching@aclukansas.org


**AMERICAN CIVIL LIBERTIES
UNION FOUNDATION**

Brian Hauss                     *Pro Hac Vice*
125 Broad Street, Floor 18
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2654
bhauss@aclu.org

and

**SPENCER FANE LLP**

s/ Madison A. Perry
Leslie A. Greathouse            KS # 18656
Patrick McInerney               KS # 22561
Madison A. Perry                KS # 27144
Olawale O. Akinmoladun          KS # 25151
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Phone: (816) 474-8100
Fax: (816) 474-3216
lgreathouse@spencerfane.com
pmcinerney@spencerfane.com
mperry@spencerfane.com
wakinmoladun@spencerfane.com

*Attorneys for Plaintiffs*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of June 2023, a copy of the foregoing was filed and served via the Court's electronic filing system on all counsel of record.

<u>s/ Madison A. Perry</u>
Attorney for Plaintiffs

KC 20506676.3