IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BLAINE FRANKLIN SHAW, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-CV-1343-KHV |
| | ) | |
| ERIK SMITH, in his official capacity as the Superintendent of the Kansas Highway Patrol, | ) ) | |
| | ) | |
| Defendant. | ) ) | |
| MARK ERICH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 20-CV-1067-KHV |
| | ) | |
| ERIK SMITH, in his official capacity as the Superintendent of the Kansas Highway Patrol, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

**DEFENDANTS REPLY TO PLAINTIFFS' POSITION ON
UNRESOLVED ISSUES OF THE PROPOSED INJUNCTION**

**Parties**

The parties agree that the injunction should be binding on all KHP troopers. Plaintiffs contend that the parties also agreed that the scope of the injunction should include all motorists on all roads in Kansas. In support of this alleged agreement plaintiffs cite Doc. 88 at 5-6 and Doc. 166 at 2-3. (Doc. 560 at 3).

In Doc. 88 at 5, Defendant stated: "The equitable relief that the named plaintiffs demand against Defendant Jones, if granted, would benefit the putative class members without the certification of a class."

1

In Doc. 166 at 2, Defendant stipulated: "The equitable relief that the named plaintiffs demand against Defendant Jones, if granted, would benefit the putative class members without the certification of a class. Stated another way, any declaratory or injunctive relief which has been demanded would run to all persons similarly situated."

The Court subsequently entered the following order: "On May 20, 2021 plaintiffs represented to the Court that "if Defendant Jones would agree...that any equitable relief obtained by the Named Plaintiffs... would inure to the benefit of the putative class members without certification of a class, then there is no need to certify a class." Certain Plaintiffs' Response to Order To Show Cause (Doc. [165]) filed May 20, 2021 at 2. Defendant Jones so stipulated. Defendant's Response To Court's Show Cause Order Concerning Class Certification (Doc. [166]) filed May 20, 2021 at 2. Plaintiffs' Motion for Class Certification filed November 9, 2020, is therefore moot and is hereby overruled." (Doc. 185 at 1).

Therefore, consistent with that stipulation, the scope of the injunction should include all putative class members. In other words, all persons similarly situated to plaintiffs.

## Investigatory Stops

Plaintiffs argue that all traffic stops should be documented for statistical purposes. Given that, in plaintiffs view, "the central issue in this case is why – and when – the KHP turns a routine traffic encounter into something more." (Doc. 560 at 11), there appears to be no reason to require documentation of all routine traffic encounters that do not become something more.

Plaintiffs also contend that KHP already documents all routine traffic stops and could easily provide spreadsheets containing that data. KHP is presently determining whether the requested data could be easily provided. If so, the parties should be able to reach an agreement on this issue.

**Additional Supervisor Training**

It appears the parties agree that additional supervisor training would accomplish essentially the same goal as hiring a substantial number of additional supervisors and requiring all supervisors to work the same shifts, days and hours as the troopers they supervise.

In addition to the 24 hours of training during the first year and 10 hours thereafter for all troopers, KHP proposes 4 more hours during the first year for all supervisors focusing specifically on their responsibilities as supervisors, and an additional 2 hours annually thereafter. Development of training curricula and testing protocol will be the same as that required for other training.

Plaintiffs contend this is insufficient and proposes 8 hours of additional supervisor training initially and annually. Thus, it appears the only unresolved issue is the number of additional hours of supervisor specific training. Defendant anticipates the parties will be able to reach an agreement concerning the number of additional hours of supervisor training.

## CONCLUSION

WHEREFORE, for the above and foregoing reasons, and those set forth in previous filings, Defendant respectfully requests the Court modify the proposed injunction as outlined herein and in previous filings.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS KOBACH

*/s/ Stanley R. Parker*
Stanley R. Parker, KS #10971
Assistant Attorney General/Trial Counsel
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas, 66612-1597
Phone: (785) 368-8423

                Fax:   (785) 291-3767
                Email:  stanley.parker@ag.ks.gov
                *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 26th day of September 2023, the above and foregoing was filed and served using the Court's CM/ECF system, which sent electronic notice to all counsel of record.

                */s/ Stanley R. Parker*
                Stanley R. Parker