# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BLAINE FRANKLIN SHAW, *et al.*,<br><br>   *Plaintiffs*,<br><br>v.<br><br>ERIK SMITH in his official capacity as the Superintendent of the Kansas Highway Patrol, *et al.*,<br><br>   *Defendants*. | **Case No. 19-1343-KHV-GEB** |
| MARK ERICH, *et al.*,<br><br>   *Plaintiffs,*<br><br>v.<br><br>ERIK SMITH, *KHP Superintendent,*<br><br>   *Defendant.* | **Case No. 20-1067-KHV-GEB** |

### PLAINTIFFS' NOTICE REGARDING DRAFTS OF FORMS, LOGS, AND OTHER MATERIALS DUE TO THE COURT

Following the status conference before this Court on September 11, 2023, the Court ordered Defendant Erik Smith to submit "*agreed* administrative forms that the Court can require to implement the terms of the proposed injunction," including "consent forms, logs, reports, and all other documents which the Court may require." Doc. 556 (emphasis added). Those administrative forms are due today, October 11, 2023. *Id.* Plaintiffs have endeavored to meet and confer with Defendant on several occasions regarding Defendant's proposal for these forms, in an attempt to reach agreement prior to the submission deadline. Unfortunately, Plaintiffs must file

this Notice with the Court to inform the Court that Defendant appears unwilling or unable to comply with the Court's order that the Defendant submit forms to which all parties agree.

Following the Court's order, Plaintiffs' counsel scheduled a virtual meeting with defense counsel on September 14 to discuss whether the parties could come to any joint resolution of remaining outstanding issues and logistics regarding exchange of drafts for the forms that were to be submitted by agreement. During this meeting, counsel for Defendant expressed concerns with whether forms could be approved by necessary people within KHP in time to exchange drafts. Counsel for Plaintiffs responded that an extension would need to be requested from the Court but that they would agree to a limited one if needed. Counsel for Plaintiff asked that, absent an extension, drafts be provided to Plaintiff's counsel for review a week before the Court's October 11 deadline. Counsel for Defendant agreed to provide initial drafts of *all* required administrative forms by October 4. On October 3, 2023, Defendant forwarded three forms to Plaintiffs for review—a combined "consent to search/voluntary contact/consent for K-9" form; a "vehicle detention report" form that is substantially similar to the form already in operation by the KHP; and an excel spreadsheet with a small number of columns, which KHP asserts will serve as a "detention log." Defendant also requested that the parties revisit portions of the injunction already fully briefed before the Court, and again raised the same objections to certain provisions that the Court had previously overruled during the September 11th status conference.

Plaintiffs' counsel responded the next morning raising concerns with the sufficiency and adequacy of these submissions. Plaintiffs indicated an unwillingness to revisit decisions already issued by this Court, particularly about the need for written consent forms. Plaintiffs also raised the same concerns regarding the "vehicle detention report" that were raised during testimony at trial. Specifically, Plaintiffs repeated two concerns: (1) that the form continued to direct troopers

to inquire about and rely on state of origin and destination, without any warnings regarding the impropriety of doing so in the context of the Court's findings; and (2) that the form still included check-boxes for "reasonable suspicion factors," which serve to spoon-feed troopers potential justifications for detentions, and are inconsistent with the Court's admonition that the reasons for detaining a driver must be explained in a narrative paragraph devoid of stock or canned language. Plaintiffs noted that Defendant had not proposed *anything* for certain forms, including the data analysis and reporting protocol called for under the terms of the proposed injunction.

Plaintiffs' counsel emailed again the next day, on October 5, 2023, asking for a conference call to discuss these concerns and highlighting that KHP's submissions for Plaintiffs' consideration reflected an unwillingness to engage in the court-ordered process, and did not meaningfully move the needle towards reaching a consensus. In an attempt to have a productive dialogue, Plaintiffs' counsel requested that the individuals at KHP responsible for designing and implementing the required forms be present for the conference call so that issues could be discussed and resolved amongst the parties without delay.

The parties held a meet and confer via telephonic conference on October 6, 2023. The only attendee for Defendant was Mr. Stanley Parker. During that call, Mr. Parker agreed to go back to his client to inquire about Plaintiffs' requested changes. Mr. Parker indicated that he did not know who the KHP decision makers were for the particular forms as he has not been in contact with them, but Mr. Parker agreed to provide responses via email on either October 9th or 10th so the parties could attempt to reach agreement prior to the October 11, 2023 submission deadline. To date, defense counsel has not provided any further response, despite further email from Plaintiff's counsel asking for updates.

Plaintiffs have represented to the Court and to Defendant that they are ready, willing, and able to discuss the requirements of the injunction and the forms necessary to carry out its terms to ensure buy in from Defendant and the entire agency. As Plaintiffs expressed at the last hearing, they believe it is necessary for Defendant to actively engage in establishing the forms and process rather than simply relying on Plaintiffs and the Court to do its leg work for them. Disappointingly, Defendant does not appear willing to engage. Plaintiffs do not want to drag this remedial process out any further than has already occurred and have therefore proactively attempted to reach resolution and abide by the Court's schedule. Again, disappointingly, Defendant does not appear to have the same commitment.

Plaintiffs do not know the status of the administrative forms due to the Court today, or whether Defendant intends to submit anything at all. If Defendant does submit his preferred version of the forms, Plaintiffs wish to clarify that those forms have not been agreed upon, and Plaintiffs request the opportunity to have their objections and requested modifications heard at an in-person status conference. Plaintiffs request that the Court require in-person attendance of persons at KHP who are responsible for drafting, implementing, and approving the necessary forms.

Respectfully submitted by,

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS**
s/ Sharon Brett
Sharon Brett                KS # 28696
Kunyu Ching                 *Pro hac vice*
15601 Barkley St., Suite 500
Overland Park, KS 66212
Phone: (913) 490-4110
Fax: (913) 490-4119
sbrett@aclukansas.org
kching@aclukansas.org

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
Brian Hauss                 *Pro Hac Vice*
125 Broad Street, Floor 18
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2654
bhauss@aclu.org

and

**SPENCER FANE LLP**
s/ Madison A. Perry
Leslie A. Greathouse        KS # 18656
Patrick McInerney           KS # 22561
Madison A. Perry            KS # 27144
Olawale O. Akinmoladun      KS # 25151
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Phone: (816) 474-8100
Fax: (816) 474-3216
lgreathouse@spencerfane.com
pmcinerney@spencerfane.com
mperry@spencerfane.com
wakinmoladun@spencerfane.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 11th day of October 2023, a copy of the foregoing was filed and served via the Court's electronic filing system on all counsel of record.

                                                    s/ Madison A. Perry
                                                    Attorney for Plaintiffs