# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BLAINE FRANKLIN SHAW, et al., | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | **No. 19-CV-1343-KHV** |
| | ) | |
| ERIK SMITH, in his official capacity as the | ) | |
| Superintendent of the Kansas Highway Patrol, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| MARK ERICH, et al., | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | **No. 20-CV-1067-KHV** |
| | ) | |
| ERIK SMITH, in his official capacity as the | ) | |
| Superintendent of the Kansas Highway Patrol, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S PROPOSED FORMS AND UNRESOLVED ISSUES

COMES NOW the Defendant, and submits the attached proposed forms and the following outline of unresolved issues in response to this Court's September 11, 2023 order. (Case # 20-CV-01067-KHV-GEB, Doc. 102; Case # 19-CV-1343-KHV, Doc. 556).

### Form HP-141

In part 1, plaintiffs object to entries labeled "Origin of Travel", "Destination of Travel", and "Purpose of Travel". Plaintiffs contend that this Court's order and proposed injunction prohibit defendant from obtaining any information regarding travel plans, that including these entries violates the order and proposed injunction, and that they must therefore be deleted.

1

Defendant contends that information about travel plans is a legitimate investigative tool permitted by 10th Circuit and US Supreme Court precedent.  The order and proposed injunction provide: "[W]hen KHP troopers develop reasonable suspicion with regard to motorists on I-70, they must give no weight to the fact that a motorist is traveling (1) toward a "drug source" or "drug destination" state, (2) away from a "drug source" or "drug destination" state, or (3) on a drug corridor."  The order and proposed injunction do not prohibit inquiry into travel plans.  Therefore, including these entries does not violate the order and proposed injunction, and they need not be deleted.

In part 2, plaintiffs object to the check boxes for reasonable suspicion factors.  Plaintiffs contended that the proposed injunction calls for a narrative explanation of the basis for reasonable suspicion, and that including the checkboxes or other lists of relevant factors defeats the purpose of the narrative by "spoon feeding" information to troopers to get them to justify detentions.

Defendant contends that the check boxes on the form are simply intended to guide troopers in what to look for. A significant part of the form is devoted to the trooper's written narrative, where they explain why the factors they observed are suspicious. The form also contains a number of reminders to complete the narrative portion and a requirement that supervisors review to ensure adequate articulation. There is nothing wrong with providing a list of possible factors.

Included in the attached forms is one for written consent for a voluntary encounter. Defendant renews its objection to this requirement and contends that the better approach would be a verbal warning, similar to a Miranda warning, for the following reasons.  Requiring a written signed consent will interfere with troopers ability to talk to people. A voluntary contact is primarily used where the officer has a hunch but not enough to meet the reasonable

2

suspicion standard. The ability to ask a few questions on a voluntary basis helps resolves this. There is also an officer safety concern. These situations often occur when the trooper senses something is off with the situation, but may not be able to articulate it yet, in which case the trooper needs to remain focused on the individual and their actions instead of having their attention distracted by completing this form.

Defendant proposes the following verbal warning:

"The traffic stop for which you were detained has concluded and you are free to leave. With your permission, I would like to ask you some additional questions. You are free to decline and may leave at any point. Do you understand?

Will you agree to answer additional questions?"

This verbal exchange will be on the in-car video so there will be a record of how it was done. The written log will provide the Court the ability to locate the video for review, if desired, and to oversee the circumstances and frequency of use.

Plaintiffs do not agree with using the proposed verbal warning instead of a written form.

**Formats and Protocols**

Plaintiffs contend that, in addition to the attached proposed forms, defendant is also required to submit specific protocols for data analysis, outcome assessments, and compliance reviews.  Defendant contends that those items are not required at this time.  The proposed injunction, as stated by the Court in its August 30 order, includes the following: "The KHP shall develop a protocol for comprehensive analysis, no less frequently than every three months, of the foregoing data. The report shall analyze the data, identify steps taken to correct problems and shall be publicly available, served on the parties in this case and filed with the

Court." In a footnote the Court orders the parties "to submit an agreed format for this analysis and report." That order does not establish a deadline for that submission. Defendant contends that the more appropriate time to develop formats and protocols is after the content of the proposed forms is finalized, thereby identifying all data to be collected and analyzed.

During discussions with plaintiff's counsel, defense counsel identified topics defendant suggests should be included in the protocols for data analysis, outcome assessments and compliance reviews, and requested plaintiffs comments or input. Plaintiffs counsel declined.

Finally, for the record and at the risk of being repetitive, by complying in good faith with all orders of the Court, specifically including orders to confer and submit proposed agreed injunctions, forms, and other documents, Defendant does not intended to waive its right to appeal any and all decisions, rulings and orders, including but not limited to the issuance of any injunction and the specific content thereof. Defendants continued good faith compliance with all such orders is not to be deemed acquiescence, and any agreed or joint submissions to the Court are not agreed orders or consent orders.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS KOBACH

*/s/ Stanley R. Parker*
Stanley R. Parker, KS #10971
Assistant Attorney General/Trial Counsel
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas, 66612-1597
Phone: (785) 368-8423
Fax:    (785) 291-3767
Email:  stanley.parker@ag.ks.gov
*Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of September 2023, the above and foregoing was filed and served using the Court's CM/ECF system, which sent electronic notice to all counsel of record.

*/s/ Stanley R. Parker*
Stanley R. Parker
