**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| BLAINE FRANKLIN SHAW, *et al.*,<br><br>   *Plaintiffs*,<br><br>v.<br><br>ERIK SMITH in his official capacity as the Superintendent of the Kansas Highway Patrol, *et al.*,<br><br>   *Defendants*. | **Case No. 19-1343-KHV-GEB** |
| MARK ERICH, *et al.*,<br><br>   *Plaintiffs,*<br><br>v.<br><br>ERIK SMITH, *KHP Superintendent,*<br><br>   *Defendant.* | **Case No. 20-1067-KHV-GEB** |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS**

As the prevailing parties, Plaintiffs Blaine Shaw, Samuel Shaw, Joshua Bosire, Mark Erich, and Shawna Maloney hereby move for recovery of reasonable attorneys' fees and non-taxable litigation expenses pursuant to 42 U.S.C. § 1988(b), Federal Rule of Civil Procedure 54(d), and D. Kan. Rule 54.2. In support of this motion, Plaintiffs state as follows:

1. On December 19, 2019, Plaintiffs Blaine and Samuel Shaw filed Case No. 19-cv-1343. (Doc. #1.) On January 30, 2020, the Shaws and Joshua Bosire filed an amended complaint. (Doc. #7.) That case was later consolidated with Case No. 20-cv-1067, filed by Plaintiffs Mark

Erich and Shawna Maloney. (Doc. #84.) All Plaintiffs asserted claims pursuant to 42 U.S.C. § 1983. (Doc. #290 at 2–3, 39–40.)

2. In January 2023, the parties agreed to settle Samuel Shaw's damages claims, and the Court entered a consent judgment accordingly. (Doc. #366.) Mr. Shaw continued to pursue his claims for prospective injunctive and declaratory relief.

3. On February 6-8, 2023, a jury trial on Blaine Shaw's damages claims took place. (Doc. #248, 431, 435.) On April 24-27, 2023, a jury trial on Mr. Bosire's damages claims took place. (Doc. #486, 489, 492, 498.). Both juries found in favor of Messrs. Shaw and Bosire. (Doc. #438, Doc. #499.)

4. On May 1-26, 2023, the Court held a bench trial on all Plaintiffs' claims for injunctive and declaratory relief. (Doc. #501, 503, 507, 509, 511, 517, 522, 534.)

5. On July 21, 2023, the Court issued a Memorandum and Order in this case, finding that Plaintiffs succeeded on the merits of their claims and were entitled to declaratory and injunctive relief. (Doc. #539.)

6. On November 20, 2023, the Court issued a permanent injunction against Defendant and the KHP. (Doc. #582.) The following day, the Court entered judgment for Plaintiffs on all claims but one. (Doc. #583.)

7. Plaintiffs are the prevailing parties and thus entitled to fees and costs under 42 U.S.C. § 1988(b).

8. Plaintiffs' counsel consulted with opposing counsel pursuant to Local Rule 54.2(a) on November 30, 2023, at which time Plaintiffs stated that they intend to seek fees and costs in this case. Opposing counsel agreed to review Plaintiffs' fee petition and supporting documentation as it becomes available and all parties agreed to continue consultation regarding this Motion.

9. At this time, Plaintiffs intend to seek an estimated $3,067,341.24 in attorneys' fees and $438,838.38 in costs[1] incurred up to November 27, 2023.[2] These estimated numbers are subject to change based on any appeal Defendant may file, as well as Plaintiffs' continuing efforts to review billing records, determine taxability of individual costs, reduce duplication, and exercise reasonable billing judgment.

10. A more fulsome discussion of the grounds justifying the requested fees and expenses will be set out in Plaintiffs' forthcoming memorandum of points and authorities with attached evidence in support of this motion, following completion of the consultation process with Defendant. D. Kan. L.R. 54.2(a), (e); *see also Cox v. Saul*, No. 17-2556-JWL, 2021 U.S. Dist. LEXIS 64690, at *9–10, 2021 WL 1238251 (D. Kan. Apr. 2, 2021) (observing that Local Rule 54.2 "contemplates that the motion for attorney fees will be made without filing a memorandum in support, thereby allowing the parties to consult and, if the parties disagree, for the moving party to file the statement of consultation and her memorandum supporting her fee request").

11. Plaintiffs will move to amend this Motion if their final numbers are substantially different than the numbers provided above in paragraph 9.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in Plaintiffs' forthcoming memorandum in support, Plaintiffs respectfully request the Court award them approximately $3,067,341.24 in attorneys' fees and no more than $438,838.38 in non-taxable costs.

---

[1] Plaintiffs' counsel are working to ascertain between taxable costs to be included in their forthcoming bill of costs and accompanying brief and non-taxable costs requested in this motion.

[2] In their final form, these figures will not include any fees or costs associated solely with Plaintiffs' right to interstate travel claim. (*See* Doc. #352.)

Dated: December 5, 2023

Respectfully submitted by,

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS**
s/ Sharon Brett
Sharon Brett            KS # 28696
Kunyu Ching             *Pro hac vice*
6701 W. 64th St., Suite 210
Overland Park, KS 66202
Phone: (913) 490-4110
Fax: (913) 490-4119
sbrett@aclukansas.org
kching@aclukansas.org

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
Brian Hauss             *Pro Hac Vice*
125 Broad Street, Floor 18
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2654
bhauss@aclu.org

and

**SPENCER FANE LLP**
s/ Madison A. Perry
Leslie A. Greathouse        KS # 18656
Patrick McInerney           KS # 22561
Madison A. Perry            KS # 27144
Olawale O. Akinmoladun      KS # 25151
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Phone: (816) 474-8100
Fax: (816) 474-3216
lgreathouse@spencerfane.com
pmcinerney@spencerfane.com
mperry@spencerfane.com
wakinmoladun@spencerfane.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 5th day of December 2023, a copy of the foregoing was filed and served via the Court's electronic filing system on all counsel of record.

               s/ Madison A. Perry
               Attorney for Plaintiffs