IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BLAINE FRANKLIN SHAW, *et al.*,<br><br>   *Plaintiffs*,<br><br>v.<br><br>ERIK SMITH in his official capacity as the Superintendent of the Kansas Highway Patrol, *et al.*,<br><br>   *Defendants*. | **Case No. 19-1343-KHV-GEB** |
| MARK ERICH, *et al.*,<br><br>   *Plaintiffs,*<br><br>v.<br><br>ERIK SMITH, *KHP Superintendent,*<br><br>   *Defendant.* | **Case No. 20-1067-KHV-GEB** |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO ORDER TRIAL TRANSCRIPTS FOR APPEAL**

Pursuant to Federal Rule of Appellate Procedure 10(b)(3)(C), Plaintiffs Blaine Shaw, Samuel Shaw, Joshua Bosire, Mark Erich, and Shawna Maloney hereby move the Court for an order compelling Defendant Erik Smith to order certain transcripts for appeal.

**BACKGROUND**

Following two jury trials and a bench trial—all three of which resulted in verdicts for Plaintiffs—the Court entered judgment and granted a permanent injunction on November 27,

2023. Doc. #582, 583. On December 15, 2023, Smith timely filed a notice of appeal. Doc. #585. Individual trooper Defendants Doug Schulte and Brandon McMillan did not appeal.

Smith ordered all trial transcripts from the bench trial. Doc. #564, 565, 566, 567, 568, 569, 570, 589. On December 26, 2023, he filed a transcript order form ordering transcripts from the first jury trial ("the Shaw trial") except for the testimony of Chief Hassan Aden. Doc. #592. Smith did not order any transcripts from the second jury trial ("the Bosire trial").

On January 5, 2024, Plaintiffs filed and served their designation of additional transcripts to be ordered pursuant to Federal Rule of Appellate Procedure 10(b)(3)(B). Doc. #596. Plaintiffs designated all remaining portions of the Shaw trial (i.e., Chief Hassan Aden's testimony) and all transcripts from the Bosire trial. On January 18, 2024, appellate defense counsel informed Plaintiffs' counsel that the Superintendent had already previously ordered Chief Aden's testimony from the Shaw trial. *See also* Doc. #599. Smith did not order Plaintiffs' remaining designated transcripts by the deadline set under Federal Rule of Appellate Procedure 10(b)(3)(C), necessitating this motion.

## LEGAL STANDARD

Rule 10 of the Federal Rules of Appellate Procedure require an appellant to "order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary, subject to a local rule of the court of appeals." Fed. R. App. P. 10(b)(1)(A). The Tenth Circuit's local rules require the appellant to "provide all portions of the transcript necessary to give the court a complete and accurate record of the proceedings related to the issues on appeal." 10th Cir. R. 10.2(A)(1).  Moreover, "[w]hen the sufficiency of the evidence is raised, the entire relevant trial transcript must be provided." 10th Cir. R. 10.2(A)(1)(a). The Tenth Circuit has explained that "[w]hen the record on appeal fails to include copies of the documents necessary

to decide an issue on appeal, the Court of Appeals is unable to rule on that issue." *United States v. Vasquez*, 985 F.2d 491, 494 (10th Cir. 1993). Consequently, "in the absence of a transcript or a statement of the parties in lieu of a transcript (Fed. R. App. P. 10(c)), the Court of Appeals will not review an issue, even for plain error." *United States v. Olivo*, 69 F.3d 1057, 1066 (10th Cir. 1995) (quoting *United States v. Vasquez*, 985 F.2d at 495).

## ARGUMENT

Requiring Smith to order the transcripts from the Bosire trial is justified for multiple reasons.

First, as the party who initiated appellate proceedings, Smith bears the burden of ordering transcripts for the appeal. *See generally* Fed. R. App. P. 10(b) (discussing appellant's duty to order transcript for record on appeal). Other district courts within the Tenth Circuit have ruled that this burden applies regardless of financial circumstances. *United States v. Vigil*, No. CR 05-2051 JB, 2007 U.S. Dist. LEXIS 56486, at *11–12 (D.N.M. June 25, 2007) ("Because someone must bear the costs of going forward, the Tenth Circuit has reasonably placed that burden on the appellant."); *Burbank v. United States Dist. Court*, No. 2:04-CV-00742-SPF, 2008 U.S. Dist. LEXIS 57854, at *5 (D. Utah July 31, 2008) ("[C]ounterclaimant defendant's financial condition does not relieve him of his obligation to comply with Rule 10(b).").

Second, ordering the remaining trial transcripts is necessary to ensure a complete record. Based on Smith's notice of appeal, docketing statement, and motion to stay enforcement of the injunction pending appeal, he intends to challenge the Court's ruling on Plaintiffs' standing, as well as the factual and legal sufficiency of the evidence in support of the Court's injunction, both as a whole and as to specific provisions concerning the Kansas Two-Step and consent searches. *See* Doc. #585; Doc. #586 at 2–8 (discussing Smith's likelihood of success on appeal); Appellant's

3

Docketing Statement, *Shaw et al. v. Smith*, No. 23-3264, ECF No. 11054561 (10th Cir. Dec. 22, 2023). The unordered transcript portions are relevant to these issues. Mr. Bosire testified credibly on facts related to his standing for injunctive relief, and provided further evidence of the KHP's broader unconstitutional practices, which informed the Court's ruling regarding Mr. Bosire's and other Plaintiffs' entitlement to prospective relief. Trooper McMillan's testimony is also relevant evidence of the KHP's unconstitutional practices, including improper training, disregard for Tenth Circuit case law, and failure to meaningful discipline troopers that violate motorists' Fourth Amendment rights. Notably, the jury awarded punitive damages in the Bosire trial.

Finally, the Court considered the totality of evidence in all three trials in returning a verdict for Plaintiffs on their injunctive relief claim. Doc. #539 at 8–10, 12–16, 27–30. The injunction terms are based on evidence from across all three trials. *Id.* at 10 ("Prior to the bench trial against Jones, the parties stipulated that evidence from the Blaine Shaw and Bosire trials would be incorporated as part of the record in this case."). Thus, all trial transcripts are necessary to provide the Tenth Circuit with a complete and accurate record of why the Court reached its ultimate conclusions and crafted the injunction the way it did. *Vigil*, 2007 U.S. Dist. LEXIS 56486, at *1.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court require Smith to order the trial transcripts from the Bosire trial for the record on appeal.

Dated: January 19, 2024

                                              Respectfully submitted by,

                                              **AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS**
                                              s/ Kunyu Ching
                                              Kunyu Ching                  KS # 29807

        Sharon Brett        KS # 28696
        10561 Barkley St., Ste. 500
        Overland Park, KS 66212
        Phone: (913) 490-4110
        Fax: (913) 490-4119
        sbrett@aclukansas.org
        kching@aclukansas.org

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
Brian Hauss        *Pro Hac Vice*
125 Broad Street, Floor 18
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2654
bhauss@aclu.org

and

**SPENCER FANE LLP**
s/ Leslie A. Greathouse
Leslie A. Greathouse    KS # 18656
Patrick McInerney      KS # 22561
Madison A. Perry       KS # 27144
Olawale O. Akinmoladun  KS # 25151
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Phone: (816) 474-8100
Fax: (816) 474-3216
lgreathouse@spencerfane.com
pmcinerney@spencerfane.com
mperry@spencerfane.com
wakinmoladun@spencerfane.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

     I hereby certify that on the 19th day of January 2024, a copy of the foregoing was filed and served via the Court's electronic filing system on all counsel of record.

        s/Kunyu Ching
        Attorney for Plaintiffs