IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Blaine Franklin Shaw, *et al*.<br><br>                Plaintiffs,<br><br>v.<br><br>Erik Smith, in his official capacity as the Superintendent of the Kansas Highway Patrol, *et al.*,<br><br>                Defendants. | Case No. 19-CV-01343 |
| Mark Erich, *et al*.<br><br>                Plaintiffs,<br><br>v.<br><br>Erik Smith, in his official capacity as the Superintendent of the Kansas Highway Patrol, *et al.*,<br><br>                Defendants. | Case No. 20-CV-01067 |

**REPLY IN SUPPORT OF
MOTION TO STAY INJUNCTION PENDING APPEAL**

Defendant Erik Smith submits this reply in support of his motion to stay the Court's permanent injunction pending the outcome of his appeal. Many of the injunction's substantive provisions take effect 60 days from the entry of the injunction, which (after this Court's two-week extension of the injunction deadlines) will be February 2, 2024. Colonel Smith therefore respectfully requests a decision on his motion before January 26, 2024, to allow time for a stay motion in the Tenth Circuit, if necessary, before February 2, 2024. Alternatively, the Court could further extend the injunction deadlines while considering the motion.

1

A stay pending appeal should be granted for the reasons explained in Colonel Smith's motion. Plaintiffs note that this Court has previously rejected many of Colonel Smith's legal claims, but as the stay motion noted, the question in granting a stay is not whether the Court agrees with the Appellant's arguments on the merits. (After all, the fact that the party is appealing already indicates that not to be the case.) Rather, when the other stay factors are present, a stay pending appeal should be granted when an appeal presents "serious legal questions." *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996).

***Colonel Smith can demonstrate a sufficient likelihood of success on appeal.***

As Colonel Smith's stay motion explained, his appeal presents at least four serious legal questions. While Plaintiffs obviously disagree with Colonel Smith's arguments, they have failed to show that these issues are not, at minimum, subject to substantial debate.

First, while Plaintiffs cite a handful of inapposite district court decisions on standing, the Tenth Circuit will be far more interested in Supreme Court precedent. And this case is on all fours with *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). Like the plaintiff in *Lyons*, this Court has found that Plaintiffs were subjected to an unconstitutional police encounter in the past, but it is pure speculation to believe that they will not only be stopped by KHP in the future but unconstitutionally detained without reasonable suspicion following such a stop. These hypothetical future injuries are not "certainly impending," as required to provide standing. *Clapper v. Amnesty Int'l*, 568 U.S. 398, 409 (2013) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). At the very least, Plaintiffs' standing is reasonably debatable.

Second, Plaintiffs cannot escape the fact that they have shown no more than five unconstitutional police detentions. Plaintiffs refer to evidence that KHP troopers have

disproportionally stopped out-of-state drivers or relied on a driver's travel to or from a drug source state or along a drug corridor, but that does not demonstrate that any of those stops were made without reasonable suspicion. The only evidence of drivers being detained without reasonable suspicion comes from five individual stops over the course of five years. One Fourth Amendment violation a year does not amount to the sort of "extraordinary circumstances" under *Rizzo v. Goode*, 423 U.S. 362 (1976), sufficient to place an entire state law enforcement agency under federal court supervision. That is particularly true when adequate relief remains available in the form of a damages action under 42 U.S.C. § 1983 and when the exclusionary rule also provides a compelling deterrent to police misconduct.

Third, Plaintiffs cannot reconcile the Two-Step provisions of this Court's injunction with Tenth Circuit precedent. They argue that prior Tenth Circuit decisions involving the Two-Step arose in the context of motions to suppress, not § 1983 cases. But that is beside the point—the same Fourth Amendment principles apply in both contexts. The Court's conclusion that the Two-Steps here violated the Fourth Amendment directly conflicts with the Tenth Circuit cases cited in the stay motion. Doc. #586 at 6-7. But more to the point, even if the Two-Steps here were carried out in an unconstitutional manner, that does not mean every Two-Step is unconstitutional such that it would be appropriate to categorically enjoin the practice. At minimum, the tension between the injunction and Tenth Circuit precedent presents a serious legal question that warrants a stay.

Finally, Plaintiffs offer hardly any argument in defense of the injunction's consent search provisions. They claim that these provisions are intended to remedy constitutional violations involving the Two-Step, but as noted in Colonel Smith's stay motion, *none* of the stops in this

case involved a consent search. Plaintiffs simply ignore this fact. This too poses a serious legal question, particularly given that the injunction directly conflicts with the U.S. Supreme Court's decision in *Ohio v. Robinette*, 519 U.S. 33, 39-40 (1996).

### *KHP will suffer irreparable harm if a stay is not entered.*

Colonel Smith's stay motion identified three irreparable harms that KHP will suffer if a stay is not granted: (1) accrual of unrecoverable compliance costs; (2) loss of state sovereignty in exercising traditional state police powers; and (3) interference with its ability to investigate crimes and enforce the law. Plaintiffs' attempt to dismiss these harms is without merit.

Plaintiffs argue that the administrative costs of the injunction are unsubstantiated. But by its own terms, the injunction requires additional documentation, data analysis and reporting, performance compliance reviews and audits, training, and testing. Obviously, someone will have to do this work. It is therefore indisputable that the injunction imposes administrative costs on KHP, and those costs will not be recoverable in the event Colonel Smith prevails on appeal. As explained in the stay motion, this constitutes irreparable harm.

Plaintiffs attempt to dismiss the harms the injunction causes to state sovereignty by arguing that there can be no harm from complying with the Constitution. But as they admit, the injunction goes beyond the requirements of the Constitution. In fact, very few if any of the injunction's remedial actions are compelled by the Constitution. Whether or not these remedies are ultimately justified, there can be no question that they interfere with state sovereignty.

Plaintiffs' argument regarding interference with KHP's ability to investigate crimes and enforce the law suffers from the same flaw. KHP is not arguing that it is harmed by following the Constitution. Rather, the irreparable harm arises because the injunction goes beyond the

Constitution. These extra-constitutional requirements constrain KHP's ability to enforce the law in the manner it determines most appropriate, consistent with the Constitution. In addition, KHP has finite resources, so allocating staff time and money toward complying with the injunction necessarily diverts these resources from other law enforcement priorities.

### *A stay will not harm Plaintiffs.*

The third stay factor is concerned with harm to Plaintiffs, not motorists who are not parties to the case. *See McClendon*, 79 F.3d at 1020 (referencing "the absence of harm *to opposing parties* if the stay or injunction is granted" (emphasis added)). As speculative as it is that Plaintiffs will suffer future harm for purposes of standing, it is even more speculative that any hypothetical harm will occur while this case is pending on appeal. Plaintiffs argue that an injunction would help to address Bosire's anxiety, but it is well established that "fears of hypothetical future harm that is not certainly impending" do not constitute a legally cognizable injury. *See Clapper*, 568 U.S. at 416.

### *Granting a stay is in the public interest.*

Plaintiffs claim that a stay would not be in the public interest because the injunction requires KHP to comply with the Constitution. But again, the injunction's provisions go well beyond what the Constitution requires. Given the significant federalism and separation of powers implications of the injunction, the public interest is best served by staying the injunction until the Tenth Circuit completes its review. *See McClendon*, 79 F.3d at 1024.

## CONCLUSION

Colonel Smith's motion to stay the Court's permanent injunction pending appeal should be granted.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL

*/s/ Stanley R. Parker*
Stanley R. Parker, KS #10971
Assistant Attorney General/Trial Counsel
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Telephone: 785-368-8423
Fax: 785-291-3767
Email: stanley.parker@ag.ks.gov
*Attorney for Defendant Erik Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2024, the above document was filed and served using the Court's CM/ECF system, which sent electronic notice to all counsel of record.

*/s/ Stanley R. Parker*
Stanley R. Parker