IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Blaine Franklin Shaw, *et al*.<br><br>                              Plaintiffs,<br><br>v.<br><br>Erik Smith, in his official capacity as the Superintendent of the Kansas Highway Patrol, *et al.,*<br><br>                              Defendants. | Case No. 19-CV-01343 |
| Mark Erich, *et al*.<br><br>                              Plaintiffs,<br><br>v.<br><br>Erik Smith, in his official capacity as the Superintendent of the Kansas Highway Patrol, *et al.,*<br><br>                              Defendants. | Case No. 20-CV-01067 |

**RESPONSE TO PLAINTIFFS' MOTION TO COMPEL
DEFENDANT TO ORDER TRIAL TRANSCRIPTS FOR APPEAL**

Plaintiffs' motion to compel Defendant Erik Smith to order transcripts of the Bosire trial should be denied. Tenth Circuit Rule 10.2(A)(1)(b) provides that "[w]hen sufficiency of the evidence is not raised, the appellant should order only the relevant portions of the transcript and enter into stipulations that will avoid or reduce the need for transcripts." Colonel Smith's appellate counsel has already informed Plaintiffs' counsel that Colonel Smith does not intend to challenge this Court's findings regarding the Bosire stop or the conclusion that Bosire was detained without reasonable suspicion. *See* Ex. A. Colonel Smith also does not dispute the

1

factual assertions that Bosire relies on for standing (his continued travel on Kansas highways on trips to Colorado and his anxiety and nervousness over the possibility of being stopped by KHP), only whether these facts provide standing. Accordingly, a transcript of the Bosire trial is unnecessary for the appeal.

Federal Rule of Appellate Procedure 10(b)(3)(C) provides that when an appellee files a designation of additional transcript and the appellant elects not to order that transcript, the appellee "may within the following 14 days either order the parts or move in the district court for an order requiring the appellant to do so." Plaintiffs remain free to order the transcript of the Bosire trial if they wish. They offer no reason why this Court should instead order Colonel Smith to order a transcript that he does not believe is necessary for the appeal. Both Federal Rule of Appellate Procedure 10(b)(3) and the Tenth Circuit's order in this case—which stated that Colonel Smith "may" order the requested transcripts, *see* Ex. A—demonstrate that an appellant is not required to order every transcript requested by an appellee. As Plaintiffs are the only parties who desire a copy of the Bosire transcript, they can order it themselves if they truly believe it is necessary.

## CONCLUSION

Plaintiffs' motion to compel should be denied.

                                      Respectfully submitted,

                                      KRIS W. KOBACH
ATTORNEY GENERAL

*/s/ Stanley R. Parker*
Stanley R. Parker, KS #10971
Assistant Attorney General/Trial Counsel
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597

                Telephone: 785-368-8423
                Fax: 785-291-3767
                Email: stanley.parker@ag.ks.gov
                *Attorney for Defendant Erik Smith*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2024, the above document was filed and served using the Court's CM/ECF system, which sent electronic notice to all counsel of record.

                */s/ Stanley R. Parker*
                Stanley R. Parker