IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BLAINE FRANKLIN SHAW, SAMUEL JAMES SHAW and JOSHUA BOSIRE, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) | No. 19-1343-KHV |
| ERIK SMITH, in his official capacity as the Superintendent of the Kansas Highway Patrol, et al., | ) ) ) ) | |
| Defendants. | ) ) | |
| MARK ERICH, et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) | No. 20-1067-KHV |
| ERIK SMITH, in his official capacity as the Superintendent of the Kansas Highway Patrol, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion To Compel Defendant To Order Trial Transcripts For Appeal (Doc. #601 in No. 19-1343) filed January 19, 2024. For reasons stated below, the Court sustains plaintiffs' motion.

In the Shaw and Bosire trials, a jury returned a verdict in favor of plaintiffs. Subsequently, after a bench trial, the Court granted plaintiffs' request for a permanent injunction. Individual trooper defendants Doug Shulte and Brandon McMillan did not appeal. Erik Smith appeals the factual and legal sufficiency of the evidence in support of the Court's injunction. Smith has ordered all transcripts of the bench trial and the Shaw trial. Plaintiffs have filed a designation of

additional transcripts which includes the transcript of the Bosire trial, but Smith has declined to order it. Plaintiffs now seek to compel Smith to order the full transcript of the Bosire trial.

An appellant must order transcripts of all parts of the proceedings not already on file as he considers necessary but subject to a local rule of the court of appeals. Fed. R. App. P. 10(b)(1)(A). Under the Tenth Circuit's local rules, an appellant must provide all portions of the transcript necessary to give the appellate court a "complete and accurate record of the proceedings related to the issues on appeal." 10th Cir. R. 10.2(A)(1). When an appellant challenges the sufficiency of the evidence, it must provide the "entire relevant trial transcript." 10th Cir. R. 10.2(A)(1)(a).

The parties stipulated that evidence from the Shaw and Bosire trials would be incorporated as part of the record in this case, which includes the bench trial on injunctive relief. Indeed, in determining the need for and the terms of an injunction, the Court relied on evidence from all three trials. Because Smith challenges the sufficiency of the evidence in support of the injunction, the transcripts of all three trials are necessary to give the appellate court a "complete and accurate record of the proceedings related to the issues on appeal." 10th Cir. R. 10.2(A)(1). The Court therefore sustains plaintiffs' request to compel defendant to order the trial transcripts of the Bosire trial.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion To Compel Defendant To Order Trial Transcripts For Appeal (Doc. #601 in No. 19-1343) filed January 19, 2024 is **SUSTAINED**. **Within five days, defendant shall order the complete transcript of the Bosire trial.**

Dated this 7th day of February, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge