IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BLAINE FRANKLIN SHAW, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ERIK SMITH in his official capacity as the Superintendent of the Kansas Highway Patrol, *et al.*, <br><br> *Defendants*. | **Case No. 19-1343-KHV-GEB** |
| MARK ERICH, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> ERIK SMITH, *KHP Superintendent,* <br><br> *Defendant.* | **Case No. 20-1067-KHV-GEB** |

**EXHIBIT A**
**DECLARATION OF SHARON BRETT IN SUPPORT OF PLAINTIFFS' APPLICATION FOR FEES AND COSTS**

I, Sharon I. Brett, declare under penalty of perjury that the following is true and correct:

1. The ACLU of Kansas and Spencer Fane LLP were retained in 2019 to represent Plaintiffs in this matter.

2. The American Civil Liberties Union ("ACLU") is a nationwide, nonprofit, nonpartisan organization with approximately 2,000,000 members and supporters nationwide,

1

dedicated to defending the principles embodied in the Constitution and our nation's civil rights laws. The ACLU of Kansas (ACLU-KS) is the national ACLU's statewide affiliate in Kansas. ACLU-KS, based in Overland Park, KS, has a local presence in the state, with over 30,000 members statewide. Kansas ACLU attorneys have extensive experience practicing in Kansas federal and state courts on a range of constitutional issues, including policing and Fourth Amendment litigation.

3. Spencer Fane LLP is a national law firm with 23 offices and over 450 attorneys. It has offices in downtown Kansas City, MO and in Overland Park, KS. Attorneys with Spencer Fane have extensive experience litigating complex state and federal claims, including class actions, and the firm maintains a robust pro bono practice assisting organizations like the ACLU with civil rights actions in federal court.

### A. Qualifications of Staff Seeking Attorneys' Fees

4. In this section I will describe the qualifications and expertise of staff for the ACLU of Kansas and Spencer Fane LLP for whose time we seek to collect fees.

*ACLU Timekeepers*

5. **Sharon Brett.** I am the Legal Director at the ACLU of Kansas and I have been in this position since January 2021. Prior to becoming the Legal Director, I was a Senior Staff Attorney at the ACLU of Kansas from July 2020 to December 2020. I served as lead counsel throughout this case. I set strategy for the case; coordinated the other attorneys on the team; planned and led discovery; assisted with briefing; prepared and examined our expert witnesses at trial; and led negotiations. My qualifications as of February 26, 2024 are below:

a. I obtained a Bachelor of Arts in Psychology & Criminal Justice with honors from the University of Michigan in 2005. I earned a Juris Doctor degree *cum laude* from the University of Michigan in 2012.

b. From September 2012 to September 2013, I served as a law clerk to the Honorable John M. Facciolo of the United States District Court for the District of Columbia.

c. From 2013 to 2015, I served as a Trial Attorney at the Civil Rights Division of the U.S. Department of Justice, where I specialized in police misconduct cases and civil litigation aimed at reforming unconstitutional policing practices.

d. From 2018 to 2020, I served as a Senior Staff Attorney with the Criminal Justice Policy Program at Harvard Law School.

e. I was admitted to the practice of law in the State of New York in 2013. I was subsequently admitted to the practice of law in the State of Kansas in 2020.

f. I am admitted to practice before the Federal Court of Appeals for the Tenth Circuit and the Federal District Courts of Kansas and Washington, D.C.

g. My recent representative experience includes, but is not limited to, *Coca v. Dodge City* (U.S. District Court, 2022-CV-01274); *Kansas v. Harper* (Kansas District Court – Shawnee County, 2022-CV-000422; *Hammet v. Schwab*, 2022 WL 2900753, 2022 Kan. App. LEXIS 28 (July 22, 2022); *Shaw v. Schulte*, 36 F.4th 1006 (10th Cir. 2022); *Glendening v. Howard* (U.S. District Court-District of Kansas, 2022-CV-4032); *Progeny v. City of Wichita* (U.S. District Court – District of Kansas); *Rivera v. Schwab*, 512 P.3d 168 (Kan. 2022); *Alonzo v. Schwab* (Kansas District Court – Wyandotte County, 2022-CV-000090); *Fish v. Kobach* (U.S. District Court – District of Kansas, 2018-CV-2283); *Perks v. Highland Community*

3

*College* (U.S. District Court - District of Kansas, 2020-cv-02297); *Wilson v. Markle* (Kansas District Court – Montgomery County, 2018-cv-14); *Jones v. Gusman* (U.S. District Court – Eastern District of Louisiana, 2012-cv-859); *United States v. Ferguson, Missouri* (U.S. District Court – Eastern District of Missouri, 2016-cv-180); *United States v. Cleveland* (U.S. District Court-Northern District of Ohio, 2015-cv-1046); *United States v. Town of Colorado City, Ariz.* (U.S. District Court – District of Arizona, 2012-cv-8123); *United States v. Territory of the Virgin Islands* (U.S. District Court – District Court of the Virgin Islands, 1986-cv-265).

6. **Kunyu Ching.** Ms. Ching is a staff attorney at the ACLU of Kansas and has been in this position since 2022. She participated in trial preparation and at trial. Her qualifications as of February 1, 2024, are as follows:

  a. Ms. Ching obtained a Bachelor of Arts in Human Biology from Stanford University in 2008. She earned a Juris Doctor degree from the University of California, Davis in 2013.

  b. From June 2018 to June 2022, Ms. Ching served as a law clerk for the Hon. Edward J. Davila and the Hon. Virginia K. DeMarchi of the U.S. District Court for the Northern District of California.

  c. Ms. Ching was admitted to the practice of law in the State of California in 2013.

  d. She is admitted to practice before courts in California and Kansas and the Tenth Circuit.

  e. Her recent representative practice includes *Coca v. Dodge City* (U.S. District Court, 2022-CV-01274; *Glendening v. Howard* (U.S. District Court-District of Kansas, 22-cv-4032); *Progeny v. City of Wichita* (U.S. District Court – District of Kansas); *Realtime Data LLC d/b/a IXO v. Silver Peak Systems, Inc.*, (U.S. District Court – Northern District of

California, No. 4:17-cv-02373-PJH / U.S. District Court – Eastern District of Texas, No. 6:-17-cv-00071); *Juicero, Inc. v. iTaste Co. et al.* (U.S. District Court – Northern District of California, No. 5:17-cv-01921-BLF); *Consolidated Transaction Processing, LLC v. Jet.com, Inc.*, (U.S. District Court – District of Nevada, No. 2:16-cv-01752-RFB-PAL); *United States v. Alfonso Torres* (U.S. District Court – Northern District of California, No. 5:16-cr-00353-EJD-2); *San Francisco Herring Association v. Dep't of the Interior* (9th Cir., No. 15-16214); *Standard Innovation Corp. v. LELOi AB et al.* (U.S. District Court – Northern District of California, No. 5:15-cv-04858-BLF / U.S. District Court – Southern District of Texas, No. 4:11-cv-04172); *McNeely v. U.S. Dep't of Labor* (9th Cir., No. 14-16381); *King.com Limited v. 6 Waves LLC* (U.S. District Court – Northern District of California, No. 3:13-cv-03977-MMC); *IPVX Patent Holdings, Inc. v. Voxernet LLC* (U.S. District Court – Northern District of California, No. 5:13-cv-01708-HRL); *Pineida v. Lee et al.* (U.S. District Court – Northern District of California, No. 3:12-cv-001171-JST); *Riverbed Technology Inc. v. v. Silver Peak Sys., Inc.* (U.S. District Court – District of Delaware, No. 1:11-cv-00484-RGA-CJB / Fed. Cir., No. 15-1021); *TecSec Inc. v. Adobe Sys., Inc.* (U.S. District Court – Eastern District of Virginia, No. 1:10-cv-00115-LO).

7.      **Brian Hauss.** Mr. Hauss is a senior staff attorney at the ACLU national offices and has been in this position since April 2021. Mr. Hauss joined this case in August 2022 and assisted with the case through trial and post-trial briefing. He has been with the ACLU since September 2012 and has previously served as a staff attorney and the William J. Brennan First Amendment Fellow. His qualifications as of February 1, 2024, are as follows:

a. Mr. Hauss obtained a Bachelor of Arts in Ethics, Politics, and Economics from Yale University in 2008. He subsequently earned a Juris Doctor from Harvard Law School in 2011.

b. From June 2011 to June 2012, Mr. Hauss served as a law clerk to the Hon. Marsha Berzon of the United States Court of Appeals for the Ninth Circuit.

c. Mr. Hauss was admitted to the practice of law in the State of California in 2012.

d. He is currently inactive in California but admitted to practice in New York, where he has been admitted since 2016. He is also admitted to the US. District Courts for the Northern District of California, Eastern District of Michigan, District of North Dakota, Southern District of New York, and Northern District of Texas.

e. He is admitted to practice before the U.S. Court of Appeals for the First, Second, Third, Fourth, Fifth, Eighth, Ninth, Tenth, and Eleventh Circuits, and the U.S. Supreme Court.

f. His representative experience includes: *Rodriguez-Cotto v. Pierluisi-Urrutia*, --- F. Supp. 3d ----, 2023 WL 2726995 (D.P.R. Mar. 31, 2023); *Picard v. Magliano*, 42 F.4th 89 (2d Cir. 2022); *People for the Ethical Treatment of Animals v. Shore Transit*, 580 F. Supp. 3d 183 (D. Md. 2022); *Zeh v. ACLU*, 864 S.E.2d 422 (Ga. 2021); *Center for Investigative Reporting v. Southeastern Pa. Transp. Auth.*, 975 F.3d 300 (3d Cir. 2020); *Cohen v. Barr*, 20 Civ. 5614 (AKH), 2020 WL 4250342 (S.D.N.Y. 2020); *Northeastern Pa. Freethought Soc'y v. County of Lackawanna Transit Sys.*, 938 F.3d 424 (3d Cir. 2019); *Turtle Island Foods SPC v. Soman*, 424 F. Supp. 3d 552 (E.D. Ark. 2019); *Jordahl v. Brnovich*, 336 F. Supp. 3d 1016 (D. Ariz. 2018), *vac'd as moot*, 789 F. App'x 589 (9th Cir. 2020); *Koontz v. Watson*, 283 F. Supp. 3d 1007 (D. Kan. 2018). He also served as counsel of record for the

ACLU and other *amici curiae* in *Counterman v. Colorado*, 143 S. Ct. 2106 (2023), and *Americans for Prosperity Foundation v. Bonta*, 141 S. Ct. 2373 (2021).

8. **Joshua Pierson.** Mr. Pierson was a senior staff attorney at the ACLU of Kansas from May 2021 to August 2022. He assisted with the summary judgment briefing on the damages claims, discovery, and Defendants Schulte and McMillan's Tenth Circuit appeals, among other things. His qualifications as of February 1, 2024, are as follows:

   a. Mr. Pierson obtained a Bachelor of Music Performance from Lynn University in 2009. He subsequently earned a Juris Doctor from Washington University School of Law in May 2012.

   b. From 2013 to 2021, Mr. Pierson was an associate and then Partner at Silverstein Wolf LLC, a plaintiff-side employment law firm in St. Louis, MO, where he litigated numerous employment discrimination claims and obtained monetary damages awards on behalf of his clients.

   c. Mr. Pierson was admitted to the practice of law in the State of Missouri in 2012 and admitted to practice in Kansas in 2021.

   d. His representative experience includes dozens of cases before state and federal trial courts in Missouri and Kansas; the Missouri and Illinois Supreme Courts; and state and federal courts of appeals.

9. **Kayla DeLoach.** Ms. DeLoach was a staff attorney at the ACLU of Kansas from September 2021 to December 2022. She assisted with discovery in this matter. Her qualifications as of February 1, 2024, are as follows:

a. Ms. DeLoach obtained a Bachelor of Arts in Finance from the University of Central Florida in 2015. She earned a Juris Doctor from the University of Iowa in 2018.

b. Prior to joining the ACLU of Kansas, Ms. DeLoach served as an associate at the Kutak Rock firm in Omaha, Nebraska and then as a Legal Fellow at the ACLU of Missouri.

c. Ms. DeLoach was admitted to the practice of law in the State of Florida in 2018. She was later admitted to the practice of law in Nebraska, Missouri, and Kansas.

10. **Zal Schroff.** Mr. Shroff is the Interim Legal Director at the Lawyers' Committee for Civil Rights of the San Francisco Bay Area. He has extensive civil rights litigation experience, including working as a Staff Attorney at the ACLU of Kansas, his position during his role in this litigation. Mr. Schroff left the ACLU of Kansas in July 2020. He helped initiate this lawsuit and assisted with drafting the amended complaint and opposing Defendants' early motions to dismiss, among other things. His qualifications as of February 1, 2024, are as follows:

a. Mr. Shroff obtained a bachelors degree in Latin from the Brown University in 2014. He earned a Juris Doctor from Columbia Law School in 2017.

b. Mr. Shroff has previously served a senior staff attorney at the Lawyers' Committee for Civil Rights of the San Francisco Bay Area, as a clinical lecturer at Yale Law School, and as a fellow at the Vera Institute of Justice.

c. Mr. Schroff was admitted to the practice of law in the State of New York in 2017. He is also admitted to practice in Connecticut and California (legal-aid license). He was previously admitted to practice in the state of Kansas.

d. He is admitted to practice before the Ninth and Tenth Circuit Court of Appeals and the United States District Court for the District of Connecticut and the District of Kansas.

11.     **Lauren Bonds.** Ms. Bonds is the Executive Director of the National Police Accountability Project. Prior to becoming the Executive Director of NPAP, Ms. Bonds served as the legal director at the ACLU of Kansas until December 2020. Ms. Bonds assisted with the initiation of this lawsuit, including drafting the amended complaint and opposing Defendants' early motions to dismiss. She also assisted with the beginning of discovery and served as lead counsel until her departure from the ACLU. Her qualifications as of February 1, 2024 are as follows:

a. Ms. Bonds obtained a Bachelor of Arts in Political Science from the University of Kansas in 2010. She earned a Juris Doctor degree from Duke University in 2013.

b. From 2014 to 2017, she served as Assistant General Counsel at the Service Employees International Union. She has also represented low-income workers in employment and civil rights litigation, including voting rights cases in Alabama and North Carolina

c. Ms. Bonds was admitted to the practice of law in the State of Texas in 2014.

d. She is admitted to practice before the Kansas Supreme Court, The District of Kansas, the Tenth Circuit Court of Appeals, the Third Circuit Court of Appeals, and the Fifth Circuit Court of Appeals.

e. Her recent representative experience includes, but is not limited to, *Desir v. Broward Co.*, (U.S. District Court-Southern District of Florida, Case No. 23-cv-60499); *Harris v. Dobbins* (U.S. District Court-Southern District of Mississippi, Case No. 3:22-cv-00479); *Shaw v. Jones* (U.S. District Court – District of Kansas, Case No. 6:19-cv-01343); *Harper v. Anderson* (U.S. District Court-District of Kansas, Case No. 5:18-cv-04008); *Crews v. Hawk-Sawyer* (U.S. District Court-District of Kansas, Case No. 2:19-cv-02541); *LULAC v. Cox* (U.S. District-Court-District of Kansas, Case No. 2:18-cv-02572); *Fish v. Kobach*

(U.S. District Court – District of Kansas, Case No. 16-2105); *Perks v. Highland Community College* (U.S. District Court - District of Kansas, Case No. 2020-cv-02297).

*Spencer Fane LLP Timekeepers*

12.     **Leslie Greathouse.** Ms. Greathouse is a partner at Spencer Fane LLP. She is also General Counsel for Spencer Fane LLP. She has worked on this case since its inception and contributed to all facets of discovery, briefing, and trial. Her qualifications as of February 1, 2024 are as follows:

a. Ms. Greathouse obtained a Bachelor of Arts in Political Science from the University of Nebraska-Lincoln in 1997. She earned a Juris Doctor degree from the University of San Diego School of Law in 1991.

b. Ms. Greathouse was admitted to practice law in the State of California in 1991 and subsequently admitted to practice law in the States of Kansas and Missouri in 1998 and 1997, respectively.

c. She has extensive litigation experience and has been recognized by *Missouri & Kansas Super Lawyers* several times received the Missouri Lawyers Media's Women's Justice Corporate Award in 2020 and in 2023 received their Influential Lawyer Award.

d. She is admitted to practice before the following federal courts: the District of Kansas, the Western District of Missouri, the Central District of California, the Eastern District of California, the Northern District of California, and the Southern District of California; the Eighth, Ninth, and Tenth Circuit Court of Appeals; and the United States Supreme Court

e. Her recent representative experience includes, but is not limited to, more than 15 years focusing on class action law. She was coordinating class action counsel for a series of

clients in more than 40 class action lawsuits, in at least 11 states. She has handled another 14 class actions in two additional states.

13.  **Patrick McInerney.** Mr. McInerney is a partner at Spencer Fane LLP in the White Collar and Government Investigations practice. He has been involved in this case since shortly after its inception and has participated in all aspects of discovery, briefing, and trial. His qualifications as of February 1, 2024 are as follows:

   a. Mr. McInerney obtained a Bachelor of Science in Political Science from the University of Missouri – Kansas City in 1987. He earned a Juris Doctor from the University of Missouri – Kansas City in 1990.

   b. He was admitted to the practice of law in Missouri in 1990 and Kansas in 2002.

   c. Mr. McInerney has over three decades of experience as a trial lawyer.

   d. Prior to joining Spencer Fane LLP, Mr. McInenery served as a state prosecutor in Jackson County, MO as well as a federal prosecutor with the United States Attorney's Officer for the Western District of Missouri.

   e. Mr. McInenery has been acknowledged for numerous awards and distinctions including by Best Lawyers in America, Missouri Lawyers Media, Missouri and Kansas Super Lawyers, Kansas City Business Journal, Ingram's magazine, and Kansas City Bar Foundation.

   f. He is admitted to practice before the following federal courts: the District of Kansas, the Western District of Missouri, the Court of Appeals for the Eighth Circuit, Court of Appeals for the Tenth Circuit, and the United States Supreme Court.

14.  **Olawale O. Akinmoladun.** Mr. Olawale O. Akinmoladun is a litigation attorney at Spencer Fane LLP. He joined this case in August 2022 and assisted with summary judgment

11

briefing, trial preparation, and the bench trial. His qualifications as of February 1, 2024 are as follows:

    a. Mr. Akinmoladun earned a Bachelor of Arts in Political Science from the University of Missouri in 2005. He obtained a Juris Doctor from the University of Missouri – Kansas City in 2010.

    b. Mr. Akinmoladun has been awarded distinctions by Best Lawyers in America, Missouri Lawyers Media, and Missouri and Kansas Super Lawyers.

    c. He was admitted to the practice of law in the State of Missouri in 2011. He is also admitted to practice law in the State of Kansas.

    d. Mr. Akinmoladun is admitted to practice before the United States District Courts for the District of Kansas, the District of Western Missouri, and the District of Colorado.

    15. **Madison Perry.** Ms. Perry is an attorney at Spencer Fane LLP. She is a member of the Litigation and Dispute Resolution, Education Law, and Labor and Employment practice groups. Ms. Perry joined this case shortly after its inception and has served as the lead associate on the case, handling all aspects of discovery, briefing, and trial. Her qualifications as of February 1, 2024 are as follows:

    a. Ms. Perry earned a Bachelor of Arts in English and Social Science from Fontbonne University in 2012. She obtained a Juris Doctor from the University of Missouri in 2015.

    b. Ms. Perry was admitted to practice law in the State of Missouri in 2015 and in the State of Kansas in 2016.

    c. She is admitted to practice before the following federal courts: the District of Kansas, the Western District of Missouri, and the District of Nebraska.

    d. Before rejoining Spencer Fane in 2018, she served as a judicial law clerk in the United States District Court for the Western District of Missouri.

    e. Ms. Perry has been recognized by *Best Lawyers in America* under their "Ones to Watch" distinction.

16. **Daniel M. Nelson.** Mr. Nelson is an attorney at Spencer Fane LLP and a member of the Litigation and Dispute Resolution, Labor and Employment, and White Collar Defense and Investigations practice groups. Mr. Nelson joined Spencer Fane after 12 years as an Assistant United States Attorney and five years as the Deputy Prosecuting Attorney in Jackson County, Missouri. His contribution to this case was critical in that he developed and prepared the plaintiffs for their direct and cross examinations at the trials of these cases. His qualifications as of February 1, 2024 are as follows:

    f. Mr. Nelson earned a Bachelor of Journalism *magna cum laude* from the University of Missouri in 1999. He earned a Juris Doctor from the University of Virginia School of Law in 2002.

    g. Mr. Nelson was admitted to practice law in the State of Missouri in 2002.

    h. He is admitted to practice before the Western District of Missouri and the District of Columbia Court of Appeals.

    i. During his time in the U.S. Attorney's Office and the Prosecuting Attorney's Office, he tried numerous cases to verdict, including complex white collar fraud, tax, money laundering and health care cases. He was the Executive U.S. Attorney from 2008 to 2010, supervising all litigation in the office.

j. Mr. Nelson has been recognized by *Best Lawyers in America* and the Missouri Bar Foundation for his preeminence in litigation.

17. Andy Lester. Andy Lester is a partner at Spencer Fane and a member of the firm's Litigation and Dispute Resolution, Higher Education, White Collar Defense and Investigations, Governmental Affairs and Appellate Committee practice groups. Mr. Lester is a former United States Magistrate for the Western District of Oklahoma, and an adjunct professor at Oklahoma City University School of Law. He is a past president, past board chairman, and current board member of the Tenth Circuit Historical Society. Mr. Lester's contributions to this case in late 2021 and early 2022 were directly related to the interlocutory appeal to the Tenth Circuit Court of Appeals in this case. He edited the briefing in the appeal and, having argued before the Tenth Circuit on numerous occasions, was critical to the preparation for and strategy involved in the oral arguments. His qualifications as of February 1, 2024 are as follows:

k. Mr. Lester earned a Bachelor of Arts *magna cum laude* from Duke University in 1977. He earned a Juris Doctor and a Masters in Foreign Service from Georgetown University in 1981.

l. Mr. Lester is admitted to practice law in Oklahoma, Texas and Colorado.

m. Mr. Lester is admitted to practice before the following courts: The United States Supreme Court, the Court of Appeals for the First, Fifth, Tenth, District of Columbia and Federal Circuits, and the U.S. District Courts for the Northern, Eastern and Western Districts of Oklahoma, the District of Colorado and the Eastern District of Texas.

n. Mr. Lester has litigated numerous cases to verdict and has several times been tapped by the Oklahoma Legislature as counsel regarding ethics and impeachment proceedings.

14

o. Mr. Lester has been widely recognized for his distinguished legal work and his significant contributions to the profession, including by *Best Lawyers in America*, Oklahoma Super Lawyers, the Oklahoma State Regents for Higher Education, and the Oklahoma Advisory Committee for the U.S. Commission on Civil Rights.

18. Four paralegals also worked on this case: Esmie Tseng, Noam Shemtov, Alyssa Seacat, and Ron Griffin. Esmie Tseng and Noam Shemtov each had between 1-3 years of paralegal experience while working on this case. Ms. Tseng earned a bachelor's degree in Journalism and Mass Communications from the University of Missouri-Kansas City in 2017, and she completed the Paralegal Studies program at Johnson County Community College in 2022. Prior to joining the ACLU, Noam Shemtov worked as a civil advocate at a public defender's office in New York City. He earned a bachelor's degree from Stanford University in 2019. Alyssa Seacat, a paralegal with Spencer Fane, had over 10 years of experience while working on this case. Ron Griffin, also with Spencer Fane, had over 24 years of experience while working on this case, including on over 3,000 cases, with a specialty in litigation matters that are typically resolved in trial. Mr. Griffin also had seven years of experience providing trial support as an eDiscovery consultant and trial technician.

**B. Hours**

19. The hours charged by ACLU-KS, ACLU, and Spencer Fane timekeepers are reasonable for successfully prosecuting this matter, given the extensive litigation required and the complex subject matter of this case.

20. The number of attorneys' hours spent on this case was minimized because of the assistance of ACLU and Spencer Fane support staff, including paralegals and law clerks. Plaintiffs seek reimbursement for time spent on this case by paralegals Esmie Tseng, Noam Shemtov, Alyssa

Seacat, and Ron Griffin, as outlined in their Memorandum in Support of their Motion for Attorneys' Fees and Costs.

21. Attorney and Paralegal time records were kept contemporaneously with the work performed. The amount of time claimed for this litigation is reflected in detailed time records for each timekeeper and organization. Spreadsheets with time records for the ACLU-KS, ACLU, and Spencer Fane are attached as Exhibits B through H to the Memorandum in Support of Plaintiffs' Motion for Attorneys' Fees and Costs.

22. Plaintiffs exercised substantial billing judgment in compiling these records. For example, four timekeepers (two attorneys, a legal intern and a support staffer) were removed by Spencer Fane, including one attorney who billed significant hours in the weeks leading up to and during the trials. Similarly, I removed an ACLU of Kansas intern who provided substantial legal research and drafting assistance at various points in this case. I also excluded travel time for attorneys from all time calculations. In managing the case, I and the partners at Spencer Fane also worked to ensure that as much work as possible was done by attorneys at lower billing rates, instead of more experienced attorneys with higher billing rates.

23. Finally, any time spent on portions of the case that were unmeritorious, including Plaintiffs' right to travel claim, was already removed from the billing records.

### C. Rates

24. Each attorney and paralegal seeks fees at rates that are well within the range for attorneys of comparable skill and experience in the Kansas City area market. In the case of the ACLU attorneys in particular, their rates are far below what they could obtain in private litigation in this region given their level of experience and expertise.

25. Several timekeepers from Spencer Fane LLP, including Leslie Greathouse, Patrick McInerney, Madison Perry, Olawale Akinmoladun, Alyssa Seacat, and Ron Griffin seek a requested rate that is 15% below their normal billable rates. For example, in 2023—the year these cases went to trial—these timekeepers generally charged $720, $740, $480, $530, $200, and $300 respectively. Yet they seek requested rates of $612, $630, $408, $450, $170, and $255 respectively. That amounts to a total difference of $445 per hour in billing rates across these timekeepers.

26. As set forth in Plaintiffs' Memorandum in Support, the rates that ACLU of Kansas, ACLU National, and Spencer Fane LLP timekeepers request are consistent with other orders in the District of Kansas and are within the customary rates for the Kansas City area.

### D. Total Fees

27. Plaintiffs seek a total of **$2,647,782.80** in attorneys' fees. As set forth in their Memorandum in Support of their Motion for Fees, this amount reflects the lodestar and is calculated by multiplying each attorney and paralegal's hourly rate by their total hours worked.

### E. Costs

28. Plaintiffs also seek costs associated with their litigation of this case. Details regarding these costs and the justification thereof are included in Plaintiffs' Memorandum in Support of their Motion for Attorneys' Fees and Costs. Plaintiffs seek a total of **$363,148.28** in non-taxable costs.

29. These expenses were reasonably incurred in the course of providing effective representation to the Plaintiffs, and Plaintiffs' counsel made appropriate efforts throughout the litigation to reduce unnecessary expenses.

30. In segregating and apportioning fees and costs in these cases, counsel was also confronted with the fact that, until January 2023, the jury-tried cases and the bench-tried case were to be the same proceeding. As the Court recalls, on January 3, 2023, the two damages cases were ordered to be tried separately to two juries, and the injunctive relief case was ordered to be tried to the Court, creating three trials where counsel had previously anticipated one. *See* Minute Entry, Doc. # 355; Order, Doc. # 378. As such, to that point, the fees and costs were attributable to the case at large and not segregated by plaintiff or by claim.[1] In approaching this submission, Spencer Fane LLP took the costs and fees amassed prior to January 3, 2023, and split the work by thirds, attributing two thirds of the total to the jury trials and one third to the bench trial. Likewise, those costs incurred that could be specifically tied to one case or the other (e.g., the deposition costs for Defendant Jones) were assigned accordingly, while those that applied across all three cases (e.g., dashcam video transcripts) were split according to the same formula.

31. Plaintiffs' nontaxable costs are broken out by organization and noted in detail in Exhibits I through N to Plaintiffs' Memorandum in Support of their Motion for Attorneys' Fees and Costs.

32. Plaintiffs separately filed a Bill of Taxable Costs and accompanying Memorandum, Docs. # 609, 610, to which Defendants will file a response.

### F. Compliance with Local Rule 54.2.

33. In compliance with D. Kan. Rule 54.2(a), upon filing a motion for attorneys' fees in this case, Plaintiffs promptly initiated consultation with Defendants regarding the fee award in this case.

34. Plaintiffs sought several extensions for the submission of their Memorandum in Support of their Motion for Attorneys' Fees and Costs to engage in the meet and confer process contemplated by Local Rule 54.2.

35. Plaintiffs met with Defendants on February 13, 2024, for their meet and confer session, and again on February 20, 2024. The parties discussed a small number of overarching concerns raised by Defendants. However, counsel for Defendants had not yet gone through all of Plaintiffs' timesheets and did not have details to discuss. Counsel for Defendants promised to do so by the end of the week and send a follow up email with more detailed concerns. Despite follow up from Plaintiffs' counsel, Defense counsel never sent any additional feedback, and did not send any itemized or detailed issues for Plaintiffs' consideration.

36. Accompanying the filing of this memorandum, Plaintiffs have submitted the Statement of Consultation as required under D. Kan. Rule 54.2(d), which details the "date of the consultation, the names of those who participated, and the specific results achieved." *Id.*

I swear under penalty of perjury that the above is true and correct.

Date: March 3, 2024

*Sharon Brett*

---

Sharon Brett