IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BLAINE FRANKLIN SHAW, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-CV-1343-KHV |
| | ) | |
| HERMAN JONES, in his official capacity as the | ) | |
| Superintendent of the Kansas Highway Patrol, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| MARK ERICH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 20-CV-1067-KHV |
| | ) | |
| HERMAN JONES, in his official capacity as the | ) | |
| Superintendent of the Kansas Highway Patrol, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' AMENDED MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS**

COMES NOW the Defendant, and submits the following response to Plaintiffs Amended Motion for Attorney's Fees and Non-taxable Costs and Memorandum in Support. (Case No. 19-1343, Docs. 622, 623; Case No. 20-1067, Docs. 157, 158).

**FACTS**

Plaintiffs seek to recover fees for thirteen attorneys and four paralegals. At least five attorneys worked on these cases from the beginning and were responsible for the day-to-day management of them. (Doc. 623 at 14, 18). Although over a dozen attorneys appeared for the

1

plaintiffs, these cases were defended by one attorney. Shortly after the last trial, that attorney retired and the undersigned entered his appearance as substitute defense counsel.

## ARGUMENTS AND AUTHORITIES

"Plaintiff is only entitled to fees for hours "reasonably expended" by his attorneys. The burden is on Plaintiff to show that the claimed number of hours is reasonable." (citations omitted) *Brooksbank v. Koch*, 2019 WL 7407401, at *4 (W.D. Ky. Apr. 15, 2019). "To evaluate the number of hours reasonably expended on the litigation, the district court considers whether the attorney's hours were necessary under the circumstances." (citation and internal quotation marks omitted) *Valdez v. Macdonald*, 66 F.4th 796, 836 (10th Cir. 2023).

> "Hours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable. After examining the specific tasks and whether they are properly chargeable, the district court should look at the hours expended on each task to determine if they are reasonable. In determining what is a reasonable time in which to perform a given task or to prosecute the litigation as a whole, the court should consider that what is reasonable in a particular case can depend upon facts such as the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side. Another factor the court should examine in determining the reasonableness of hours expended is the potential duplication of services. For example, if three attorneys are present at a hearing when one would suffice, compensation should be denied for the excess time. The court can look to how many lawyers the other side utilized in similar situations as an indication of the effort required." (citations and internal quotation marks omitted)

*Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998)

Plaintiffs have not established that the number of hours expended by thirteen attorneys and four paralegals was reasonable. The billing records submitted contain numerous examples of an excessive number of attorneys working on these cases at the same time. For example, during the first three days of the bench trial, May 1-3, 2023, plaintiff's counsel billed for seven attorneys and one paralegal. On May 4 and 12 counsel billed for six attorneys and one

paralegal; five attorneys and one paralegal on May 10; and four attorneys plus one paralegal on May 26.

To determine the number of attorneys reasonably necessary, the court may consider the number of attorneys utilized by the other side. *Case,* 157 F.3d at 1250. Here, all three trials were defended by one attorney.

These are but three examples. The billing records submitted contain numerous instances of multiple attorneys working on these cases on the same day. Plaintiffs memorandum in support of their motion admits that at least five attorneys were involved in the day-to-day management of these cases. Plaintiff's counsel overstaffed and overworked these cases from the beginning and should not be allowed charge defendant for that excess time.

> "The unnecessary use of multiple attorneys justifies a reduction in the fee award to reflect the duplication. In addition, the fees due prevailing plaintiffs may be reduced for duplicative time, excessive review time, nonproductive travel time, time spent on issues on which plaintiff does not prevail and clerical time." (citations omitted)

<u>Sheila A. by Balloun v. Whiteman</u>, 259 Kan. 549, 568, 913 P.2d 181, 195 (1996)

To correct for excessive hours not reasonably expended on the litigation, a district court may make a simple across-the-board reduction by a certain percentage. *Brooksbank*, 2019 WL 7407401, at 5. Defendant submits that a reduction of at least 50% is necessary in this case.

## CONCLUSION

Plaintiffs seek to recover fees for thirteen attorneys and four paralegals. No more than two attorneys and one a paralegal were needed to prosecute these cases, as demonstrated by the fact that there was only one defense counsel throughout this litigation. The billing records submitted are replete with entries showing multiple attorneys billing on the same day. Plaintiffs fee request is excessive, and should be reduced by at least 50%.

WHEREFORE, for the above and foregoing reasons, Defendant respectfully requests that Plaintiffs Amended Motion for Attorney's Fees and Non-taxable Costs be denied in part, that Plaintiffs be awarded no more than 50% of the amount requested, and for such other relief as the Court deems just and equitable.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS KOBACH

*/s/ Stanley R. Parker*
Stanley R. Parker, KS #10971
Assistant Attorney General/Trial Counsel
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas, 66612-1597
Phone: (785) 368-8423
Fax:    (785) 291-3767
Email:  stanley.parker@ag.ks.gov
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of March 2024, the above and foregoing was filed and served using the Court's CM/ECF system, which sent electronic notice to all counsel of record.

*/s/ Stanley R. Parker*
Stanley R. Parker

4